UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Career Counseling, Inc. d/b/a Snelling Staffing Services, a South Carolina corporation, individually and as the representative of a class of similarly situated persons, ) ) ) ) ) ) ) Plaintiffs, ) v. ) ) Amerifactors Financial Group, LLC, Gulf ) Coast Bank and Trust Company and John ) Does 1–5, ) ) Defendants. ) ) | Civil Action No. 3:16-cv-03013-JMC<br><br><br><br><br><br><br>**ORDER AND OPINION** |

Plaintiff Career Counseling, Inc. d/b/a Snelling Staffing Services ("Career Counseling" or "Plaintiff"), on behalf of itself and all others similarly situated, filed the instant putative class action seeking damages and injunctive relief from Defendants Amerifactors Financial Group, LLC ("AFGL"), Gulf Coast Bank and Trust Company and John Does 1–5 (collectively "Defendants") for alleged violations of the Telephone Consumer Protection Act ("TCPA") of 1991, as amended by the Junk Fax Prevention Act of 2005 ("JFPA"), 47 U.S.C. § 227, and the regulations promulgated under the TCPA by the United States Federal Communications Commission ("FCC"). (ECF No. 1.)

This matter is before the court on AFGL's Motion to Dismiss pursuant to Rules[1] 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 29). Career Counseling opposes AFGL's Motion to Dismiss asserting that it "should be denied in its entirety." (ECF No. 43 at 1.) For the reasons set forth below, the court **GRANTS** AFGL's Motion to Dismiss pursuant to

---

[1] The court observes that from this point forward, "Rule" refers to the Federal Rules of Civil Procedure.

1

Rule 12(b)(1) and **DENIES AS MOOT** AFGL's Motion to Dismiss pursuant to Rule 12(b)(6).

## I. RELEVANT BACKGROUND TO PENDING MOTION

Career Counsel alleges that "[o]n information and belief, on or about June 28, 2016, Defendants[2] transmitted by telephone facsimile machine an unsolicited facsimile to Plaintiff" that stated in relevant part as follows:

# AMERIFACTORS
--FUNDING BUSINESS IS OUR BUSINESS--

Phone: (407)566-1150
Fax: (407)566-1250
fsudovsky@amerifactors.com

## Fax Cover
**To**: Gina McCuen              **From**: Frank Sudovsky

**Fax**: 8033593008              **Date**: 6/28/16

**Re**: Financing for SNELLING STAFFING SVC

AmeriFactors is ready to help your company with your financing needs. We have been in business since 1990, and have funded over $5 Billion to U.S. businesses of all sizes.

Our application process is fast and easy, with 98% of all applicants approved. Bankruptcy and bad credit are okay. The services we offer are **not a loan** and there is **nothing to pay back**.

If you would like to learn more, call me at the number below, or fill out the form and fax it back to me at 407-557-3611.

Sincerely,

Frank Sudovsky
Senior Vice President of Business Development
407.566.1150
fsudovsky@amerifactors.com

(ECF No. 1-1 at 2.) Career Counseling further alleges that "Defendants faxed the same and other unsolicited facsimiles" to "more than 25 other recipients." (ECF No. 1 at 4 ¶ 16.)

On September 2, 2016, Career Counseling filed the instant putative class action in this

---

[2] The court observes that Gulf Coast Bank and Trust Company, which was originally named in the Complaint and referenced in AFGL's Motion to Dismiss, has since been voluntarily dismissed from the case. (See ECF No. 40.)

court alleging violation of the TCPA.  (ECF No. 1 at 8 ¶ 27–13 ¶ 36.)  On October 28, 2016, AFGL filed the pending Motion to Dismiss.  (ECF No. 29.)  After the parties responded and replied to the Motion to Dismiss (ECF Nos. 43 & 47), the court heard argument from the parties at a motion hearing on July 19, 2017.  (ECF No. 53.)

## II.     JURISDICTION

This court has jurisdiction over Career Counseling's claim alleging violation of the TCPA via 28 U.S.C. § 1331, as it arises under the laws of the United States, and also via 47 U.S.C. § 227(b)(3), which empowers actions "in an appropriate court of th[e] State . . . ."  Id.

## III.    LEGAL STANDARD

A.    Motions to Dismiss Pursuant to Rule 12(b)(1) for Lack of Standing

Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of "cases" and "controversies."  U.S. Const. art. III, § 2.  "Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction."  Pinkley, Inc. v. City of Fredrick, Md., 191 F.3d 394, 399 (4th Cir. 1999).  A Rule 12(b)(1) motion for lack of subject matter jurisdiction raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it.  Fed. R. Civ. P. 12(b)(1).  In determining whether jurisdiction exists, the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)).  "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  Id. (citation omitted).  The plaintiff bears the burden of proof on questions of subject matter jurisdiction.  See

3

Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

Standing implicates the court's subject matter jurisdiction and is governed by Rule 12(b)(1). Crumbling v. Miyabi Murrells Inlet, LLC, C/A No. 2:15-cv-4902-PMD, 2016 WL 3351351, at *1 (D.S.C. June 16, 2016). "It is well established that standing is a threshold jurisdictional issue that must be determined first because '[w]ithout jurisdiction the court cannot proceed at all in any cause.'" Covenant Media of N.C., LLC v. City of Monroe, N.C., 285 F. App'x 30, 34 (4th Cir. 2008) (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)). "To possess the constitutional component of standing, a party must meet three requirements: (1) [the party] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." McBurney v. Cuccinelli, 616 F.3d 393, 410 (4th Cir. 2010) (citing, e.g., Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180–81 (2000)).

A case must be brought by a party with a "personal stake" in the litigation. See U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980); United States v. Hardy, 545 F.3d 280, 283 (4th Cir. 2008). "When the case is a class action lawsuit, the named class representatives 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong.'" Pasby v. Delia, 709 F.3d 307, 316 (4th Cir. 2013) (quoting Blum v. Yaretsky, 457 U.S. 991, 1001 n.13 (1982)). "[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." O'Shea v. Littleton, 414 U.S. 488, 494 (1974) (citation omitted).

B.     Motions to Dismiss Pursuant to Rule 12(b)(6) for Failure to State a Claim

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). "In considering a 12(b)(6) challenge to the sufficiency of a complaint, this Rule must be applied in conjunction with the liberal pleading standard set forth in Federal Rule of Civil Procedure 8(a)." Jenkins v. Fed. Bureau of Prisons, C/A No. 3:10-1968-CMC-JRM, 2011 WL 4482074, at *2 (D.S.C. Sept. 26, 2011). Rule 8(a) provides that to be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134. "In so doing, a court may consider documents attached to the complaint or the motion to dismiss 'so long as they are integral to the complaint and authentic.'" Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md., 684 F.3d 462, 467 (4th Cir. 2012) (quoting Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## IV. ANALYSIS

A. The Parties' Arguments

*1. AFGL*

AFGL moves the court to dismiss the Complaint pursuant to either Rule 12(b)(1) or 12(b)(6). (ECF No. 29 at 1.) First, AFGL argues that the Complaint should be dismissed pursuant to Rule 12(b)(1) for lack of standing because Career Counseling "has not alleged that it suffered a concrete injury sufficient to confer standing to pursue a TCPA claim." (ECF No. 29-1 at 5.) In this regard, AFGL argues that Career Counseling's "generic laundry list of supposed unsolicited fax related injuries is [] insufficient here because Plaintiff [Career Counseling] has failed to allege facts to support a specific and cognizable injury-in-fact it suffered from the single unsolicited fax it allegedly received." (Id. at 6 (referencing ECF No. 1 at 13 ¶ 36).) AFGL further argues that Career Counseling is alleging either merely "generalized allegations of injury," or, at the very least, that the injury is de minimis because "[t]he paper and toner losses Plaintiff alleges to have incurred from having been sent a single facsimile cannot confer standing to pursue a TCPA claim." (Id.)

In support of its arguments for lack of standing, AFGL relies Spokeo, Inc. v. Robins, 578 U.S. --, 136 S. Ct. 1540 (2016). AFGL asserts that Spokeo stands for the proposition that "merely alleging the violation of a statute providing for minimum statutory damages is insufficient to establish the injury-in-fact requirement under Article III to the U.S. Constitution." (ECF No. 29-1 at 2 (citing Spokeo, 136 S. Ct. at 1547–48).)

AFGL also moves the court to dismiss the Complaint pursuant to Rule 12(b)(6) because Career Counseling failed to allege sufficient facts "to establish a plausible TCPA violation." (Id. at 1.) Specifically, AFGL asserts that Career Counseling failed to allege "(1) how Defendants sent it the fax (telephone facsimile machine, computer, other device); (2) how it received the fax (telephone facsimile machine, computer, other device); or (3) whether it had an established business relationship with Defendants." (ECF No. 29-1 at 10 (citing ECF No. 1 at 4 ¶¶ 13–18).) Based on the foregoing, AFGL argues that Career Counseling "has done precisely what Rule 8(a)(2) and the Supreme Court forbid—it merely recites the elements of a TCPA cause of action with the addition of a few conclusory statements 'on information and belief'. That is not enough." (ECF No. 29-1 at 9 (citing, e.g., Owens v. Balt. City State's Attorneys Office, 767 F.3d 379, 403 (4th Cir. 2014)).) AFGL further argues that the "threadbare, factual allegations" in the Complaint do not demonstrate the elements of a claim under the TCPA. (Id. at 10.) Therefore, AFGL requests that the court dismiss Career Counseling's Complaint for failure to allege a plausible violation of the TCPA.

   *2. Career Counseling*

Career Counseling opposes AFGL's Rule 12(b)(1) Motion to Dismiss arguing that "the receipt of an unsolicited fax advertisement constitutes concrete injury sufficient to establish Article III standing." (ECF No. 43 at 1.) In support of this argument, Career Counseling asserts that its alleged injuries–which occurred because AFGL's fax (1) "used the Plaintiff's and the other class members' telephone lines and fax machine[s]," (2) "cost the Plaintiff and the other class members time" that "otherwise would have been spent on the Plaintiff's and the other class members' business activities," (3) caused Plaintiff and the other class members "to lose paper and toner consumed in the printing of the Defendant's faxes," and (4) "unlawfully interrupted the

Plaintiff's and other class members' privacy interests in being left alone"– are real and "meet the low hurdle for 'concreteness' under Spokeo." (Id. at 10–11 (quoting ECF No. 1 at 13 ¶ 36).)

In response to AFGL's Rule 12(b)(6) Motion, Career Counseling further argues that "the allegations of the Complaint, including the fax transmitted by or on behalf of Defendant [AFGL] and received by Plaintiff [Career Counseling], . . . easily gives Defendant [AFGL] fair notice of the claim asserted against it and the grounds upon which it rests." (ECF No. 43 at 1–2.) Career Counseling asserts that it easily satisfies Rule 8(a) because "the face of the Fax alone makes clear it is an advertisement, it was sent by facsimile transmission, it advertises the availability and quality of Defendant Amerifactor's financing business, and it contains a date the Fax was sent, '6/28/16.'" (ECF No. 43 at 16–17 (citing ECF No. 1-1 at 2).) Because it has attached the document that "conclusively demonstrates" that AFGL violated the TCPA, Career Counseling asserts that it has done enough "to survive a Rule 12(b)(6) motion to dismiss in a TCPA junk fax case." (Id. at 20 (citing Holtzman v. Caplice, No. 07 C 7279, 2008 WL 2168762, at *2 (N.D. Ill. May 23, 2008) ("[The complaint] also alleges that the defendant sent an unsolicited fax to the plaintiff's fax machine without the plaintiff's permission and attaches a copy of the allegedly offending fax. Thus, the complaint gives the defendant fair notice of what the claim is and the grounds upon which it rests and the allegations plausibly suggest that the plaintiff has a right to relief under the TCPA.") (internal citation omitted)).)

B.  The Court's Review

The TCPA restricts unsolicited fax advertisements. 47 U.S.C. § 227(b)(1)(C). Upon review of the statute, the elements of a TCPA violation are (1) an unsolicited advertisement (other than one resulting from either a sender with an established business relationship with the recipient or the recipient's voluntary release of its facsimile number, or that contains an

appropriate notice ) (2) made using any telephone facsimile machine, computer, or other device, and (3) sent to telephone facsimile machine.  Id.  AFGL seeks dismissal of Career Counseling's Complaint asserting violation of the TCPA on the basis that Career Counseling is unable to demonstrate concrete injury sufficient to establish Article III standing because it "merely alleges that 'on information and belief' Defendant [AFGL] transmitted a fax to Plaintiff."  (ECF No. 47 at 2 (citing ECF No. 1 at 4 ¶ 13).)  Career Counseling opposes dismissal arguing that any deficiency in its allegations is overcome by the inclusion of the alleged facsimile as an exhibit to the Complaint.  (ECF No. 43 at 20 (referencing ECF No. 1-1 at 2).)

The court observes that the only allegation expressly describing Career Counseling's personal receipt of an unsolicited facsimile from Defendants states that "[o]n information and belief, on or about June 28, 2016, Defendants transmitted by telephone facsimile machine an unsolicited facsimile to Plaintiff."[3]  (ECF No. 1 at 4 ¶ 13.)  "Under the pleading standard the Supreme Court articulated in Twombly and Iqbal, a complaint's conclusory allegations based solely 'upon information and belief' are 'insufficient to defeat a motion to dismiss.'"  Mann Bracken, LLP v. Exec. Risk Indem., Inc., C/A No. DKC 15–1406, 2015 WL 5721632, at *7 (D. Md. Sept. 28, 2015 (citing Harman v. Unisys Corp., 356 F. App'x 638, 640–41 (4th Cir. 2009)).  In this regard, "'pleading on the basis of information and belief is generally appropriate' where information is 'particularly within defendants' knowledge and control."  Id. (quoting Kajoshaj v. N.Y.C. Dep't of Educ., 543 F. App'x 11, 16 (2d Cir. 2013)).

Here, Career Counseling's use of "upon information and belief" to describe events

---

[3] The court observes that Career Counseling also used "upon information in belief" in a preliminary statement describing class claims: "Upon information and belief, Defendants have sent facsimile transmissions of unsolicited advertisements to Plaintiff and the Class in violation of the JFPA, including, but not limited to, the facsimile transmission of an unsolicited advertisement on or about June 28, 2016 ("the Fax"), . . . ."  (ECF No. 1 at 2.)  A second allegation as to class claims only stated that a facsimile was transmitted "to the telephone lines and facsimile machines of Plaintiff and members of the Plaintiff Class."  (Id. at 11 ¶ 31.)

surrounding its receipt from Defendants of the allegedly unsolicited facsimile "is an 'inadequate substitute for providing detail' that should be squarely within Plaintiff's control." Id. (quoting Malibu Media, LLC v. Doe, No. PWG-13-365, 2014 WL 7188822, at *4 (D. Md. Dec. 16, 2014) (It is important to differentiate "between a case in which pleading 'upon information and belief' is used as an inadequate substitute for providing detail as to why the element is present in an action . . . [and the] proper use of 'upon information and belief,' where a plaintiff does not have personal knowledge of the facts being asserted.")). Moreover, even though Career Counseling did attach a copy of the alleged unsolicited facsimile (ECF No. 1-1 at 2) to the Complaint, Career Counseling failed to allege facts connecting it to either the stated recipient of the fax (Gina Mc Cuen) or the fax number (8033593008).[4] Accordingly, the court agrees with AFGL that the Complaint's allegations fail to establish that Career Counseling has standing to bring this action for violation of the TCPA.

## V.   CONCLUSION

For the reasons set forth above, the court hereby **GRANTS** Defendant Amerifactors Financial Group, LLC's Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (ECF No. 29) and **DISMISSES** the Complaint (ECF No. 1) without prejudice.[5] Because the court lacks subject matter jurisdiction when Plaintiff does not have standing, see, e.g., Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992), the court **DENIES AS MOOT** AFGL's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

---

[4] The only indicium tying the facsimile to Career Counseling is that the document references "Financing for Snelling Staffing Svc." (ECF No. 1-1 at 2.)

[5] Granting a party's 12(b)(1) motion to dismiss does not constitute a judgment on the merits, and is therefore without claim preclusive or res judicata effect. Farquhur v. United States, C/A No. 1:07cv1033, 2007 WL 4233492, at *2 (E.D. Va. Nov. 28, 2007) (citing Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995)).

Procedure.[6]

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 26, 2017
Columbia, South Carolina

---

[6] The court observes that also pending is AFGL's Motion to Stay Litigation Pending Resolution of Petition before the FCC that was filed on July 14, 2017, a few days before the motion hearing. (ECF No. 50.) In its Motion to Stay, AFGL did not argue that the court was precluded from considering the merits of the pending Motion to Dismiss. As a result of the court's decision regarding AFGL's Rule 12(b)(1) Motion, the Motion to Stay is **DENIED AS MOOT**.