IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| CAREER COUNSELING. INC. d/b/a SNELLING STAFFING SERVICES, a South Carolina corporation, individually and as the representative of a class of similarly situated persons,<br><br>                          Plaintiffs,<br><br>vs.<br><br>AMERIFACTORS FINANCIAL GROUP LLC, and JOHN DOES 1-5,<br><br>                          Defendants. | Civil Action No. 3:16-cv-03013-JMC<br><br>**SECOND RENEWED MOTION TO STAY LITIGATION PENDING RESOLUTION OF PETITION BEFORE THE FCC** |

Defendant AmeriFactors Financial Group, LLC ("AmeriFactors") respectfully moves the Court for an order staying this case until a ruling is issued on AmeriFactors' pending Motion to Dismiss and thereafter until there has been final agency action on its Petition for Expedited Declaratory Ruling filed with the Federal Communications Commission ("FCC") on July 13, 2017. The Petition seeks clarification that the TCPA does not apply to fax transmissions that the recipient receives through online fax services or by computer or similar device.

The grounds for this Motion are that the Primary Jurisdiction Doctrine and the Hobbs Act, 28 U.S.C. § 2342, provide that challenges to an FCC regulation or order must first be brought with the agency itself and, if denied, appealed to the Court of Appeals. By filing its petition with the FCC, AmeriFactors has exercised its right under the Hobbs Act to pursue its administrative remedies. The Hobbs Act generally precludes this Court from deciding the issues

raised in those petitions and any objections Plaintiff might have thereto. *See, e.g., Nack v. Walburg*, 715 F.3d 680, 685 (8th Cir. 2013) (suggesting the District Court consider any stay requests to allow the parties to pursue their administrative remedies under the Hobbs Act). If the FCC grants AmeriFactors' petition, the Hobbs Act would preclude Plaintiff from challenging that order in this Court. *See Nack*, 715 F.3d at 685 (Hobbs Act requires challenges of FCC orders to be brought first with the agency itself and, if denied, appealed directly to the Court of Appeals).

Additionally, the United States Supreme Court has recently accepted jurisdiction in *Carlton & Harris Chiropractic v. PDR Network, LLC,* 883 F.3d 459, 464-466 (4th Cir. 2018) *cert. granted,* 139 S.Ct. 428 (Nov. 13, 2018) which concerns the authority of the district court to interpret the Telephone Consumer Protection Act ("TPCA"). The U.S. Supreme Court is also addressing the issue of Article III following its *Spokeo* decision issue in *In re Google Referrer Header Privacy Litigation*, 869 F. 3d 737 (9th Cir. 2017) *cert. granted*, 138 S.Ct. 1697 (Apr. 30, 2018), subsequent order regarding additional briefing,. 139 S. Ct. 478 (Nov. 16, 2018).

This case should, therefore, be stayed consistent with the Primary Jurisdiction Doctrine and the Hobbs Act. Otherwise Defendant would be denied process to challenge the validity of FCC rules and orders. Additionally, should this request not be granted, this case should at least be stayed until the U.S. Supreme Court renders its decision in the *PDR* and *Google* cases as those cases are likely to directly impact this case.

The court previously granted a temporary stay "to provide an opportunity for the FCC to address Defendant's petition." The FCC has pursued a "multi-pronged approach to addressing

the problem of unwanted calls" under the TCPA and is actively examining the many petitions before the agency. Defendant renews its motion for stay because additional time is needed for the FCC to address the petition. This motion is based upon the applicable law and the Memorandum in Support submitted contemporaneously herewith, along with AmeriFactors' previous Motion to Stay and memorandum in support filed on July 14, 2017 (Doc. 50) and renewed Motion to Stay and memorandum in support filed on February 2, 2018 (Doc. 76).

**The undersigned certifies that he consulted with opposing counsel and Plaintiff consents to a stay of up to 6 months to allow the FCC to consider AmeriFactors' Petition.**

**SIGNATURE ON FOLLOWING PAGE**

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/ William H. Latham
    William H. Latham
    Federal Bar No. 5745
    E-Mail: bill.latham@nelsonmullins.com
    Erik T. Norton
    Federal Bar No. 09683
    E-Mail: erik.norton@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211-1070)
    Columbia, SC  29201
    (803) 799-2000

RUMBERGER, KIRK & CALDWELL, P.A.

    Douglas B. Brown (*Pro Hac Vice*)
    Florida Bar No. 0242527
    dbrown@rumberger.com (Primary)
    docketingorlando@rumberger.com and
    dbrownsecy@rumberger.com (Secondary)
    Post Office Box 1873
    Orlando, Florida  32802-1873
    Telephone:  (407) 872-7300
    Telecopier:  (407) 841-2133

Attorneys for Defendant AmeriFactors Financial Group, LLC

Columbia, South Carolina

March 26, 2019

5

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on March 26, 2019 on all counsel or parties of record.

                                  /s/ William H. Latham  
                                  William H. Latham (FBN 5745)

6

Filename:	Motion to Stay 2 4818-0263-3359 v.1.docx
Directory:	C:\Users\whl\ND Office Echo\VAULT-bill.latham@nelsonmullins
Template:	C:\Users\whl\AppData\Roaming\Microsoft\Templates\Normal.dotm
Title:	
Subject:	
Author:	Bill Latham
Keywords:	
Comments:	
Creation Date:	3/26/2019 2:45:00 PM
Change Number:	4
Last Saved On:	3/26/2019 3:35:00 PM
Last Saved By:	Bill Latham
Total Editing Time:	21 Minutes
Last Printed On:	3/26/2019 3:35:00 PM
As of Last Complete Printing
    Number of Pages:	6
    Number of Words:	780
    Number of Characters:	4,511 (approx.)