IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| CAREER COUNSELING, INC. d/b/a SNELLING STAFFING SERVICES, a South Carolina corporation, individually and as representative of a class of similarly-situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>AMERIFACTORS FINANCIAL GROUP, LLC, and JOHN DOES 1-5,<br><br>Defendants. | Civil Action No.  3:16-3013-JMC |

**JOINT CONFERENCE AND SCHEDULING ORDER**

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this court, the following schedule is established for this case.

1. A conference of the parties pursuant to Fed. R. Civ. P. 26(f) shall be held and the parties shall file a Rule 26(f) Report and Joint Proposed Conference and Scheduling Order on or before **January 17, 2020**. At the conference, the parties shall confer concerning:

    a. All matters set forth in Fed. R. Civ. P. 26(f);

    b. Whether the schedule set forth in this order is appropriate and, if not, what modifications are necessary;

    c. Whether a **confidentiality order** is necessary and appropriate; and

    d. Whether documents may be filed which require protection such as **filing under seal** pursuant to Local Civil Rule 5.03.

2. Response briefs to AmeriFactors Financial Group, LLC's pending Motion to Dismiss (ECF No. 90) must be filed by **January 22, 2020**, and reply briefs must be filed by **January 29, 2020**.

3. No later than **February 7, 2020**, the required initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made.

4. No later than **February 7, 2020**, the parties shall file a Rule 26(f) Report in the form attached to this order. Parties are hereby notified that Local Civil Rule 26.03 lists additional queries to be answer in the Rule 26(f) Report.

5. Motions to join other parties and amend the pleadings (Fed. R. Civ. P. 16(b)(3)(A)) shall be filed no later than **April 30, 2020**.

6. Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each expert witness whom Plaintiff(s) expects to call relating to class certification and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **June 30, 2020.** (Fed. R. Civ. P. 26(a)(2)).[1]

7. Defendant(s) shall file and serve a document identifying by full name, address, telephone number each expert witness whom Defendant(s) expects to call relating to class certification and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by the earlier of **August 31, 2020 or sixty (60) days after Plaintiff's class certification expert disclosure, whichever date is earlier**. (Fed. R. Civ. P. 26(a)(2)).

8. Plaintiff shall file and serve a rebuttal report to Defendant's expert report by **September 30, 2020 or thirty (30) days after Defendant's expert disclosure, whichever date is earlier.**

9. Non-expert discovery relating to class certification shall be completed no later than **November 16, 2020**. All discovery requests relating to class certification shall be served in time for the responses thereto to be served by this date. Expert discovery relating to class issues shall be completed no later than **December 4, 2020.**

10. Plaintiff's motion for class certification shall be filed no later than **January 15, 2021**. Defendants' oppositions to class certification shall be filed no later than **February 15, 2021 or thirty (30) days after Plaintiff's motion for class certification is filed, whichever date is earlier**. Plaintiff's reply in support of class certification (if any) shall be filed no later than **March 1, 2021** or thirty (30) days after Defendant's opposition to class certification is filed, whichever date is earlier.

11. Mediation shall be completed in this case on or before **June 12, 2021**. See Judge Childs'

---

[1] Concurrent with the identification of each expert and subject matter, each party shall serve (but not file): 1) a complete copy of the most current curriculum vitae of each expert or a detailed summary of his qualifications to testify on each identified subject; 2) (a) a complete statement of all opinions to be expressed by each expert and the basis and reasons therefor; (b) the data and other information considered by the expert in forming the opinions, (c) any exhibits to be used as a summary of or support for the opinions, and (d) citations of any treatise, text or other authority upon which each expert especially relied; and 3) a copy of each expert's report if a report has been prepared.

Standing Mediation Order which sets forth mediation requirements.

12. Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff(s) expects to call as an expert at trial for purposes other than class certification and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties **thirty (30) days after the Court's ruling on class certification.** (Fed. R. Civ. P. 26(a)(2)).

13. Defendant(s) shall file and serve a document identifying by full name, address, telephone number each person whom Defendant(s) expects to call as an expert at trial for purposes other than class certification and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **sixty (60) days after the Court's ruling on class certification**. (Fed. R. Civ. P. 26(a)(2)).

14. All other motions, except (a) those relating to the admissibility of evidence at trial and (b) those to compel discovery, shall be filed no later than **ninety (90) days after the Court's ruling on class certification**. (Fed. R. Civ. P. 16(b)(2)).  See below ¶ 16 for motions in limine deadline.

15. Discovery shall be completed no later than **ninety (90) days after the Court's ruling on class certification**.  Discovery shall be deemed completed within this time only if discovery is initiated at such time as to afford the responding party the full time provided under the applicable rule of the Federal Rules of Civil Procedure in which to respond prior to the discovery completion date noted in this paragraph.

    **(The parties may, with the consent of all counsel, conduct discovery up to the time of trial, provided the deadlines in this order are not affected.)**

16. No later than **one hundred twenty (120) days after the Court's ruling on class certification**, the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures.  Within fourteen (14) days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(6).

17. Motions in limine must be filed by **one hundred twenty (120) days after the Court's ruling on class certification**.

18. Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than **thirty (30) days before trial**. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. (See Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3)).

19. Parties shall furnish the court pretrial briefs seven (7) days prior to the date set for jury selection (Local Civil Rule 26.05). Attorneys shall meet at least seven (7) days prior to the

      date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits. *See* Local Civil Rule 26.07.

20.     This case is subject to being called for jury selection and trial on or after **November 8, 2021**.

      **A request for a continuance of the trial date must be agreed to and signed by the party and his attorney requesting and/or consenting to the continuance.**

      The court directs the parties' attention to Local Rule 7.00 which governs motion practice. Hearings on motions are not automatic. The court may decide motions without a hearing. If a party opposes a motion which has been filed, that party must file a response to the opposed motion within fourteen (14) days of the date the motion was filed. If no such response in opposition is filed, the court will assume that the party consents to the court's granting the motion.

**NOTICE: You are expected to be available for trial of this case during the month of November 2021 unless the court notifies you of a later date. If you presently have a conflict during the month of November 2021, notify the court in writing within seven (7) days of the date of this order. You will not be excused without leave of court.**

                                                             s/J. Michelle Childs
                                                             J. Michelle Childs
                                                             United States District Judge

January 21, 2020
Columbia, South Carolina