**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| **CAREER COUNSELING, INC**. d/b/a **SNELLING STAFFING SERVICES**, a South Carolina corporation, individually And as the representative of a class of Similarly situated persons,<br><br>                    Plaintiffs,<br><br>     v.<br><br>**AMERIFACTORS FINANCIAL GROUP, LLC and JOHN DOES 1-5** | **CASE NO.: 3:16-cv-3013-JMC**<br>**CLASS ACTION** |

**AMERIFACTORS FINANCIAL GROUP, LLC'S**
**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
<u>**RENEWED MOTION TO DISMISS FIRST AMENDED COMPLAINT**</u>

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ................................................................................................... 1

ARGUMENT ......................................................................................................... 1

I.     PLAINTIFF LACKS STANDING ................................................................ 1

     A.     Plaintiff Failed to Cure the Pleading Defects Identified by the Court ................... 1

     B.     Plaintiff Has Not Alleged a Concrete Injury ......................................... 2

II.     PLAINTIFF FAILS TO STATE A CLAIM ................................................. 4

     A.     The TCPA Applies Only to a Fax Received on a "Telephone Facsimile Machine," Not an Online Fax Service. ................................. 5

         1)     The FCC Ruling Is Binding ........................................................ 5

         2)     The FCC Ruling Is Entitled to Deference ............................... 7

     B.     The FCC Order Requires that Plaintiff Allege the Fax Was Received on a Telephone Facsimile Machine. ...................................... 8

CONCLUSION ..................................................................................................... 10

CERTIFICATE OF SERVICE .......................................................................... 12

ATTORNEY SERVICE LIST ........................................................................... 13

## **TABLE OF AUTHORITIES**

**Page(s)**

### Cases

*Asher & Simons, P.A. v. j2 Global Canada, Inc.*,
    977 F. Supp. 2d 544 (D. Md. 2013)...................................................................................7

*Chapman v. Wagener Equities, Inc.*,
    No. 09 C 07299, 2014 WL 540250 (N.D. Ill. Feb. 11, 2014)..................................................9

*Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*,
    467 U.S. 837 (1984).........................................................................................................7, 8

*Creative Montessori Learning Ctrs. v. Ashford Gear LLC*,
    662 F.3d 913 (7th Cir. 2011) ..............................................................................................3

*Gorss Motels, Inc. v. Safemark Sys., LP*,
    931 F.3d 1094 (11th Cir. 2019) ..........................................................................................5

*Indiana Bell Tel. Co. v. McCarty*,
    362 F.3d 378 (7th Cir. 2004) ..............................................................................................8

*Lardner v. Diversified Consultants Inc.*,
    17 F. Supp. 3d 1215 (S.D. Fla. 2014) .................................................................................7

*MCImetro Access Transmission Servs. Inc. v. BellSouth Telecomms., Inc.*,
    352 F.3d 872 (4th Cir. 2003) ..............................................................................................5

*Mims v. Arrow Fin. Servs., LLC*,
    565 U.S. 368 (2012)............................................................................................................4

*Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*,
    545 U.S. 967 (2006)............................................................................................................6

*Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*,
    781 F.3d 1245 (11th Cir. 2015) ..........................................................................................7

*PDR Network, LLC v. Carlton & Harris Chiropractic, Inc.*,
    139 S.Ct. 2051 (2019)........................................................................................................6

*Reliable Money Order, Inc. v. McKnight Sales Co., Inc.*,
    281 F.R.D. 327 (E.D. Wis. 2012) ........................................................................................9

*Spine and Sports Chiropractic, Inc. v. ZirMed, Inc.*,
    3:13–CV–00489–TBR, 2014 WL 2946421 (W.D. Ky. Jun. 30, 2014) ....................................8

*Stoops v. Wells Fargo Bank, N.A.*,
   197 F. Supp. 3d 782 (W.D. Pa. 2016)................................................................4

*Telephone Science Corp. v. Asset Recovery Sols., LLC*,
   No. 15-CV-5182, 2016 WL 4179150 (N.D. Ill. Aug. 8, 2016) ................................4

*Wendell H. Stone Co. v. Chesapeake Plywood, LLC*,
   No. MJG-16-2821, 2017 WL 1550242 (D. Md. 2017)........................................2

**Statutes**

47 U.S.C. § 227(a) .....................................................................................................7

47 U.S.C. § 227(b)(1) .................................................................................................8

47 U.S.C. § 2342 .........................................................................................................5

**Other Authorities**

47 C.F.R. § 0.141 (2011) ...........................................................................................5

47 C.F.R. § 1.115(h)(2)...............................................................................................6

AmeriFactors[1] respectfully submits this Reply Memorandum of Law in Further Support of its Renewed Motion to Dismiss Plaintiff's FAC and states as follows:

## INTRODUCTION

Plaintiff failed to plead allegations that, if true, could support (i) its own standing, and (ii) a critical element necessary to state a claim under the TCPA. These "facts" are exclusively within Plaintiff's own knowledge and control, yet Plaintiff has failed to make such allegations even though this Court has already dismissed its initial pleading due to such deficiencies. Indeed, notwithstanding this Court's earlier dismissal of Plaintiff's complaint, it continues to rely upon vague allegations concerning its own receipt of the single Fax at issue in this action. Rather than plead facts required to sustain its legal assertions, Plaintiff devotes pages of its opposition ("Opposition" or "Opp.") to an effort to persuade this Court to ignore a recent FCC Ruling, wherein the FCC opines that the TCPA does not cover the receipt of communications on equipment that does not qualify as a "telephone facsimile machine." The FCC Ruling is based on a plain reading of the statute and common sense. There is no ground for this Court to ignore this authority, and it would be error to do so. Because Plaintiff has once again failed to plead allegations that are necessary to state its claim, AmeriFactors' Motion should be granted.

## ARGUMENT

### I.    PLAINTIFF LACKS STANDING

#### A.    Plaintiff Failed to Cure the Pleading Defects Identified by the Court

This Court has already once dismissed Plaintiff's complaint for failure to plead the requisite facts within its exclusive knowledge and control. (Mot. 4.) In the September 26, 2017 Order granting AmeriFactors' motion to dismiss Plaintiff's initial Complaint, the Court

---

[1]    Terms defined in AmeriFactors' Memorandum of Law in Support of its Motion to Dismiss ("Opening Brief" or "Mot.") have the same meaning herein.

explained that Plaintiff's allegation that "[o]n information and belief, on or about June 28, 2016,

Defendants transmitted by telephone facsimile machine an unsolicited facsimile to Plaintiff" was

insufficient to allege standing.  Specifically, the Court stated:

> Career Counseling's use of "upon information and belief" to
> describe events surrounding its receipt from Defendants of the
> allegedly unsolicited facsimile is an inadequate substitute for
> providing detail that should be squarely within Plaintiff's control.

(Dkt. 61 at 9-10 (internal quotations omitted).)

While Plaintiff amended its pleading to remove the "information and belief" phrase,

Plaintiff did not cure these deficiencies.  (Dkt. 139 at 7.)  These cosmetic changes to the FAC

ignore the Court's direction to plead the "events surrounding its *receipt*" of the Fax.  (*Id.*

(emphasis added).)  The FAC is silent on this point, which is a critical omission, as confirmed by

the FCC Ruling. (*Infra* pp. 5-9.)

### B.    Plaintiff Has Not Alleged a Concrete Injury

AmeriFactors demonstrated that Plaintiff failed to plead facts concerning its own, specific

injury.  (Mot. 5-7.)  In Opposition, Plaintiff relies upon a myriad of cases that have found Article

III standing in TCPA fax cases.  (Opp. 8.)  Plaintiff ignores, however, that in those cases, the

plaintiffs alleged a "concrete and particularized" injury that was specific to the named plaintiff.

*See, e.g.*, *Wendell H. Stone Co. v. Chesapeake Plywood, LLC*, No. MJG-16-2821, 2017 WL

1550242, at *1 (D. Md. 2017) (plaintiff alleged that it specifically suffered loss of paper and ink,

loss of fax machine availability, loss of time, and wear and tear on its fax machine).

Here, however, Plaintiff relies upon allegations regarding the *types* of injuries TCPA

plaintiffs *may* suffer, as well as allegations regarding both Plaintiff "and the putative class."

(Opp. 4-5.)  Plaintiff cannot rely upon injuries allegedly suffered by putative class members to

maintain its own standing.  (Mot. 8-9.)  While Plaintiff asks this Court to cross-reference various

portions of the FAC to cobble together allegations to demonstrate its own standing (Opp. 11), Plaintiff should not be excused from making a simple and direct allegation that it suffered a concrete injury. This is particularly true in light of the fact that Plaintiff here received, at most, a singular Fax. Rather, Plaintiff should be required to meet its pleading obligations in light of the "draconian penalties" that the TCPA imposes for "minor irritation to recipients." *See Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 915 (7th Cir. 2011).

The need for such allegations is only further underscored by the FCC Ruling, which makes plain that only certain types of injuries are cognizable under the TCPA. FCC Ruling at ¶ 12 (citing H.R. Rep. No. 317, 102d Cong., 1st Sess. 11 (1991)). Here, Plaintiff has failed to allege how it received the Fax, and consequently, it has not alleged a concrete harm sufficient to confer Article III standing. While Plaintiff cites to paragraphs 31 and 36 of the FAC to support its claim that it has standing (Dkt. 139 at 7), those allegations do not allege how Plaintiff received the Fax.

Contrary to Plaintiff's assertion, at no point did it "expressly allege[] that it received the Fax on a telephone facsimile machine, not as an email attachment from an 'online fax service.'" (Dkt. 139 at 11 (citing FAC ¶¶ 31, 36).) Rather, the allegation that Plaintiff cites alleges is that "Defendants sent the advertisement . . . to the telephone lines and facsimile machines of Plaintiff and members of the Plaintiff Class." (FAC ¶ 31.) This allegation does not clarify whether Plaintiff received the fax on a telephone facsimile machine, in which case it might have standing, or an online fax service, in which case it would not. Nor does the allegation that Plaintiff and the putative class "los[t] paper and toner" or that "Defendants' faxes used . . . telephone lines and fax machine." (FAC ¶ 36.) If received through an online fax service, then Plaintiff would have had the option print the Fax (or not), and no telephone lines would have been used.

In any event, Plaintiff's alleged harms are not the type of harm that Congress intended to prevent when it passed the TCPA. The TCPA was enacted to protect consumers from unwanted, intrusive telephone calls. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 370, 372 (2012) (explaining that the purpose of the TCPA is to remedy "certain practices invasive of privacy" and "intrusive, nuisance [telemarketing] calls") (citations omitted). Plaintiff has failed to allege how one fax, sent to the business fax machine of a repeat TCPA plaintiff, falls within the scope of harms Congress sought to address. Indeed, federal courts have held that not all professional plaintiffs have standing to sue under the TCPA, even if they have Article III standing, because those plaintiffs do not fall within TCPA's "zone of interest." *See, e.g.*, *Telephone Science Corp. v. Asset Recovery Sols., LLC*, No. 15-CV-5182, 2016 WL 4179150, at *15 (N.D. Ill. Aug. 8, 2016) (holding that plaintiff lacked standing because it did "not allege any injures in the form of privacy invasion, nuisance, and /or inconvenience"); *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782, 788, 800 (W.D. Pa. 2016) (noting that it was "unfathomable that Congress considered a consumer who files TCPA actions as a business when it enacted the TCPA as a result of its outrage over the proliferation of prerecorded telemarketing calls to private residences, which consumers regarded as an intrusive invasion of privacy and a nuisance" and that Plaintiff had not "suffered an injury-in-fact because her privacy and economic interests were not violated when she received calls from Defendant"). The same result should be reached here.

## II.    **PLAINTIFF FAILS TO STATE A CLAIM**

The FCC Ruling is clear that whether the fax provisions of the TCPA are violated depends upon the equipment on which the recipient received the fax. (Mot. 2-3.) In an effort to avoid this deficiency in its FAC, Plaintiff advances two arguments. First, it claims that the Court need not follow the FCC Ruling, notwithstanding that the Court stayed this action for over a year to await the outcome of AmeriFactors' petition, because it is not a "final order." (Dkt. 139 at 18-

4

19.)  Second, it claims that it does, in fact, allege that it received the Fax on a telephone facsimile machine.  (*Id.* at 19.)  Both arguments fail.

### A.    The TCPA Applies Only to a Fax Received on a "Telephone Facsimile Machine," Not an Online Fax Service

This Court stayed this action for over a year to receive the benefit of the FCC Ruling, in recognition of the critical importance that this decision would have on this case.  (Dkt. 88, 92, 96.)  There is no merit to Plaintiff's contention that the Court should now ignore the FCC's most recent pronouncement of the TCPA's application to modern fax technology.

### 1)    The FCC Ruling Is Binding

Pursuant to the Hobbs Act, courts of appeals have "exclusive jurisdiction . . . to enjoin, set aside, suspend, or determine the validity of FCC final orders."  47 U.S.C. § 2342(1).  Thus, district courts are required to defer to such orders, absent an adjudication to the contrary by the courts of appeals.  *Id.*  Plaintiff, however, argues that this Court should disregard the FCC Ruling entirely, arguing that it is not "final," simply because Plaintiff has sought review of the FCC Ruling.  (Opp. 19.)  This argument lacks merit.

*First*, the FCC Ruling, which was issued by the Bureau, has the same effect as a ruling by the full Commission.  The FCC has delegated to the Bureau "matters pertaining to consumers and governmental affairs.  This includes policy development and coordination as well as adjudication and rulemaking."  *See* 47 C.F.R. § 0.141 (2011).  "When a federal agency delegates its decision-making authority to a subdivision and Congress has expressly permitted such delegation by statute, the decision of the subdivision is entitled to the same degree of deference as if it were made by the agency itself."  *MCImetro Access Transmission Servs. Inc. v. BellSouth Telecomms., Inc.*, 352 F.3d 872, 881 n.8 (4th Cir. 2003); *see also Gorss Motels, Inc. v. Safemark Sys., LP*, 931 F.3d 1094, 1104 (11th Cir. 2019) (treating order from Bureau that eliminated the

solicited fax rule as an order of the full Commission even though the appellant, who was represented by Plaintiffs' counsel here, had applied for review to the full Commission).

*Second*, under FCC rules, the effect of the FCC Ruling is not stayed pending resolution of the application for review, absent an order authorizing such a stay. 47 C.F.R. § 1.115(h)(2). No such order has been issued here and, in fact, Plaintiff did not even request such a stay. Plaintiff's argument that the FCC Ruling is not "final" is based on pure speculation that the Commission will alter the FCC Ruling by the Bureau or that an appellate court will do so in any Hobbs Act proceeding that may later be filed. The possibility that the FCC Ruling *may* be subject to further review provides no basis to disregard it. This Court should therefore apply the FCC Ruling – not ignore it as Plaintiff suggests. Indeed, even crediting Plaintiff's position that it is conceivable that the FCC could reverse the FCC Ruling, the appropriate course is not to ignore that Ruling but instead, to seek a continued stay of this matter. Plaintiff has not sought any further stay of these proceedings, which further supports the application of the FCC Ruling without delay.

*Finally*, the FCC Ruling is a legislative rule issued by the Bureau, to whom the FCC has delegated its "authority to promulgate binding legal rules" to carry out the provisions of Communications Act, which includes the TCPA. *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 980-81 (2006). And, before deciding the AmeriFactors' Petition, the Bureau sought comment and several entities and individuals responded. FCC Ruling ¶ 7. Only five commentators, including Plaintiff, opposed AmeriFactors' petition. *Id.* Thus, Plaintiff had a "prior" and "adequate" opportunity to challenge the FCC Ruling. *See PDR Network, LLC v. Carlton & Harris Chiropractic, Inc.*, 139 S.Ct. 2051, 2055-56 (2019). Therefore, the FCC Ruling has the full force and effect of law.

2) <u>The FCC Ruling Is Entitled to Deference</u>

Even if the Court is not required to follow the FCC Ruling under the Hobbs Act, that Ruling is, at a minimum, entitled to deference under *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984). In *Chevron*, the Supreme Court set forth the standard for determining whether an agency's statutory interpretation should be given deference. *Chevron*, 467 U.S. at 842-43. "[C]onsiderable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer, and the principle of deference to administrative interpretations." *Id.* at 844. A court must first determine whether Congress has directly spoken to the precise question at issue. *Id.* If not, then the court should give the agency's interpretation deference, so long as that interpretation is reasonable *Id.* at 843-45.

With respect to the first question, the TCPA does not address its applicability to online fax services. 47 U.S.C. § 227(a)(3). Next, the Bureau's interpretation as set forth in the FCC Ruling is reasonable in light of the technological differences between online fax services and traditional fax machines and the stated goals of the TCPA. FCC Ruling ¶¶ 10-14. Thus, the Court should defer to the Bureau's interpretation of the TCPA as the agency tasked with the interpretation and enforcement of the fax provisions of the TCPA. *See, e.g., Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A*., 781 F.3d 1245, 1257 (11th Cir. 2015) ("Because the FCC's construction of the statute is a reasonable interpretation of Congressional intent under the TCPA and does not conflict with the statute's underlying legislative history, we must defer to the Agency's construction of the statute."); *Lardner v. Diversified Consultants Inc.*, 17 F. Supp. 3d 1215, 1222 (S.D. Fla. 2014) (determining that *Chevron* deference was due to FCC interpretation in light of changes in technology); *see also Asher & Simons, P.A. v. j2 Global Canada, Inc.*, 977 F. Supp. 2d 544, 552 (D. Md. 2013) (FCC rule entitled to deference under

*Chevron*).  Finally, Plaintiff's pending petition for review does not have any impact on the level of deference owed to the FCC Ruling.  *Indiana Bell Tel. Co. v. McCarty*, 362 F.3d 378, 387 (7th Cir. 2004) (order from different FCC bureau made under delegated authority had the FCC's "imprimatur," and thus was entitled to the court's deference despite pending application for reconsideration); *see also* Section II(A)(1).

### B.    The FCC Order Requires that Plaintiff Allege the Fax Was Received on a Telephone Facsimile Machine

Plaintiff must allege the type of machine on which it received the Fax in order to state a claim because the FCC Ruling confirms that the TCPA is not triggered by sending an unsolicited advertisement to an online fax service.  (Mot. 2-3.)  Therefore, a plaintiff must allege *facts* in support of the allegation that it received the Fax on a telephone facsimile machine.  Plaintiff fails to do so here, which requires dismissal of the FAC.

In response to this deficiency, Plaintiff first attempts to distinguish the TCPA requirement that the Fax be "sen[t], to a telephone facsimile machine" (47 U.S.C. § 227(b)(1)(C)), from the requirement to allege the circumstances of its receipt of the Fax.  (Opp. 18.)  This distinction is meaningless.  Defendant cannot have "sen[t the Fax], to a telephone facsimile machine" for purposes of TCPA liability if it was received by Plaintiff through an online fax service.  The Bureau's analysis in the FCC Ruling is inextricably tied to how the fax was received by the recipient, namely, whether it was received by an online fax service or a telephone facsimile machine.  FCC Ruling ¶¶ 9, 11.  The baseless nature of Plaintiff's position is also confirmed by rulings of numerous courts that a defendant is only liable under the TCPA for faxes that are received – not simply transmitted.  *See, e.g.*, *Spine and Sports Chiropractic, Inc. v. ZirMed, Inc.*, 3:13–CV–00489–TBR, 2014 WL 2946421, at *10 (W.D. Ky. Jun. 30, 2014) ("'intended' recipients" who did not receive faxes "are unable to state claim" under the TCPA);

8

*Chapman v. Wagener Equities, Inc.*, No. 09 C 07299, 2014 WL 540250, *8 (N.D. Ill. Feb. 11, 2014) (requiring "evidence that the fax was *successfully* transmitted" for a TCPA claim); *Reliable Money Order, Inc. v. McKnight Sales Co., Inc.*, 281 F.R.D. 327, 331 (E.D. Wis. 2012) (TCPA requires "that a fax was successfully transmitted").

As an alternative argument, Plaintiff points to two allegations to assert that the FAC does, in fact, allege that it received the Fax on a "telephone facsimile machine," as required by the TCPA:

> 31.    Defendants sent the advertisement on or about June 28, 2016, via facsimile transmission from telephone facsimile machines, computers, or other devices **to the telephone lines and facsimile machines** of Plaintiff and members of the Plaintiff Class. . .
>
> 36.    [T]he Defendants' faxes used the Plaintiff's and the other class members' **telephone lines and fax machine**. . .

(Dkt. 70 ¶¶ 31, 36) (emphasis added).

These class action allegations, written in a deliberately vague manner to avoid differentiating between the facts of Plaintiff's receipt of the Fax and the alleged receipt by putative class members, make no mention of whether Plaintiff (or the putative class members) received the Fax on a "telephone facsimile machine"—a technical term defined by statute and further clarified by the FCC Ruling.    Plaintiff's general reference to "telephone lines and facsimile machines" do not plead the requisite facts required to state a claim under the TCPA.

Finally, Plaintiff's attempt to attach its discovery responses to its Opposition only serves to underscore the deficiency of the FAC on this critical element.  (Opp. 20.)  Plaintiff, however, is not permitted to amend its complaint through discovery. The Court should not allow Plaintiff to circumvent its pleading obligations by reference to matters outside the FAC.

## **CONCLUSION**

For the foregoing reasons, AmeriFactors respectfully requests that the Court dismiss Plaintiff's FAC.

Respectfully submitted,

## **SIGNATURE ON FOLLOWING PAGE**

**NELSON MULLINS RILEY &
SCARBOROUGH LLP**

By:s/William H. Latham
    William H. Latham
    Federal Bar No. 5745
    E-Mail:  bill.latham@nelsonmullins.com
    Jonathan M. Knicely
    Federal Bar No. 12103
    E-Mail:  jonathan.knicely@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211-1070)
    Columbia, SC 29201
    (803) 799-2000

**KELLEY DRYE & WARREN LLP**

Lauri A. Mazzuchetti (*Pro Hac Vice*)
Whitney M. Smith (*Pro Hac Vice*)
One Jefferson Road
Parsippany, New Jersey 07054
(973) 503-5900
lmazzuchetti@kelleydrye.com
wsmith@kelleydrye.com

*Attorneys for Defendant AmeriFactors
Financial Group, LLC*

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 14, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record below.

/s/ William H. Latham
**WILLIAM H. LATHAM**
Federal Bar No.: 5745
Bill.latham@nelsonmullins.com


**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Meridian, 17th Floor
1320 Main Street
Columbia, SC 29201
Telephone (803) 255-9533
Facsimile (803) 255-9075

*Attorneys for Defendant*
*AmeriFactors Financial Group, LLC*

## ATTORNEY SERVICE LIST

| | |
|---|---|
| John G. Felder, Jr.<br>John G. Felder, Jr.<br>McGowan, Hood & Felder, LLC<br>1517 Hampton St.<br>Columbia, SC 29201<br>Email: jfelder@mcgowanhood.com | Brian J. Wanca (*Pro Hac Vice*)<br>Ryan Kelly (*Pro Hac Vice*)<br>Anderson & Wanca<br>3701 Algonquin Road, Suite 500<br>Rolling Meadows, IL 60008<br>Email: bwanca@andersonwanca.com |