**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| CAREER COUNSELING, INC. d/b/a SNELLING STAFFING SERVICES, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>AMERIFACTORS FINANCIAL GROUP, LLC, and JOHN DOES 1-5,<br><br>Defendants. | Case No. 3:16-cv-03013-JMC |

## AMERIFACTORS FINANCIAL GROUP, LLC'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER

Pursuant to Federal Rules of Civil Procedure 23(d) and 26(c), AmeriFactors[1] submits this Reply Memorandum of Law in Further Support of its Motion for a Protective Order and states as follows:

## INTRODUCTION

AmeriFactors seeks reasonable restrictions on Plaintiff's right to contact putative class members by requesting that this Court first approve such contacts. Plaintiff has refused to agree to such limitations voluntarily, notwithstanding that courts regularly impose them by entering protective orders similar to the one proposed by AmeriFactors here. Instead, Plaintiff argues that any effort by AmeriFactors to protect the privacy interests of putative class members is unfounded and that basic restrictions on Plaintiff's counsel's ability to solicit new clients or plaintiffs violates their First Amendment rights. There is ample support for the protective order

---

[1] Terms defined in AmeriFactors Financial Group, LLC's Memorandum in Support of Motion for a Protective Order (Dkt. 133) ("Motion" or "Mot.") shall have the same meaning herein.

AmeriFactors has proposed here and the Court should enter it. In the event the Court declines to enter a protective order, the Court should, at a minimum, require disclosure of such contacts to AmeriFactors.

## ARGUMENT

1. **AmeriFactors' Request Is Reasonable.**

AmeriFactors has not sought to restrict all contacts with putative class members – instead, it has merely asked this Court to approve such contacts. (Mot. 4-6.) Nevertheless, Plaintiff's counsel maintains that it should be permitted to communicate with members of the proposed class and refuses to agree to any limitations on its ability to communicate with members of the proposed class. This position lacks merit.

Plaintiff argues that a protective order should not be issued here because AmeriFactors has failed to identify any evidence that that Plaintiff will use, or is likely to use, the Fax Logs in an improper way. (Opp. at 5.) In support of its argument, Plaintiff notes that it "has *yet* to communicate with the putative class." (*Id.* (emphasis added).) Plaintiff has left AmeriFactors in an impossible position: refusing to identify the purpose of any planned contacts with putative class members and declining to represent that it will not use the Fax Logs for solicitation (Dkt. 133-3 ¶¶ 3, 4; Opp. at 6), yet arguing that AmeriFactors has no reason to believe that any such discovery abuses will occur. (Opp. at 5.) In light of the history that Plaintiff's counsel has with using discovery materials to solicit clients, Plaintiff's position is particularly concerning. In *Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, the Seventh Circuit noted that plaintiff's counsel, including Brian Wanca of Anderson + Wanca, used fax transmission reports obtained through discovery from a third party under assurances of confidentiality to misleadingly solicit the class representative, and held that class counsel "demonstrated a lack of integrity that casts serious doubt on their trustworthiness as representatives of the class." 662 F.3d 913, 917

(7th Cir. 2011); *see also CE Design Ltd. v. Cy's Crabhouse North, Inc.*, No. 07 C 5456, 2010 WL 2365162, at \*6-7 (N.D. Ill. June 11, 2010) (third party fax transmission company alleged Anderson + Wanca used confidential list of fax numbers to solicit clients).

To be clear, AmeriFactors is not requesting an outright bar on Plaintiff's ability to contact putative class members—rather, AmeriFactors is requesting only the most basic of restrictions on Plaintiff's currently unchecked freedom to communicate with putative members of the class to ensure that Plaintiff does not use the Fax Logs for solicitation purposes. (Mot. 4-8.) In *McMullen v. Synchrony Bank*, the court rejected a blanket communication bar on plaintiff's ability to communicate with putative class members pre-certification where the plaintiff's counsel had represented that he simply desired to engage in discovery to satisfy class certification requirements and affirmatively represented that he would not engage in abusive or unethical communications. No. 14-1983, 2016 WL 11129736 (D.D.C. June 20, 2016). The court did, however, acknowledge the privacy concerns and the potential for solicitation of new clients if plaintiff's counsel were provided with unlimited access to communicate with putative class members. *Id.* at \*3. Thus, the court ordered that restrictions on communication between counsel and the putative class was warranted. *Id.* (*citing Flanigan v. Am. Fin. Sys. of Ga.*, 72 F.R.D. 563, 563 (M.D. Ga. 1976) ("Rule 23 should not be used as a device to enable client solicitation.") and *Rinky Dink, Inc. v. World of Bus. Lenders, LLC*, No. 14-268, 2014 WL 5421247, at \*3 (W.D. Wash. Oct. 24, 2014) ("The Court agrees that Plaintiff's attorneys may not use identifying information to solicit new legal clients outside this present case [as] [s]uch solicitation would . . . be irrelevant.")); *see also Dubin & Dubin LLP v. Mayorga*, No. 13-MC-215, 2013 WL 3989550, at \*4 (W.D.N.Y. Aug. 2, 2013) (quashing pre-certification subpoena issued for purpose of contacting potential class members to recruit them); *Gilbert v.*

*Moneymutual, LLC*, No. 13-cv-01171-JSW, 2016 WL 2654379, at *3 (N.D. Cal. May 10, 2016) (ordering plaintiff's counsel to not solicit clients through the use of contact information disclosed by defendants).

In support of its position that the Court should not issue a protective order restricting its communications with putative class members, and to distinguish case law in support of AmeriFactors' position, Plaintiff notes that "[n]o confidential or proprietary information of Defendant is at issue." (Opp. 6.) Plaintiff misunderstands the privacy interests at issue. The purpose of such a protective order is to "protect[] the privacy interests of **putative class members**," who did not ask for their contact information to be produced in litigation and who may never become parties to this lawsuit. *See McMullen*, 2016 WL 11129736, at *3 (emphasis added); *see also Artis v. Deere & Co.*, 276 F.R.D. 348, 352-53 (N.D. Cal. 2011) (noting that privacy interests of putative class members would be balanced against plaintiff's need for contact information by the entry of a protective order that limited the use of any contact information).

Plaintiff has not identified why it needs the freedom to contact putative class members, much less what information it needs from putative class members that it cannot seek from the parties in the first instance. Nor will it, at a bare minimum, represent to AmeriFactors and the Court that it will not use the Fax Logs for solicitation. Plaintiff does not cite a single case supporting its position that a plaintiff should have unbridled freedom to contact putative class members precertification, including for solicitation. *See, e.g.*, *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200 (D. Md. 2006) (denying request by non-party witness for a protective order to stay all discovery against him); *White v. McHugh*, No 3:09-1559-MJP-JRM, 2010 WL 4340399 (D.S.C. Sept. 3, 2010) (denying pro se plaintiff's motion for protective order to be excused from deposition); *Gordon v. Kaleida Health*, 737 F. Supp. 2d 91 (W.D.N.Y. 2010) (defendant sought

to limit plaintiff's communications with conditionally certified FLSA class); *Weckesser v. Knight Enter. S.E. LLC*, 392 F. Supp. 3d 631 (D.S.C. 2019) (concluding that defendant's letters to opt in plaintiffs to FLSA matter requesting settlement required protective order). Rather, the reality is that confidentiality orders with similar restrictions are routinely entered in TCPA cases involving the production of transmission logs. *See Progressive Health and Rehab Corp. v. Quinn Med., Inc.*, No. 2:17-cv-58, 2018 WL 2904547, at *4 (S.D. Ohio June 11, 2018) (requiring production of transmission logs to Anderson + Wanca upon finding that defendant's privacy and solicitations concern were addressed by confidentiality agreement precluding use of logs for the purpose of soliciting clients); *see also* Exhibit 1, *Carradine Chiropractic Center, Inc. v. Sunwing Airlines, Inc. et al.*, Case No. 4:14CV1583 (N.D. Ohio Nov. 19, 2014), Dkt. No. 27 (expressly prohibiting plaintiff's counsel from contacting any putative class members without prior express written consent of defense counsel or court); Exhibit 2, *Sandusky Wellness Center, LLC v. ASD Specialty Healthcare, Inc., et al.*, Case No. 3:13 CV 2085 (W.D. Ohio Aug. 19, 2014), Dkt. No. 62 (entering order preventing Anderson + Wanca from contacting facsimile recipients "without prior Court approval").

Finally, Plaintiff's claim that a restriction on its ability to use the Fax Logs to solicit unnamed class members for its own pecuniary gain would violate the First Amendment is unfounded. Mot. 5; *Superior Beverage Co., Inc. v. Owens-Illinois, Inc.*, No. 83 C 512, 1988 WL 87038, at *3 (N.D. Ill. Aug. 16, 1988) (holding that an order prohibiting plaintiff from initiating contacts with unnamed class members for the purpose of soliciting opt-outs or legal representation would not violate First Amendment). Thus, a limited protective order requiring the Court's consent to contact putative class members to ensure the Fax Logs are not used for

solicitation or, in the alternative, requiring Plaintiff to disclose any such permitted communications is reasonable given the circumstances.

2. **AmeriFactors' Alternative Request Is Not a Request for an Advisory Opinion.**

In response to AmeriFactors' request for an order complying with its disclosure obligations under Fed. R. Civ. P. 26(b), Plaintiff argues that AmeriFactors is "essentially" seeking "an advisory opinion." (Opp. at 7.) This position is baseless.

AmeriFactors has set forth the status of its negotiations with Plaintiff on these matters, including the objections Plaintiff has raised with respect to providing information related to any contact with putative class members that this Court ultimately permits. (Mot. 7.) AmeriFactors will not be aware of any contacts that Plaintiff or its counsel may have with putative class members unless this Court orders that they be disclosed. Accordingly, this is a concrete dispute that is ripe for resolution by this Court.

## **CONCLUSION**

For the reasons stated above, AmeriFactors requests a protective order from this Court requiring its approval before there are any precertification contacts by counsel with putative class members identified through the Fax Logs. In the alternative, AmeriFactors seeks an order requiring disclosure of such contacts.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/William H. Latham
William H. Latham
Federal Bar No. 5745
E-Mail: bill.latham@nelsonmullins.com
Jonathan M. Knicely
Federal Bar No. 12103
E-Mail: jonathan.knicely@nelsonmullins.com
1320 Main Street / 17th Floor
Post Office Box 11070 (29211-1070)

Columbia, SC 29201
(803) 799-2000

KELLEY DRYE & WARREN LLP

Lauri A. Mazzuchetti (*Pro Hac Vice*)
Whitney M. Smith (*Pro Hac Vice*)
One Jefferson Road
Parsippany, New Jersey 07054
(973) 503-5900
lmazzuchetti@kelleydrye.com
wsmith@kelleydrye.com

*Attorneys for Defendant AmeriFactors Financial Group, LLC*

Columbia, South Carolina
August 14, 2020