## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| Career Counseling, Inc. d/b/a Snelling Staffing Services, a South Carolina corporation, individually and as the representative of a class of similarly situated persons, ) ) ) ) ) ) | Civil Action No. 3:16-cv-3013-JMC |
| Plaintiff, ) | **ORDER AND OPINION** |
| v. ) ) | |
| Amerifactors Financial Group, LLC, and John Does 1–5, ) ) ) | |
| Defendants. ) ) | |

Plaintiff Career Counseling, Inc. d/b/a Snelling Staffing Services, on behalf of itself and all others similarly situated, filed the instant putative class action seeking damages and injunctive relief from Defendants Amerifactors Financial Group, LLC ("AFGL") and John Does 1–5 (collectively "Defendants") for alleged violations of the Telephone Consumer Protection Act ("TCPA") of 1991,[1] as amended by the Junk Fax Prevention Act of 2005 ("JFPA"),[2] 47 U.S.C. §

---

[1] "Voluminous consumer complaints about abuses of telephone technology . . . prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 370-71 (2012). "The Act bans certain practices invasive of privacy and directs the [FCC] to prescribe implementing regulations." *Id.*

[2] The JFPA's amendment to the TCPA had three purposes:

(1) Create a limited statutory exception to the current prohibition against the faxing of unsolicited advertisements to individuals without their "prior express invitation or permission" by permitting such transmission by senders of commercial faxes to those with whom they have an established business relationship (EBR).

(2) Require that senders of faxes with unsolicited advertisements (*i.e.*, "junk faxes") provide notice of a recipient's ability to opt out of receiving any future faxes containing unsolicited advertisements and a cost-free mechanism for recipients to opt out pursuant to that notice.

227, and the regulations promulgated under the TCPA by the United States Federal Communications Commission ("FCC").  (ECF No. 70.)

This matter is before the court on AFGL's Motion to Dismiss Plaintiff's First Amended Class Action Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 137).  AFGL asserts that dismissal is appropriate because Career Counseling failed to either "allege that it has suffered actual concrete damage sufficient to establish Article III standing" or "allege[] critical facts required to establish a plausible TCPA violation."  (ECF No. 137 at 1.)  Career Counseling opposes AFGL's Motion to Dismiss asserting that it "has cured the defects the [c]ourt found in the initial Complaint in dismissing without prejudice, and federal courts have overwhelmingly held that a TCPA fax violation constitutes 'concrete' injury sufficient to establish Article III standing."  (ECF No. 139 at 1–2.) For the reasons set forth below, the court **DENIES** AFGL's Motion to Dismiss pursuant to Rule 12(b)(1) and **DENIES** AFGL's Motion to Dismiss pursuant to Rule 12(b)(6).  (ECF No. 137.)

### I.     RELEVANT BACKGROUND TO PENDING MOTIONS

Career Counseling alleges that "on or about June 28, 2016, Defendants transmitted by telephone facsimile machine an unsolicited facsimile to Plaintiff [Career Counseling]'s fax number of 803-359-3008" that stated in relevant part as follows:

---

> (3) Require the Federal Communications Commission [ ] and Comptroller General of the United States to provide certain reports to Congress regarding the enforcement of these provisions.

S. Rep. No. 109-76, at 1 (2005).

# AMERIFACTORS

--FUNDING BUSINESS IS OUR BUSINESS--

Phone: (407)566-1150
Fax: (407)566-1250
fsudovsky@amerifactors.com

# Fax Cover

**To**: Gina McCuen                                    **From**: Frank Sudovsky

**Fax**: 8033593008                                    **Date**: 6/28/16

**Re**: Financing for SNELLING STAFFING SVC

AmeriFactors is ready to help your company with your financing needs. We have been in business since 1990, and have funded over $5 Billion to U.S. businesses of all sizes.

Our application process is fast and easy, with 98% of all applicants approved. Bankruptcy and bad credit are okay. The services we offer are **not a loan** and there is **nothing to pay back**.

If you would like to learn more, call me at the number below, or fill out the form and fax it back to me at 407-557-3611.

Sincerely,

Call me today and save $600 off of your closing costs!
407-566-1150

Frank Sudovsky
Senior Vice President of Business Development
407.566.1150
fsudovsky@amerifactors.com

## Fill out this form and fax to: (407) 557-3611

Name:_____ Company:_____

Email:_____ Phone:_____

**Amerifactors is a wholly owned subsidiary of Gulf Coast Bank,[3] Member FDIC**

If you would like to be removed from our contact list, just dial 888-979-1777 and enter fax #. Thank you.

---

[3] The court observes that Gulf Coast Bank and Trust Company was named in the Class Action Complaint (*see* ECF No. 1), but has since been voluntarily dismissed from the case. (*See* ECF No. 40.)

(ECF Nos. 70 at 3 ¶ 13, 70-1 at 2.)  Career Counseling further alleges that "Defendants faxed the same and other unsolicited facsimiles without [permission or] the required opt-out language to Plaintiff and more than 25 other recipients."  (ECF No. 70 at 4 ¶¶ 15, 16.)

On September 2, 2016, Career Counseling filed a putative Class Action Complaint in this court alleging violation of the TCPA.  (ECF No. 1 at 8 ¶ 27–13 ¶ 36.)  On October 28, 2016, AFGL filed a Motion to Dismiss.  (ECF No. 29.)  After the parties responded and replied to the Motion to Dismiss (ECF Nos. 43 & 47), the court entered an Order that granted AFGL's Motion to Dismiss pursuant to Rule 12(b)(1) and dismissed the Class Action Complaint without prejudice.  (ECF No. 61 at 10.)  After receiving leave from the court (*see* ECF No. 67), Career Counseling filed a First Amended Class Action Complaint on November 28, 2017, alleging revised class claims for violation of the TCPA.  (*See* ECF No. 70.)  AFGL then filed a Motion to Dismiss (ECF No. 72) on December 21, 2017, and a Motion to Stay Litigation Pending Resolution of Petition Before the FCC (ECF No. 76) on February 2, 2018.[4]  On September 28, 2018, the court granted the stay, but denied the Motion to Dismiss with leave to refile.  (ECF No. 88.)  The court subsequently extended the stay twice.  (ECF Nos. 92, 96.)

In response to the petition by AFGL asking the FCC "to clarify that faxes sent to 'online fax services' are not faxes sent to 'telephone facsimile machines,' the Consumer and Government Affairs Bureau[5] issued a declaratory ruling on December 9, 2019, finding that an

---

[4] AFGL hoped to stay the matter until (1) the court ruled on the pending Motion to Dismiss and (2) the FCC took final agency action on AFGL's pending petition for declaratory relief.  (ECF No. 76 at 1.)

[5] "The Consumer and Governmental Affairs Bureau develops and implements the FCC's consumer policies and serves as the agency's connection to the American consumer." *FCC*, https://www.fcc.gov/consumer-governmental-affairs (last visited Dec. 21, 2020).  The Consumer and Governmental Affairs Bureau "serve[s] as the public face of the commission through outreach and education, as well as through our consumer center, which is responsible for responding to consumer inquiries and complaints."  *Id.* at https://www.fcc.gov/general/consumer-and-governmental-affairs-bureau (last visited Dec. 21, 2020).

online fax service that receives faxes "sent as email over the Internet" is not protected by the TCPA.[6] (*See* ECF No. 98-1 at 1, 4–5.) The court lifted the stay on January 8, 2020, but stayed the case again on April 16, 2020, after being informed by AFGL that it had sent a Notice of Constitutional Challenge (ECF No. 120) to the Attorney General of the United States pursuant to Rule 5.1(a) drawing into question the constitutionality of the TCPA, as amended by the JFPA. On May 18, 2020, the Government filed a response to AFGL's Notice of Constitutional Challenge asserting that "intervention [wa]s premature prior to Defendants' filing[] a motion to dismiss on constitutional grounds." (ECF No. 126 at 2.)

On July 15, 2020, AFGL filed the instant Motion to Dismiss the First Amended [Class Action] Complaint. (ECF No. 137.) Plaintiff filed its Opposition to the Motion to Dismiss the First Amended [Class Action] Complaint on July 29, 2020, to which AFGL filed a Reply Memorandum of Law in Further Support of the Motion to Dismiss on August 14, 2020. (ECF Nos. 139, 147.) In further support of their respective positions, the parties submitted Supplemental Authority on December 9, 2020, and December 18, 2020, and presented arguments

---

[6] In the December 9, 2019 ruling, the Consumer and Government Affairs Bureau held in relevant part:

> By this declaratory ruling, we make clear that an online fax service that effectively receives faxes 'sent as an email over the internet' and is not itself 'equipment which has the capacity . . . to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper' is not a 'telephone facsimile machine' and thus falls outside the scope of the statutory prohibition.

(ECF No. 98-1 at 2–3.) The parties expressly disagree regarding the relevance of this ruling. AFGL asserts that the court should accept the ruling and defer to it as required by *Chevron U.S.A. Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984). (ECF No. 165 at 2.) Career Counseling counters arguing that the Fourth Circuit has held that "the FCC's interpretations of the TCPA merely 'advise the public of the agency's construction of the statutes and rules which it administers,' and constitute non-binding 'guidance' that a district court 'doesn't have to accept . . . .'" (ECF No. 164 at 1 (citing *Carlton & Harris Chiropractic, Inc. v. PDR Network, LLC*, No. 16-2185, 2020 WL 7133865, at *4, *6 (4th Cir. Dec. 7, 2020)).)

to the court at a hearing on December 11, 2020.  (ECF Nos. 164, 165, 166, 169, 170.)

## II.     JURISDICTION

This court has jurisdiction over Career Counseling's claim alleging violation of the TCPA via 28 U.S.C. § 1331, as it arises under the laws of the United States, and also via 47 U.S.C. § 227(b)(3), which empowers actions under the TCPA "in an appropriate court of th[e] State . . . ."  *Id.*  *See also Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386–87 (2012) ("Nothing in the text, structure, purpose, or legislative history of the TCPA calls for displacement of the federal-question jurisdiction U.S. district courts ordinarily have under 28 U.S.C. § 1331.").

## III.    LEGAL STANDARD

A.     <u>Motions to Dismiss Pursuant to Rule 12(b)(1) for Lack of Subject Matter Jurisdiction</u>

Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of "cases" and "controversies."  U.S. Const. art. III, § 2.  "Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction."  *Pinkley, Inc. v. City of Fredrick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999).  A Rule 12(b)(1) motion for lack of subject matter jurisdiction raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it.  Fed. R. Civ. P. 12(b)(1).  In determining whether jurisdiction exists, the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).  "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  *Id.* (citation omitted).

6

The plaintiff bears the burden of proof on questions of subject matter jurisdiction. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

B.    Article III Standing

Standing is an essential component of a justiciable "case" under Article III. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). Standing implicates the court's subject matter jurisdiction and is governed by Rule 12(b)(1). *Crumbling v. Miyabi Murrells Inlet, LLC*, C/A No. 2:15-cv-4902-PMD, 2016 WL 3351351, at *1 (D.S.C. June 16, 2016). "It is well established that standing is a threshold jurisdictional issue that must be determined first because '[w]ithout jurisdiction the court cannot proceed at all in any cause.'" *Covenant Media of N.C., LLC v. City of Monroe, N.C.*, 285 F. App'x 30, 34 (4th Cir. 2008) (quoting *Steel Co.*, 523 U.S. at 94). "To possess the constitutional component of standing, a party must meet three requirements: (1) [the party] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *McBurney v. Cuccinelli*, 616 F.3d 393, 410 (4th Cir. 2010) (citing, *e.g.*, *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice . . . ." *Id.* The failure to meet this burden constitutes a jurisdictional defect. *See United States ex rel. Bunk v. Gosselin World Wide Moving, N.V.*, 741 F.3d 390, 402 (4th Cir. 2013).

A case must be brought by a party with a "personal stake" in the litigation. *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980); *United States v. Hardy*, 545 F.3d 280,

283 (4th Cir. 2008). "When the case is a class action lawsuit, the named class representatives 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong.'" *Pasby v. Delia*, 709 F.3d 307, 316 (4th Cir. 2013) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1001 n.13 (1982)). "[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) (citation omitted).

C.     Motions to Dismiss Pursuant to Rule 12(b)(6) for Failure to State a Claim

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). "In considering a 12(b)(6) challenge to the sufficiency of a complaint, this Rule must be applied in conjunction with the liberal pleading standard set forth in Federal Rule of Civil Procedure 8(a)." *Jenkins v. Fed. Bureau of Prisons*, C/A No. 3:10-1968-CMC-JRM, 2011 WL 4482074, at *2 (D.S.C. Sept. 26, 2011). Rule 8(a) provides that to be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a motion to dismiss, the court should accept as true all well-pleaded

8

allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc.*, 7 F.3d at 1134. "In so doing, a court may consider documents attached to the complaint or the motion to dismiss 'so long as they are integral to the complaint and authentic.'" *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## IV.     ANALYSIS

A.     The Parties' Arguments

   *1. AFGL*

AFGL moves the court to dismiss the First Amended Class Action Complaint pursuant to either Rule 12(b)(1) or 12(b)(6). (ECF No. 137 at 1.) First, AFGL argues that the First Amended Class Action Complaint should be dismissed for lack of standing under Rule 12(b)(1) because Career Counseling failed to address the Complaint's deficiencies as previously identified by the court (*see* ECF No. 61) and made changes that do not "resolve the standing issue." (ECF No. 137-1 at 9.) AFGL asserts that the allegations in the First Amended Class Action Complaint "do[] not clarify whether Plaintiff [Career Counseling] received the fax on a telephone facsimile machine, in which case it might have standing, or an online fax service, in which case it would not." (ECF No. 147 at 7.) Next, AFGL argues that Career Counseling "has failed to allege facts in support of a specific and cognizable injury-in-fact it actually suffered

from the single fax it allegedly received."[7]  (ECF No. 137-1 at 10.)  To this point, AFGL asserts that Career Counseling is alleging either merely "generalized allegations of injury," or, at the very least, that the injury is de minimis because the paper and toner losses Plaintiff alleges to have incurred from having been sent a single facsimile cannot confer standing to pursue a TCPA claim.  (*Id.* at 10, 11 (citation omitted).)  AFGL further asserts that Career Counseling cannot satisfy standing requirements based on the allegations of damages suffered by the putative class members.  (*Id.* at 12 (citing *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) ("That a suit may be a class action, however, adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" (citation omitted))).)

AFGL also moves the court to dismiss the Complaint pursuant to Rule 12(b)(6) because Career Counseling failed to allege sufficient facts "to establish a plausible TCPA violation." (ECF No. 137 at 1.)  Specifically, AFGL asserts that Career Counseling failed to allege (1) appropriate supporting allegations showing that a "facsimile was transmitted by or to equipment that meets the statutory definition of a 'telephone facsimile machine'"; (2) "it received the purported 'facsimile' on a telephone facsimile machine"; or (3) "the transmission was [sent] 'over a regular telephone line.'"  (*Id.* at 15 (citing ECF No. 70 at 3 ¶ 13–4 ¶ 18; 47 U.S.C. § 227(a)(3)).)  Based on the foregoing, AFGL argues that Career Counseling failed to satisfy the *Iqbal/Twombly* pleading standard because "it merely recites the elements of a TCPA cause of action with the addition of a few conclusory statements.  That is not enough—Plaintiff must

---

[7] In this regard, AFGL asserts that *Spokeo, Inc. v. Robins* stands for the proposition that "merely alleging the violation of a statute providing for minimum statutory damages is insufficient to establish the injury-in-fact requirement under Article III to the U.S. Constitution."  (ECF No. 137-1 at 2 (citing *id.*, 578 U.S. --, 136 S. Ct. 1540, 1547–48 (2016)).)

10

plead facts in support of its bare assertion that it received the Fax on a 'telephone facsimile machine' in order to sustain its claim." (ECF No. 137-1 at 15 (citing, *e.g.*, *Owens v. Balt. City State's Attorneys Office*, 767 F.3d 379, 403 (4th Cir. 2014) (finding a plaintiff fails to state a claim when he "formulaically recites the elements" of his cause of action)).) Therefore, AFGL requests that the court dismiss Career Counseling's First Amended Class Action Complaint for failure to allege "sufficient factual allegations on a key element of the TCPA, namely whether Plaintiff [Career Counseling] received the message on 'equipment which has the capacity . . . to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper." (ECF No. 137-1 at 16 (citing 47 U.S.C. § 227(a)(3)).)

  2. *Career Counseling*

Career Counseling opposes AFGL's Rule 12(b)(1) Motion to Dismiss arguing that numerous decisions have been issued, including from this court, demonstrating that it has alleged a concrete injury sufficient to establish Article III standing based on allegations that it received an unsolicited fax advertisement. (*See* ECF No. 139 at 7–11.) In support of this argument, Career Counseling asserts that (1) it "expressly alleged that it received the Fax on a telephone facsimile machine, not as an email attachment from an 'online fax service'"; (2) it stated that its allegations "are based on personal knowledge"; and (3) the TCPA "does not require that the fax be received 'over a regular telephone line,' but only that the equipment to which the fax is sent have the 'capacity' to perform that function." (ECF No. 139 at 11, 12 (citations omitted).) As to AFGL's arguments regarding damages, Career Counseling asserts that they should be disregarded because the TCPA defines the measure of damages and the United States Court of Appeals for the Fourth Circuit has expressly rejected the notion that "Article III's injury-in-fact requirement is not met until the plaintiff's alleged harm has risen to a level that would support a

common law cause of action." (ECF No. 139 at 15 (quoting *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 653–54 (4th Cir. 2019)).)

In opposing AFGL's Rule 12(b)(6) Motion, Career Counseling first argues that "the TCPA does not require that the plaintiff 'received' the fax on a telephone facsimile machine . . . [but] that the defendant 'sen[t], to a telephone facsimile machine' the unsolicited fax." (ECF No. 139 at 18 (citing 47 U.S.C. § 227(b)(1)(C)).) Second, Career Counseling argues that it has alleged, even though it is not required to do so, that "it received the Fax on its 'telephone facsimile machine.'" (*Id.* (citing ECF No. 70 at 11 ¶ 31 ("Defendants sent the advertisement on or about June 28, 2016, via facsimile transmission from telephone facsimile machines, . . . to the . . . facsimile machines of Plaintiff . . . .")).)  As a result, Career Counseling asserts that it has alleged a plausible violation of the TCPA.

B.     The Court's Review

The TCPA restricts a person from using a telephone facsimile machine, computer, or other device to send unsolicited fax advertisements to another person's telephone facsimile machine.[8]  47 U.S.C. § 227(b)(1)(C).  AFGL seeks dismissal of Career Counseling's First Amended Class Action Complaint arguing that Career Counseling is unable to demonstrate concrete injury sufficient to establish Article III standing and it has failed to allege a plausible violation of the TCPA. (ECF No. 137 at 1.)

1. *Article III Standing*

In this matter, the parties dispute whether the following allegations establish Career Counseling's standing to bring claims under the TCPA:

---

[8] "The term 'telephone facsimile machine' means equipment which has the capacity (A) to transcribe text or images, or both, from paper into an electronic signal and to transmit that signal over a regular telephone line, or (B) to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper." 47 U.S.C. § 227(a)(3).

> On or about June 28, 2016, Defendants transmitted by telephone facsimile machine an unsolicited facsimile to Plaintiff's fax number of 803-359-3008. A copy of the facsimile is attached hereto as Exhibit A.

(ECF No. 70 at 3 ¶ 13.)

> Plaintiff had not invited or given permission to Defendants to send the faxes.

(*Id.* at 4 ¶ 14.)

> Defendants sent the advertisement on or about June 28, 2016, via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone lines and facsimile machines of Plaintiff . . . . The Fax constituted an advertisement under the Act. Defendant failed to comply with the Opt-Out Requirements in connection with the Fax. The Fax was transmitted to persons or entities without their prior express invitation or permission and/or Defendants are precluded from asserting any prior express invitation or permission or that Defendants had an established business relationship with Plaintiff . . ., because of the failure to comply with the Opt-Out Notice Requirements.

(*Id.* at 11 ¶ 31.)

> Receiving the Defendants' junk faxes caused Plaintiff . . . to lose paper and toner consumed in the printing of the Defendants' faxes. Moreover, the Defendants' faxes used the Plaintiff's . . . telephone line[] and fax machine. The Defendants' faxes cost the Plaintiff . . . time, as the Plaintiff . . . and [its] employees wasted their time receiving, reviewing and routing the Defendants' unauthorized faxes. That time otherwise would have been spent on the Plaintiff's . . . business activities.

(*Id.* at 12–13 ¶ 36.)

Although the Fourth Circuit has not, at least one other court in the circuit, the United States District Court for the District of Maryland, has had to address Article III standing based on the receipt of a single one-page fax. The allegations were summarized by that court as follows:

> Plaintiff does not allege any damages or loss other than that which would be the inevitable consequence of such a fax, *i.e.*, the use of a single sheet of paper, the ink used to print the content, the "wear and tear" on the fax machine resulting from the processing of one sheet of paper, *etc.* There is no allegation that the receipt of the single fax at issue caused any consequential damage. In brief, it appears that Plaintiff's alleged injury would amount to no more than a small fraction of one cent.

*Wendell H. Stone Co., Inc. v. Chesapeake Plywood, LLC*, C/A No. MJG-16-2821, 2017 WL 1550242, at *2 (D. Md. May 1, 2017). Upon its review of those allegations, the Maryland district court concluded that the Fourth Circuit would agree that they were sufficient to provide Article III standing in the context of a TCPA fax claim. *Id.* (citing *Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 639 (4th Cir. 2005)[9]). The court finds *Stone Co.* to be very persuasive.

Therefore, accepting as true the allegations of the First Amended Class Action Complaint as is required at this stage of the proceeding, the court finds that there is significant caselaw supporting Career Counseling's position that it has sufficiently alleged injury in fact, traceability, and redressability as to the allegations pleaded in the First Amended Class Action Complaint. *See, e.g.*, *Krakauer v. Dish Network, LLC*, 925 F.3d 643, 654 (4th Cir. 2019) ("Since that harm is both particular to each person and imposes a concrete burden on his privacy, it is sufficient to confer standing. The appellant's suggestion otherwise is nothing more than an attempt to dismember the TCPA, converting a simple remedial scheme into a fact-intensive quarrel . . . ."); *Florence Endocrine Clinic, PLLC v. Arriva Medical, LLC*, 858 F.3d 1362, 1366 (11th Cir. 2017) ("Because the clinic's fax machine was occupied and rendered unavailable for legitimate

---

[9] The Maryland district court made the following observations regarding the *Resource* case:

> [T]he Fourth Circuit decided—for insurance coverage purposes—that a claim against an insured for sending a fax in violation of the TCPA was a covered claim for 'property damage.' The *Resource* court stated that the receipt of a fax 'occasions the very property damage the TCPA was written to address: depletion of the recipient's time, toner, and paper, and occupation of the fax machine and phone line.' *Id.* The *Resource* court stated that it "fully" agreed with a Seventh Circuit statement that: junk faxes use up the recipient's ink and paper, but senders anticipate that consequence. Senders may be uncertain whether particular faxes violate § 227(b)(1)(C) but all senders know exactly how faxes deplete recipients' consumables . . . . *Resource*, 407 F. 3d at 639 (quoting *Am. States Ins. Co. v. Capital Assocs. of Jackson Cty., Inc.*, 392 F.3d 939, 943 (7th Cir. 2004)).

*Stone Co.*, 2017 WL 1550242, at *2.

14

business while processing the unsolicited fax, the clinic established that it suffered a concrete injury."); *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1042–43 (9th Cir. 2017); *Susinno v. Work Out World, Inc.*, 862 F.3d 346, 351 (3d Cir. 2017) (holding that receipt of an unsolicited call was a "concrete, albeit intangible" injury because the injury was both one Congress intended to prevent in enacting the TCPA and similar to privacy interests that traditional common law causes of action sought to prevent). As a result, the court is not persuaded that Career Counseling lacks standing to proceed with this action. Accordingly, the court **DENIES** AFGL's Motion to Dismiss under Rule 12(b)(1) based on Career Counseling's alleged lack of standing.

  2. *Plausible Allegations of a TCPA Violation*

To prevail on a TCPA claim under 47 U.S.C. § 227(b)(1)(C), a plaintiff must establish that "(1) the defendant used a telephone facsimile machine, a computer, or other device to send[10] one or more faxes to the plaintiffs facsimile machine; (2) the faxes sent were 'advertisements'; and (3) the plaintiff did not give prior express invitation or permission for defendant to send the faxes." *Brodsky v. HumanaDental Ins. Co.*, No. 10 C 3233, 2014 WL 2780089, at *6 (N.D. Ill. June 12, 2014) (citation omitted); *see also Asher & Simons, P.A. v. j2 Global Can., Inc.*, 965 F. Supp. 2d 701, 707 (D. Md. 2013) ("A claim under the relevant provision of the TCPA has the following elements: (1) use of a facsimile machine (2) to send to a telephone facsimile machine (3) an unsolicited advertisement, (4) in the absence of an established business relationship, permission or invitation." (citing 47 U.S.C. § 227(b)(1)(C))). However, in its Motion to Dismiss pursuant to Rule 12(b)(6), AFGL makes an argument citing to the Consumer and Government Affairs Bureau's December 9, 2019 declaratory ruling that essentially adds to the "sent" element

---

[10] "The term sender . . . means the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement." 47 C.F.R. § 64.1200(f)(10).

the additional requirement that Career Counseling plead that it "received the [fax] message on 'equipment which has the capacity . . . to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper.'"  (ECF No. 137-1 at 16 (citing 47 U.S.C. § 227(a)(3)).)

When considering this issue, courts have observed that "[t]he plain language of the [TCPA] statute does not refer to any requirement that the fax is actually received by the addressee."  *Chapman v. Wagener Equities, Inc.*, No. 09 C 07299, 2014 WL 540250, at *8 (N.D. Ill. Feb. 11, 2014).  *E.g.*, *Hinman v. M&M Rental Ctr., Inc.*, 596 F. Supp. 2d 1152, 1159 (N.D. Ill. 2009) ("On its face, the statute prohibit[s] the sending of unsolicited fax advertisements and make[s] no reference at all to receipt, much less to printing.").  Notwithstanding this observation, the court in *Chapman* concluded that the "to send" in the TCPA does not require "direct proof of actual receipt," but does require "circumstantial evidence that the fax was successfully transmitted."  *Id.* at 2014 WL 540250, at *8.

Finding *Chapman* to be persuasive, the court observes that Career Counseling expressly alleges in the First Amended Class Action Complaint that AFGL used a telephone facsimile machine to send an unsolicited fax advertisement to Career Counseling's fax number of 803-359-3008.  (*See* ECF No. 70 at 3 ¶ 13–4 ¶ 15.)  Moreover, Career Counseling attached to its First Amended Class Action Complaint a printed copy of the purported fax communication that was sent to that very same fax number.  (*See* ECF No. 70-1.)  Assuming the allegations in the First Amended Class Action Complaint are true, together with plausible references in Career Counseling's favor, the court finds that the allegations in the First Amended Class Action Complaint in combination with the alleged copy of the fax sufficiently establish the elements of a TCPA claim, including that the fax was successfully transmitted.  As a result, AFGL is not

entitled to dismissal of Career Counseling's claims under the TCPA pursuant to Rule 12(b)(6).[11]

## V.     CONCLUSION

For the reasons set forth above, the court hereby **DENIES** Defendant Amerifactors Financial Group, LLC's Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and **DENIES** its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 137.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 22, 2020
Columbia, South Carolina

---

[11] As a result of this determination, the court finds that is not required to announce a position on the relevance of the Consumer and Governmental Affairs Bureau's December 9, 2019 declaratory ruling at this time.  Specifically, upon its consideration of the allegations contained in the First Amended Class Action Complaint, there does not appear to be any reference to an "online fax service" requiring the court's assessment of the declaratory ruling.