IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Career Counseling, Inc. d/b/a Snelling Staffing Services, a South Carolina corporation, individually and as the representative of a class of similarly situated persons, | ) Civil Action No. 3:16-cv-03013-JMC )<br>)<br>)<br>)<br>) |
| Plaintiff, | ) **ORDER AND OPINION** |
| v. | ) |
| Amerifactors Financial Group, LLC, and John Does 1–5, | )<br>)<br>) |
| Defendants. | )<br>) |

Plaintiff Career Counseling, Inc. d/b/a Snelling Staffing Services, on behalf of itself and all others similarly situated, filed the instant putative class action seeking damages and injunctive relief from Defendants Amerifactors Financial Group, LLC ("AFGL") and John Does 1–5 (collectively "Defendants") for alleged violations of the Telephone Consumer Protection Act ("TCPA") of 1991, as amended by the Junk Fax Prevention Act of 2005 ("JFPA"), 47 U.S.C. § 227, and the regulations promulgated under the TCPA by the United States Federal Communications Commission ("FCC"). (ECF No. 70.)

This matter is before the court on Career Counseling's Renewed Motion to Reconsider pursuant to Rule 54(b) of the Federal Rules of Civil Procedure (ECF No. 189). Specifically, Career Counseling seeks reconsideration of the court's Order (ECF No. 177) entered on January 12, 2021 (the "January Order"), denying Career Counseling's Motion for Entry of Court Order to Pursue Immediate Discovery Compliance from Third-Party Phone Carriers (ECF No. 172), and an Order (ECF No. 187) entered on February 10, 2021 (the "February Order"), denying without prejudice the Motion to Reconsider the January Order. (ECF No. 178.) AFGL opposes Career Counseling's

Motion to Dismiss in its entirety. (ECF No. 192.) For the reasons set forth below, the court **GRANTS** Career Counseling's Renewed Motion to Reconsider. (ECF No. 189.)

## I. RELEVANT BACKGROUND TO PENDING MOTIONS

Career Counseling alleges that "on or about June 28, 2016, Defendants transmitted by telephone facsimile machine an unsolicited facsimile to Plaintiff [Career Counseling]'s fax number of 803-359-3008" that stated in relevant part as follows:

---

# AMERIFACTORS
--FUNDING BUSINESS IS OUR BUSINESS--

Phone: (407)566-1150
Fax: (407)566-1250
fsudovsky@amerifactors.com

# Fax Cover

**To**: Gina McCuen

**From**: Frank Sudovsky

**Fax**: 8033593008

**Date**: 6/28/16

**Re**: Financing for SNELLING STAFFING SVC

AmeriFactors is ready to help your company with your financing needs. We have been in business since 1990, and have funded over $5 Billion to U.S. businesses of all sizes.

Our application process is fast and easy, with 98% of all applicants approved. Bankruptcy and bad credit are okay. The services we offer are **not a loan** and there is **nothing to pay back**.

If you would like to learn more, call me at the number below, or fill out the form and fax it back to me at 407-557-3611.

Sincerely,

Call me today and save $600
off of your closing costs!
407-566-1150

Frank Sudovsky
Senior Vice President of Business Development
407.566.1150
fsudovsky@amerifactors.com

---

> **Fill out this form and fax to: (407) 557-3611**
>
> Name:_____  Company:_____
>
> Email:_____  Phone:_____

> **Amerifactors is a wholly owned subsidiary of Gulf Coast Bank,**[1] **Member FDIC**
>
> If you would like to be removed from our contact list, just dial 888-979-1777 and enter fax #. Thank you.

(ECF Nos. 70 at 3 ¶ 13, 70-1 at 2.) Career Counseling further alleges that "Defendants faxed the same and other unsolicited facsimiles without [permission or] the required opt-out language to Plaintiff and more than 25 other recipients." (ECF No. 70 at 4 ¶¶ 15, 16.)

On September 2, 2016, Career Counseling filed a putative Class Action Complaint in this court alleging violation of the TCPA. (ECF No. 1 at 8 ¶ 27–13 ¶ 36.) On October 28, 2016, AFGL filed a Motion to Dismiss. (ECF No. 29.) After the parties responded and replied to the Motion to Dismiss (ECF Nos. 43 & 47), the court entered an Order that granted AFGL's Motion to Dismiss pursuant to Rule 12(b)(1) and dismissed the Class Action Complaint without prejudice. (ECF No. 61 at 10.) After receiving leave from the court (*see* ECF No. 67), Career Counseling filed a First Amended Class Action Complaint on November 28, 2017, alleging revised class claims for violation of the TCPA. (*See* ECF No. 70.) AFGL then filed a Motion to Dismiss (ECF No. 72) on December 21, 2017, and a Motion to Stay Litigation Pending Resolution of Petition Before the FCC (ECF No. 76) on February 2, 2018.[2] On September 28, 2018, the court granted the stay, but denied the Motion to Dismiss with leave to refile. (ECF No. 88.) The court subsequently extended

---

[1] The court observes that Gulf Coast Bank and Trust Company was named in the Class Action Complaint (*see* ECF No. 1), but has since been voluntarily dismissed from the case. (*See* ECF No. 40.)

[2] AFGL hoped to stay the matter until (1) the court ruled on the pending Motion to Dismiss and (2) the FCC took final agency action on AFGL's pending petition for declaratory relief. (ECF No. 76 at 1.)

the stay twice. (ECF Nos. 92, 96.)

In response to the petition by AFGL asking the FCC "to clarify that faxes sent to 'online fax services' are not faxes sent to 'telephone facsimile machines,'" the Consumer and Government Affairs Bureau[3] issued a declaratory ruling on December 9, 2019, finding that an online fax service that receives faxes "sent as email over the Internet" is not protected by the TCPA.[4] (*See* ECF No. 98-1 at 1, 4–5.) The court lifted the stay on January 8, 2020, but stayed the case again on April 16, 2020, after being informed by AFGL that it had sent a Notice of Constitutional Challenge (ECF No. 120) to the Attorney General of the United States pursuant to Rule 5.1(a) drawing into question the constitutionality of the TCPA, as amended by the JFPA. On May 18, 2020, the Government filed a response to AFGL's Notice of Constitutional Challenge asserting that "intervention [wa]s premature prior to Defendants' filing[] a motion to dismiss on constitutional grounds." (ECF No.

---

[3] "The Consumer and Governmental Affairs Bureau develops and implements the FCC's consumer policies and serves as the agency's connection to the American consumer." *FCC*, https://www.fcc.gov/consumer-governmental-affairs (last visited Dec. 21, 2020). The Consumer and Governmental Affairs Bureau "serve[s] as the public face of the commission through outreach and education, as well as through our consumer center, which is responsible for responding to consumer inquiries and complaints." *Id.* at https://www.fcc.gov/general/consumer-and-governmental-affairs-bureau (last visited Dec. 21, 2020).

[4] In the December 9, 2019 ruling, the Consumer and Government Affairs Bureau held in relevant part:

> By this declaratory ruling, we make clear that an online fax service that effectively receives faxes 'sent as an email over the internet' and is not itself 'equipment which has the capacity . . . to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper' is not a 'telephone facsimile machine' and thus falls outside the scope of the statutory prohibition.

(ECF No. 98-1 at 2–3.) The parties expressly disagree regarding the relevance of this ruling. AFGL asserts that the court should accept the ruling and defer to it as required by *Chevron U.S.A. Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984). (ECF No. 165 at 2.) Career Counseling counters arguing that the Fourth Circuit has held that "the FCC's interpretations of the TCPA merely 'advise the public of the agency's construction of the statutes and rules which it administers,' and constitute non-binding 'guidance' that a district court 'doesn't have to accept . . . .'" (ECF No. 164 at 1 (citing *Carlton & Harris Chiropractic, Inc. v. PDR Network, LLC*, No. 16-2185, 2020 WL 7133865, at *4, *6 (4th Cir. Dec. 7, 2020)).)

126 at 2.)

On July 15, 2020, AFGL filed a Motion to Dismiss the First Amended [Class Action] Complaint. (ECF No. 137.) After considering the parties extensive briefing (see ECF Nos. 139, 147, 164, 165, 166, 169, 170), the court denied AFGL's Motion to Dismiss on December 22, 2020. (ECF No. 171.) Thereafter, in response to Career Counseling's Motion for Entry of Court Order to Pursue Immediate Discovery Compliance from Third-Party Phone Carriers pursuant to Rule 45 of the Federal Rules of Civil Procedure (ECF No. 172), the court made the following observations in the January Order:

> This matter is before the court pursuant to Plaintiff Career Counseling Inc.'s Motion for Entry of Court Order to Pursue Immediate Discovery Compliance from Third-Party Phone Carriers pursuant to Rule 45 of the Federal Rules of Civil Procedure. (ECF No. 172.) Specifically, Career Counseling asserts that it needs a court order issued pursuant to 47 U.S.C. § 551(c)(2) to get specified phone carriers to respond to subpoenas requesting information on prospective class members. (*Id.* at 2 ¶¶ 4, 5.) Defendant Amerifactors Financial Group, LLC opposes Career Counseling's Motion arguing that the requested subpoenas "impose a heavy burden," "threaten to delay resolution of this case," and are defective because Career Counseling failed to provide the notice required by Rule 45. (ECF No. 176 at 1, 9, 11.) Upon its review, the court observes that § 551 of the Cable Communications Policy Act of 1984 provides that only a "governmental entity may obtain personally identifiable information concerning a cable subscriber pursuant to a court order." 47 U.S.C. § 551(h); *see also id.* at § 551(c)(2)(B) ("A cable operator may disclose such information if the disclosure is—subject to subsection (h), made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed; . . . ."). In this regard, because Career Counseling is not a governmental entity, the court finds that it lacks authority to issue the order requested by Career Counseling to enforce its civil subpoenas. *See Merrifield v. Gussman*, 296 F. Supp. 3d 362, 366 (D. Mass. 2017) ("There is no mention or allowance, however, under the Cable Communications Policy Act for a court to issue disclosure in response to a civil subpoena."); *Interscope Records v. Does 1–7*, 494 F. Supp. 2d 388, 390 (E.D. Va. 2007) ("Because plaintiffs are not government entities, the CCPA does not authorize their ex parte subpoena."). Accordingly, the court **DENIES** Career Counseling's Motion for Entry of Court Order to Pursue Immediate Discovery Compliance from Third-Party Phone Carriers. (ECF No. 172.)

(ECF No. 177.) Then, in response to Career Counseling's Motion to Reconsider (ECF No. 178), the court entered the February Order, observing as follows:

TEXT ORDER: This matter is before the court on Plaintiff's Rule 54(b) Motion to Reconsider (ECF No. 178) the court's ORDER entered on January 12, 2021 (ECF No. 177) (the "January Order") pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. In the January Order, the court denied Plaintiff's Motion for Entry of Court Order to Pursue Immediate Discovery Compliance from Third-Party Phone Carriers (ECF No. 172) finding that because Plaintiff was not a governmental entity, the court lacked authority under 47 U.S.C. § 551(c)(2)(B) to issue an order requiring compliance with Plaintiff's subpoenas. (ECF No. 177.) In its Motion, Plaintiff argues that the court's reading of § 551 "is incorrect" and "results in manifest injustice to Plaintiff as it restricts Plaintiff's ability to obtain evidence." (ECF No. 178-1 at 7, 8.) In this regard, Plaintiff asserts that § 551(c)(2)(B) allows disclosure of subscriber information to a nongovernmental entity if the disclosure is made pursuant to a court order authorizing the disclosure. (ECF No. 178-1 at 8 (citing, *e.g.*, *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002); *Fitch v. Doe*, 869 A.2d 722, 728–29 (Me. 2005)).) Defendant opposes the Motion observing that the court "correctly denied Plaintiff's request to compel third-party phone carriers to respond to Plaintiff's Subpoenas and there is no basis for the Court to reconsider this ruling." (ECF No. 186 at 1.) Additionally, Defendant argues that Plaintiff's request is overly burdensome and not proportional to the needs of the case. (*Id.* at 2.) "Although Rule 54(b) does not specify grounds for seeking reconsideration, the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Emp'rs' Innovative Network, LLC v. Bridgeport Benefits, Inc.*, C/A NO. 5:18-cv-01082, 2019 WL 8160984, at 1 (S.D. W. Va. Sept. 17, 2019) (citation omitted). In the instant Motion, Plaintiff's arguments require the court to only consider the clear error and manifest injustice prong. *See, e.g.*, *United States v. Harvey*, 532 F.3d 326, 336 (4th Cir. 2008) (observing that clear error occurs when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." (internal quotation marks omitted)); *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (finding manifest injustice where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . ." (citations omitted)). Upon its review, the court acknowledges that there are courts, albeit not the United States Court of Appeals for the Fourth Circuit, which have authorized subpoenas under § 551(c)(2)(B) requested by nongovernmental entities. Therefore, the court did not commit error in declining to follow those decisions. *Sims v. Colvin*, No. 0:14-1663-MGL-PJG, 2015 WL 5525096, at *3 (D.S.C. Sept. 17, 2015) ("[T]his Court is not bound by the decisions of other district courts."); *United States v. Holmes*, No. 3:10CR102, 2012 WL 2326003, at *3 (W.D.N.C. June 19, 2012) ("This court . . . is not bound by the decisions of other district courts or even the decisions of appellate courts outside the Fourth Circuit. Decisions of other district courts are, however, instructive, and the decisions of appellate courts outside the Fourth Circuit are highly persuasive in the absence of binding authority from the Fourth Circuit or the Supreme Court."). As to whether the January Order

> results in a manifest injustice, the court observes that nowhere in Plaintiff's Motion is there a statement of how many of the 300+ subpoenaed phone carriers refuse to respond without a court order. Without this information, the court is hesitant to conclude the January Order results in a manifest injustice and, therefore, **DENIES WITHOUT PREJUDICE** the Motion to Reconsider. (ECF No. 178.)

(ECF No. 187.)

On February 18, 2021, Career Counseling filed the instant Renewed Motion to Reconsider. (ECF No. 189.)

## II. JURISDICTION

This court has jurisdiction over Career Counseling's claim alleging violation of the TCPA via 28 U.S.C. § 1331, as it arises under the laws of the United States, and also via 47 U.S.C. § 227(b)(3), which empowers actions under the TCPA "in an appropriate court of th[e] State . . . ." *Id. See also Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386–87 (2012) ("Nothing in the text, structure, purpose, or legislative history of the TCPA calls for displacement of the federal-question jurisdiction U.S. district courts ordinarily have under 28 U.S.C. § 1331.").

## III. LEGAL STANDARD

Rule 54(b) provides the following:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

Under Rule 54(b), the "district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003); *see also Moses H. Cone*

*Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge"). The Fourth Circuit has offered little guidance on the standard for evaluating a Rule 54(b) motion, but has held motions under Rule 54(b) are "not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n*, 326 F.3d at 514; *see also Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991) (the Court found it "unnecessary to thoroughly express our views on the interplay of Rules 60, 59, and Rule 54").

Without such express guidance, district courts in the Fourth Circuit, in analyzing the merits of a Rule 54 motion, look to the standards of motions under Rule 59 for guidance. *See U.S. Home Corp. v. Settlers Crossing, LLC*, C/A No. DKC 08-1863, 2012 WL 5193835, at *2 (D. Md. Oct. 18, 2012); *R.E. Goodson Constr. Co., Inc. v. Int'l Paper Co.*, C/A No. 4:02-4184-RBH, 2006 WL 1677136, at *1 (D.S.C. June 14, 2006); *Akeva L.L.C. v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565–66 (M.D.N.C. 2005). Therefore, reconsideration under Rule 54 is appropriate on the following grounds: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Beyond Sys., Inc. v. Kraft Foods, Inc.*, C/A No. PJM-08-409, 2010 WL 3059344, at *2 (D. Md. Aug. 4, 2010) ("This three-part test shares the same three elements as the Fourth Circuit's test for amending an earlier judgment under Rule 59(e), but the elements are not applied with the same force when analyzing an[] interlocutory order.") (citing *Am. Canoe Ass'n*, 326 F.3d at 514).

### IV.     ANALYSIS

A.     The Parties' Arguments

*1. Career Counseling*

To address the concerns the court expressed in the January and February Orders, Career Counseling specifies that AT&T, Inc., Charter Communications, LLC, Frontier Communications,

Cox Communications, and Comcast Corporation "account for 26,700 out of the 58,944 total fax recipients, or forty-five percent of the putative class—[and] they . . . have stated that they will not produce documents responsive to the phone carrier subpoenas without an order authorizing such production from this [c]ourt" pursuant to 47 U.S.C. § 551(c)(2)(B). (ECF No. 189-1 at 2.) To this point, Career Counseling asserts that "[i]f responses are received just from the[se] phone carriers [], it would result in complete responses for an additional 26,700 numbers, thus bringing the total to more than 48,000 numbers (more than 81% of the putative class)." (*Id.* at 7 (citation omitted).) Therefore, Career Counseling asks the court to reconsider its prior Orders and allow it to obtain discovery from the phone carrier subpoena respondents, because "the denial of such an opportunity based on the circumstances described herein would be manifestly unjust." (*Id.* at 12.)

   2. *AFGL*

AFGL opposes the instant Motion asserting that "[t]here is nothing in Plaintiff's Renewed Motion that supports reconsideration of this [c]ourt's Order denying Plaintiff's request" in light of "(i) Plaintiff's delay in issuing the Subpoenas, (ii) the inability the Subpoenas will have to identify online fax service users, and (iii) the cost, delay and complexity that Plaintiff's proposed process . . . will have on this litigation." (ECF No. 192 at 1–2.) As a result, AFGL argues that "Plaintiff's submission fails to establish the 'manifest injustice' required because (i) Plaintiff delayed pursuing the discovery requested [by as much as three (3) months], (ii) the discovery sought will not identify online fax users [if the service provider did not provide online fax services], and (iii) Plaintiff's request will unnecessarily delay the resolution of this litigation and increase the cost and complexity." (*Id.* at 4.)

B.     The Court's Review

Career Counseling is seeking reconsideration of the January and February Orders on the basis that the court's decision results in manifest injustice. Manifest injustice occurs where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . ." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (citations omitted). "Where the basis of the motion for reconsideration is to correct a manifest injustice, the party must persuade the court that not only was the prior decision wrong, 'but that it was clearly wrong and that adherence to the decision would create a manifest injustice.'" *Payne v. DeLuca*, No. 2:02-CV-1927, 2006 WL 3590014, at *2 (W.D. Pa. Dec. 11, 2006) (quoting *In re City of Phila. Litig.*, 158 F.3d 711, 718 (3d Cir. 1998)).

Upon consideration of the parties' arguments, the court finds that the January and February Orders inflict upon Plaintiff a manifest injustice based on the court's interpretation of the controverted phrase "subject to subsection (h)" in the statutory language of 47 U.S.C. § 551(c)(2)(B). *Compare* (ECF No. 177) *with Fitch*, 869 A.2d at 728–29 ("When the party seeking information is not a governmental entity, § 551(h) is not applicable [and t]he use of the 'subject to' language ensures that governmental entities will not be able to bypass § 551(h); it does not impose the requirements of § 551(h) on parties who are not governmental entities."). Because of the lack of viable precedent supporting any interpretation of the aforementioned phrase, the court is persuaded that if it upholds the January and February Orders, these decisions would amount to a wrong decision foreclosing Career Counseling from being able to obtain substantive information regarding at least forty-five (45) per cent of the proposed putative class. For this reason, the court concludes that Career Counseling's Motion to Reconsider should be granted based on manifest

injustice.

## V. CONCLUSION

For the reasons set forth above, the court hereby **GRANTS** Plaintiff Career Counseling, Inc. Renewed Motion to Reconsider pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. (ECF No. 189.) Accordingly, the court will enter an order authorizing third-party subpoena recipients to respond to Career Counseling's subpoenas.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 12, 2021
Columbia, South Carolina