IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| **CAREER COUNSELING, INC.** d/b/a **SNELLING STAFFING SERVICES**, a South Carolina corporation, individually and as the representative of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>**AMERIFACTORS FINANCIAL GROUP, LLC and JOHN DOES 1-5,**<br><br>Defendants. | CASE NO.: 3:16-cv-3013-JMC |

### DECLARATION OF WHITNEY M. SMITH

I, Whitney M. Smith, declare and state as follows:

1. I am a partner at the law firm of Kelley Drye & Warren LLP, counsel of record for defendant AmeriFactors Financial Group, LLC ("AmeriFactors"). I am admitted *pro hac vice* in this action and make this declaration in support of AmeriFactors' Opposition to Plaintiff's Motion for Class Certification ("Opposition").

2. I have personal knowledge of the facts set forth herein. If called to testify, I could and would competently testify as to the matters stated herein.

**Responses to Plaintiff's Subpoenas**

3. Plaintiff's counsel served over 400 third-party subpoenas in this action.

4. Under my supervision and direction, certain employees and consultants of Kelley Drye & Warren LLP have been recording: (a) whether a response to each subpoena was received; and (b) if a response was received, the information received, including whether a response includes a subscriber's name and phone number for a given phone number.

1

5. According to our records, no response has been received with respect to approximately 247 subpoenas.

6. According to our records, approximately sixteen subpoena recipients have objected to providing any information in response to the Subpoenas. One such recipient is Mitel, an online fax service provider, and from which Plaintiff requested information for all 58,944 numbers reflected in the fax logs produced in this action ("Fax Logs"). Other subpoena recipients that have objected to providing responsive information account for approximately 6,185 telephone numbers contained in the Fax Logs. As an example of the objections, one subpoena recipient, Onvoy, LLC, stated: "[T]hese are far and away the two most voluminous and unusual civil subpoenas ever received by our company."

7. According to our records, approximately 62 responses from subpoena recipients stated that the recipient could not provide information regarding at least one of the telephone numbers for which Plaintiff requested subscriber information in the subpoena.

8. In addition, based upon a review of Exhibits A and B to the declaration of Ross Good dated March 16, 2021 (Dkt. 197-10, "Good Cert. Decl."), subscriber names ("Subscriber Names") were provided with respect to approximately 1,956 telephone numbers in the subpoena responses.

9. In this case, a copy of the list that was used to transmit the fax at issue was produced ("Fax List") as AMERIF-000002154. The Fax List included the name of the company, as well as other information, associated with each telephone number that was used to transmit the fax at issue. Under my direction and supervision, the Subscriber Names received in response to the subpoenas were compared to the names of the companies associated with the same phone

number reflected in the Fax List. Approximately 616 Subscriber Names did not match the company name identified in the Fax List for a given telephone number.

10. Mr. Good states that the subpoena process has identified 20,989 putative members in the class that Plaintiff describes as the "stand-alone fax machine class." (Good Cert. Decl. ¶ 13). This number includes, for example, over 4,000 numbers that the subpoena response from Telcordia associated with Verizon as the telephone carrier. (Good Cert. Decl. Ex. A). Verizon's response to Plaintiff's subpoena stated that it "does not have information available to allow it to determine whether the customer associated with the telephone numbers used the number with a fax or online service. Verizon therefore has no information responsive to this request." Other subpoena recipients responded similarly to Verizon and the telephone numbers associated with those recipients are also included in the stand-alone fax machine class.

**Exhibits**

11. Attached hereto as Exhibit A is a true and correct copy of excerpts from the deposition of Plaintiff's 30(b)(6) witness, Elizabeth Trenbeath, taken on January 12, 2021.

12. Attached hereto as Exhibit B is a true and correct copy of excerpts from the deposition of Jeffrey Speiser taken on December 22, 2020.

13. Attached hereto as Exhibit C is a true and correct copy of excerpts from the deposition of Kevin Gowen taken on December 22, 2020.

14. Attached hereto as Exhibit D is a true and correct copy of excerpts from the deposition of Chad Komniey taken on September 22, 2020.

15. Attached hereto as Exhibit E is a true and correct copy of excerpts of the deposition of Barry Clark taken on January 26, 2021.

16. Attached hereto as Exhibit F is a true and correct copy of excerpts of the deposition of Robert Biggerstaff taken on September 18, 2020.

17. Attached hereto as Exhibit G is a true and correct copy of Defendant's Expert Rebuttal Report of Ken Sponsler dated October 16, 2020. Confidential information has been redacted.

18. Attached hereto as Exhibit H is a true and correct copy of the Supplemental Report of Kenneth Sponsler dated January 28, 2021. Confidential information has been redacted.

19. Attached hereto as Exhibit I is a true and correct copy of the Expert Report of Adam Hart dated October 16, 2020.

20. Attached hereto as Exhibit J is a true and correct copy of excerpts of Plaintiff's Supplemental Answers to AmeriFactors' First Set of Interrogatories dated January 7, 2021.

21. Attached hereto as Exhibit K is a true and correct copy of the docket in *Career Counseling, Inc. v. Amsterdam Printing & Litho, Inc. et al.*, No. 3:15-cv-05061-JMC (D.S.C.).

22. Attached hereto as Exhibit L is a true and correct copy of the Settlement Agreement in *Career Counseling, Inc. v. Amsterdam Printing & Litho, Inc. and Taylor Corporation*, Case No. 1822-CC11500 (City of St. Louis, Mo., Circuit Court) (filed Mar. 25, 2019 at 8:38 PM).

23. Attached hereto as Exhibit M is a true and correct copy of is a true and correct copy of Plaintiff's responses to Defendant's Second Set of Interrogatories dated February 23, 2021.

24. Attached hereto as Exhibit N is a true and correct copy of Plaintiff's Memorandum in Support of Motion to Reopen Discovery filed in *Alan Presswood, P.C., D.C. v. American HomePatient, Inc.*, No. 4:17-cv-01977-SNLJ (E.D. Mo. Mar. 26, 2021), at Dkt. No. 93.

25. Attached hereto as Exhibit O is a true and correct copy of Plaintiff's Petition for Breach of Telephone Consumer Protection Act filed in *Career Counseling, Inc. v. Amsterdam Printing & Litho, Inc. and Taylor Corporation*, Case No. 1822-CC11500 (City of St. Louis, Mo., Circuit Court) (filed Oct. 25, 2018 at 2:28 PM).

26. Attached hereto as Exhibit P is a true and correct copy of the Final Approval Order and Judgment in *Career Counseling, Inc. v. Amsterdam Printing & Litho, Inc. and Taylor Corporation*, Case No. 1822-CC11500 (City of St. Louis, Mo., Circuit Court) (signed Apr. 1, 2019).

27. Attached hereto as Exhibit Q is a true and correct copy of the Remarks of FCC Commissioner Michael O'Rielly before the ACA International Washington Insights Conference dated May 16, 2019.

28. Attached hereto as Exhibit R is a true and correct copy of *Hungarian Kosher Foods, Inc. v. Supermarket Equip. Sales, LLC, et al.*, No. 11-cv-07825 (N.D. Ill. June 13, 2013) at Dkt. 81.

29. Attached hereto as Exhibit S is a true and correct copy of the Complaint filed in *Bock Law Firm, LLC v. Ross M. Good and Brian J. Wanca, J.D., P.C.*, Case No. 2021CH00748 (Cook County, Ill., Circuit Court) (filed Feb. 16, 2021 at 2:40 PM).

**Response to The Court's Orders Dated April 12, 2021**

30. On April 13, 2021, following receipt of the Court's Order Granting Plaintiff's Motion for Reconsideration and the Court's Order Granting Plaintiff's Motion to Modify the Amended Scheduling Order, I met and conferred with counsel for Plaintiff to propose adjourning briefing on class certification to allow the parties to incorporate the additional third-party discovery into the record on this Motion. Plaintiff's counsel refused.

31. Plaintiff's counsel also stated that it opposed AmeriFactors' request to adjourn the deadline for this opposition to Plaintiff's motion in order to incorporate additional discovery obtained from Plaintiff's third-party subpoenas.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed April 15, 2021.

*Whitney M. Smith*
Whitney M. Smith