# EXHIBIT M

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| CAREER COUNSELING, INC. d/b/a | ) | |
| SNELLING STAFFING SERVICES, a | ) | |
| South Carolina corporation, individually | ) | |
| And as the representative of a class of | ) | |
| Similarly situated persons, | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO.:  3:16-cv-3013-JMC |
| | ) | |
| v. | ) | |
| | ) | |
| AMERIFACTORS FINANCIAL GROUP, | ) | |
| LLC and JOHN DOES 1-5 | ) | |
| _____/ | | |

## PLAINTIFF'S ANSWERS TO DEFENDANT AMERIFACTORS FINANCIAL GROUP, LLC'S SECOND SET OF INTERROGATORIES

NOW COMES the Plaintiff, CAREER COUNSELING, INC. d/b/a SNELLING STAFFING SERVICES, by and through its attorneys and pursuant the Federal Rule of Civil Procedure 33, hereby answers Defendant's Second Set of Interrogatories.

## RESPONSES AND OBJECTIONS
## GENERAL OBJECTIONS TO INTERROGATORIES

1.    Plaintiff's answer to each and every Interrogatory will be made subject to the general objections set forth below.  These limitations and objections form a part of the response to each and every Interrogatory and are set forth here to avoid the duplication and repetition of restating them for each answer.  These general objections may be specifically referred to in a response to certain Interrogatories for the purposes of clarity.  However, the failure to specifically incorporate the general objections should not be construed as a waiver of the general objections.

2.    Plaintiff objects to these Interrogatories to the extent that they seek or require disclosure of information which is protected from discovery by the attorney-client, the attorney work-product

doctrine, any protective order regarding confidentiality of information, and/or any other applicable privilege or immunity.

3.    Plaintiff objects to the Interrogatories to the extent that they impose upon it a duty to seek out information which is not in its possession, custody, control, or personal knowledge.

4.    Plaintiff objects to the Interrogatories to the extent that they are overly broad and unduly burdensome.

5.    Plaintiff objects to the Interrogatories to the extent that they are vague or ambiguous.

6.    Plaintiff objects to the Interrogatories to the extent that they require it to make legal conclusions.

7.    Plaintiff objects to the Interrogatories to the extent that the information sought is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence.

8.    In providing answers to these Interrogatories, Plaintiff does not in any way waive or intend to waive, but rather intends to preserve and is preserving the following:

(a)    All objections as to the competency, relevancy, materiality, and admissibility of any of these Interrogatories and any objections based on the undue burden imposed thereby;

(b)    All objections as to the vagueness, ambiguity, or other infirmity in the form of any of the Interrogatories and any objections based on the undue burden thereby;

(c)    All rights to object on any ground to the use of the answers, or their subject matter, in any subsequent proceedings including the trial of this or any other action;

(d)    All rights to object on any ground to any other discovery involving or related to the subject matter of the Interrogatories; and

(e)    The right at any time to revise, correct, add or clarify the objections or responses

2

set forth herein.  Failure to object herein shall not constitute a waiver of any objection that Plaintiff may interpose as to future supplemental Responses.

9.     The objections or statements set forth in Paragraphs 1-8 are incorporated as though fully set forth therein in the answers set forth below.

## INTERROGATORIES

### INTERROGATORY NO. 22:

Identify all recipients of text messages sent by Plaintiff for any business purpose.

**RESPONSE:**  Plaintiff objects to Interrogatory No. 22 because any text or messages sent by Plaintiff are not relevant and will not lead to the discovery of other relevant information because text messages Plaintiff sends to its employees are not at issue in this action.  Plaintiff further objects to Interrogatory No. 22 in that it is overly broad, unduly burdensome, not proportional to the needs of this fax case and is intended to harass the Plaintiff.  *See, e.g.*, *Newberg on Class Actions* § 15:30 (4th ed. 2002)("Most courts recognize that far-flung discovery on the adequacy of representation of the plaintiff and class counsel is usually unsuccessful because of the highly questionable relevance of the discovery details sought"); *Cisko v. Commonwealth Edison Co.*, 1995 WL 117989, *2 (N.D. Ill. March 16, 1995)("[W]e find the 'vague possibility that loose and sweeping discovery might turn up something …' to be insufficient to move the discovery beyond its more natural, localized focus"); *Vakharia v. Swedish Covenant Hospital*, 1993 WL 359952, *1 (N.D. Ill. Sept. 15, 1993)("The unsupported possibility that this discovery might turn up something does not justify either the inevitable intrusion into confidential matters nor the resultant expansion of discovery").

**INTERROGATORY NO. 23:**

Describe the process employed by Plaintiff to (i) obtain consent prior to sending the text messages to the recipients identified in response to Interrogatory No. 22, and (ii) to send such text messages, including, without limitation, the technology used to transmit such messages.

**RESPONSE:**  Plaintiff objects to Interrogatory No. 23 because any text or messages sent by Plaintiff are not relevant and will not lead to the discovery of other relevant information because text messages Plaintiff sends to its employees are not at issue in this action.  Plaintiff further objects to Interrogatory No. 23 in that it is overly broad, unduly burdensome, not proportional to the needs of this fax case and is intended to harass the Plaintiff.  *See, e.g Newberg on Class Actions* § 15:30 (4th ed. 2002)("Most courts recognize that far-flung discovery on the adequacy of representation of the plaintiff and class counsel is usually unsuccessful because of the highly questionable relevance of the discovery details sought"); *Cisko v. Commonwealth Edison Co.*, 1995 WL 117989, *2 (N.D. Ill. March 16, 1995)("[W]e find the 'vague possibility that loose and sweeping discovery might turn up something …' to be insufficient to move the discovery beyond its more natural, localized focus"); *Vakharia v. Swedish Covenant Hospital*, 1993 WL 359952, *1 (N.D. Ill. Sept. 15, 1993)("The unsupported possibility that this discovery might turn up something does not justify either the inevitable intrusion into confidential matters nor the resultant expansion of discovery").

**INTERROGATORY NO. 24:**

Describe the content and purpose of the text messages sent by Plaintiff to the recipients identified in response to Interrogatory No. 22.

**RESPONSE:**  Plaintiff objects to Interrogatory No. 24 because any text or messages sent by Plaintiff are not relevant and will not lead to the discovery of other relevant information because text messages Plaintiff sends to its employees are not at issue in this action.  Plaintiff further objects to Interrogatory No. 24 in that it is overly broad, unduly burdensome, not proportional to the needs of this fax case and

4

is intended to harass the Plaintiff.  *See, e.g.*, *Newberg on Class Actions* § 15:30 (4th ed. 2002)("Most courts recognize that far-flung discovery on the adequacy of representation of the plaintiff and class counsel is usually unsuccessful because of the highly questionable relevance of the discovery details sought"); *Cisko v. Commonwealth Edison Co.*, 1995 WL 117989, *2 (N.D. Ill. March 16, 1995)("[W]e find the 'vague possibility that loose and sweeping discovery might turn up something …' to be insufficient to move the discovery beyond its more natural, localized focus"); *Vakharia v. Swedish Covenant Hospital*, 1993 WL 359952, *1 (N.D. Ill. Sept. 15, 1993)("The unsupported possibility that this discovery might turn up something does not justify either the inevitable intrusion into confidential matters nor the resultant expansion of discovery").

**INTERROGATORY NO. 25:**

Describe all communications with third parties regarding the subject matter of the action.

**RESPONSE:**  Plaintiff objects to the request in that it is vague because third parties are neither identified nor defined and is therefore vague, ambiguous and susceptible of many meanings, Plaintiff further objects because Plaintiff need not speculate as to the identity of the third parties Defendant is referring to.  Without waiving and subject to these objections and Plaintiff's general objections, Plaintiff is currently unaware of any "third party" with whom Plaintiff has discussed this matter. Investigation continues and Plaintiff reserves the right to amend its response following further clarity from Defendant as to Interrogatory No. 25.

_____
One of Plaintiff's Attorneys

Brian J. Wanca                          John G. Felder, Jr.
Ryan M. Kelly                           McGOWAN HOOD FELDER
Ross M. Good                            1517 Hampton St.
ANDERSON + WANCA                        Columbia, SC  29201
3701 Algonquin Road, Suite 500          Telephone:  803-779-0100

Rolling Meadows, IL  60008                     Fax:  803-256-0702
Telephone:  847/368-1500
Fax:  847/368-1501

## VERIFICATION BY CERTIFICATION

Elizabeth Trenbeath, president of or on behalf of Career Counseling, Inc., d/b/a Snelling Staffing Services, under the penalties of perjury pursuant to 28 U.S.C. § 1746(2), certifies that statements set forth in the attached Plaintiff's Answers to Defendant Ameirfactors Financial Group, LLC's Seconds Set of Interrogatories are true and correct, except as to such matters therein stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that she believes the same to be true; she has read the foregoing Answers and knows the contents thereof; that said Answers were prepared with the assistance and advice of counsel; that the Answers set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information assembled by her attorneys and still in existence, presently recollected and thus far discovered in the course of the preparation of this Plaintiff's Answers to Defendant Ameirfactors Financial Group, LLC's Second Set of Interrogatories, that she, consequently reserves the right to make any changes in this Plaintiff's Answers to Defendant Ameirfactors Financial Group, LLC's Second Set of Interrogatories if it appears at any time that omissions or errors have been made therein or that more accurate information is available; that subject to the limitations set forth herein, said Plaintiff's Answers to Defendant Ameirfactors Financial Group, LLC's Second Set of Interrogatories is true to the best of her knowledge, information and belief.

Date: 2/23/21

ELIZABETH TRENBEATH

5

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, state that on February 24, 2021 I served a true and correct copy of *Plaintiff's Answers to Defendant Amerifactors Financial Group, LLC's Second Set of Interrogatories* on the party listed below via:

☐  U.S. mail, by depositing it in the U.S. mail at Rolling Meadows, IL, at or before 5:00 p.m., with proper postage prepaid to the address listed below
☐  Overnight delivery to the address listed below
☐  Facsimile machine from Rolling Meadows, IL, to the telephone number listed below
✔  Electronic mail to the e-mail address(es) listed below

William H. Latham
Jonathan Knicely
NELSON MULLINS RILEY &
SCARBOROUGH LLP
1320 Main Street, 17th Floor
P.O. Box 11070(29211-1070)
Columbia, SC 29201
(803)799-2000
Email: bill.latham@nelsonmillins.com
Jonathan.knicely@nelsonmullins.com

Lauri A. Mazzuchetti
Whitney M. Smith
KELLEY DRYE & WARREN LLP
One Jefferson Road
Parsippany, New Jersey 07054
(973)503-5900
Email:  lmazzuchetti@kelleydrye.com
wsmith@kelleydrye.com

[X]  Under penalties as provided by law pursuant
     to 28 U.S.C. § 1746(2), I certify that the
     statements set forth herein are true and correct.

Brian J. Wanca
Ryan M. Kelly
Ross M. Good
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Telephone:  847/368-1500

John G. Felder, Jr.
McGOWAN HOOD FELDER
1517 Hampton St.
Columbia, SC 29201
Telephone: 803-779-0100
Facsimile: 803/256-0702

# EXHIBIT N

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALAN PRESSWOOD, D.C., P.C., | ) | |
| individually and as the representative of a | ) | |
| class of similarly-situated persons, | ) | |
| | ) | No. 4:17-cv-01977-SNLJ |
| Plaintiff, | ) | |
| | ) | Hon. Stephen N. Limbaugh, Jr. |
| v. | ) | |
| | ) | |
| AMERICAN HOMEPATIENT, INC., and | ) | |
| JOHN DOES 1-10 | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**MOTION TO REOPEN DISCOVERY**

Plaintiff, Alan Presswood, D.C., P.C. ("Plaintiff"), pursuant to Federal Rule of Civil

Procedure 16(b)(4), submits its memorandum in support of its motion to reopen discovery

for the limited purpose of issuing a subpoena on third-party phone carrier MetTel, Inc.

("MetTel").

**Introduction**

As the Court is aware, the instant case is a putative Class Action against Defendant

American Homepatient, Inc. ("Defendant" or "AHP") regarding an unsolicited fax

advertisement it sent on or about June 22, 2013, to Plaintiff and to other members of the

proposed class (the "Fax"), in violation of the Telephone Consumer Protection Act of 1991

("TCPA"), 47 U.S.C. § 227(b)(1)(C). (Doc. 1-1, ¶¶ 2, 10). During the course of discovery

in this case and in *Radha Geismann. M.D., P.C. v. American Homepatient, Inc.,* Case No.

4:14-cv-01538-RLW (hereinafter "*Geismann* case"), an earlier case involving the same

unsolicited fax advertisement, Plaintiff learned that AHP conducted its fax advertising "in-house," using RightFax Version 10 software ("RightFax"). From the beginning of the *Geismann* case until now, Plaintiff has diligently searched to recover the transmission logs and call detail records relating to the transmission of the Fax. Although unsuccessful, this Court held that Plaintiff's diligence in its search "seems clear enough from the record." *Presswood v. American Homepatient, Inc.*, 2019 WL 1923017, at *3 (E.D. Mo. Apr. 30, 2019).

One avenue Plaintiff searched was AHP's telephone service providers. Through interrogatory responses and deposition testimony, Plaintiff was informed that AHP used AT&T and possibly CenturyLink for services relating to faxing. For instance, in the *Geismann* case, AHP was asked to identify the telephone service providers used to transmit the Fax. In response, AHP identified AT&T. (*See* AHP Resp. Interrog. Nos. 15, 20, attached hereto as Exhibit A). When asked the same question at deposition, AHP's 30(b)(6) witness Meaghen Greene  testified that AHP used either AT&T or CenturyLink. (Doc. 87, Greene Dep. at 42:9-43:2; 91:4-8 (filed under seal)). However, neither AT&T nor CenturyLink possessed any information relating to the faxing at issue.

During the course of discovery in an unrelated matter, Plaintiff's counsel was made aware that a company called MetTel provided phone services for AHP during the time period that the Fax was transmitted. (*See* Declaration of Ross M. Good ("Good Declaration"), at ¶ 8, attached hereto as Exhibit B, detailing how he discovered this information as well as the type of records MetTel retains). In short, it appears that MetTel

was a telephone carrier for AHP at the time the Fax at issue was sent. MetTel was never disclosed as a phone carrier for AHP.

MetTel's website indicates that it provides phone services which can be utilized for faxing.[1]  Upon further inquiry regarding MetTel's retention policies, Plaintiff's counsel was informed that MetTel retains call detail records from as far back as 2013. (Good Decl. ¶ 9).   Call detail records typically show what calls were made and the duration of said calls. (*Id*. ¶ 4). If AHP used MetTel to transmit the Fax, these records can be used to demonstrate which faxes were successfully transmitted and which were not.

## Argument

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4). Good cause may be established by "pointing to a change in law, newly discovered facts, or another significant changed circumstance…" *Ellingsworth v. Vermeer Manufacturing Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020).  "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."  *Martin v. Hurley*, 2014 WL 3928238, at * 2 (E.D. Mo. Aug. 12, 2014) (citations omitted).  Prejudice to the nonmovant resulting from modification of a scheduling order may also be a relevant factor.  *Moore v. Jefferson Capital Systems, LLC*, 2017 WL 2813536, at *2 (E.D. Mo. June 29, 2017). However, any prejudice to the nonmoving party must be weighed against the prejudice to the moving party by not allowing the amendment. *McCormack v. U.S.*, 2011 WL 2669447,

---

[1] Information obtained from MetTel's website at https://www.mettel.net/solutions/ last visited on March 25, 2021.

at *3 (E.D. Mo. July 7, 2011).  Delay in seeking to amend, alone, is an insufficient basis to deny leave.  *Id*.

Here, there has been no delay, and there is no question that Plaintiff has been diligent in its attempts to obtain the fax logs and other records of fax transmission, such as call detail records. The Court has expressly recognized Plaintiff's diligence in this regard. *Presswood*, 2019 WL 1923017, at *3. In short, Plaintiff has taken numerous depositions, propounded written discovery (interrogatories and requests to produce), and filed a motion to compel with the singular purpose of obtaining the fax logs in this case.  In furtherance of these efforts, Plaintiff has also spent almost $100,000 of its own money to conduct searches of AHP's files to locate the fax logs and is willing to pay whatever is necessary to continue the search. Plaintiff has been more than diligent.

Nor will AHP be prejudiced by the granting of this motion. First, the subpoena process should not take long; Plaintiff anticipates that it will have an answer from MetTel within four weeks (Good Decl. ¶ 10).  Although AHP may still argue that the issuance of the subpoena will unnecessarily delay this case, as demonstrated above, delay alone is an insufficient basis to deny leave.  *McCormack*, 2011 WL 2669447, at *3.  Moreover, any delay in this case regarding the discovery of the fax logs or other evidence regarding the transmission of the Fax at issue is of AHP's own making. Plaintiff has explained in detail AHP's discovery malfeasance.  (*See* Doc. 86 at 8-13, 27-29; Doc. 91 at 4-7).  At various times throughout the litigation, AHP has denied the existence of the logs, claimed that the logs were erased from its system, and, after finally acknowledging their existence, denied knowledge of their location or how to find them. This misconduct is compounded by the

4

fact that AHP inexplicably failed to inform Plaintiff that MetTel was one of its phone service providers it contracted with during the time the Fax was transmitted.  Any delay now is of Defendant's own making; it should not now be heard to complain of any delay.

A case rejecting such gamesmanship is the Seventh Circuit's decision in *Joseph v. Elan Motorsports Technologies Racing Corp.*, 638 F.3d 555 (7th Cir. 2011). There, the plaintiff sought to amend his complaint to include an additional corporate defendant and have the amended complaint relate back to the original filing.  The current corporate defendant knew that the plaintiff sued the wrong party.  638 F.3d 555, 560.  Both the current corporate defendant and the additional corporate defendant shared similar names and a key employee.  *Id*.  The current corporate defendant did nothing to disabuse the plaintiff of its error and objected to the motion to amend based on the prejudice resulting from the undue delay, almost six years, in correcting the error.  *Id.* at 560-61.

In granting the plaintiff's motion to amend, the Seventh Circuit held that the prejudice the defendant cited was manufactured by itself and not grounds on which to deny the motion.  *Id.* at 560.  The Court refused to award the defendant for sitting "on its haunches" and failing to mitigate the prejudice.  *Id*. at 561.  The Court found that if the defendant "had promptly disabused [the plaintiff] of his mistake and he had amended his complaint forthwith, [the defendant] would have suffered no harm from the delay in the amending of the complaint because there wouldn't have been any delay." *Id.*  Finally, the Court held that [the defendant] brought on itself any harm it has suffered from delay, and can't be allowed to gain an advantage from doing that." *Id.*

As in *Joseph*, AHP should be precluded from complaining of delay it caused by not revealing MetTel in its initial responses to discovery or any other time thereafter for years. Even assuming *arguendo* that AHP's failure to disclose one of its phone carriers was somehow inadvertent, Plaintiff respectfully submits that the facts of this case should result in the granting of this motion as Plaintiff has been working diligently on behalf of the proposed class both in terms of effort and money spent.

Finally, the call detail records will go far in addressing AHP's specific arguments it made in opposition to class certification. In fact, AHP's response to class certification is almost entirely predicated on the lack of fax transmission logs – the absence of which is a result of AHP's refusal to comply with its discovery obligations. (*See* Doc. 86 at 8-13, 27-29; Doc. 91 at 4-7). Based on the absence of the fax logs, AHP argues that "there are individualized – as opposed to common – questions of fact and law as to whether the Fax was successfully sent to each putative member of the 'class.'" (AHP Opp. Cl. Cert, Doc. 89, at 1). AHP further argues, based on the missing logs, that individual questions predominate over whether the Fax was unsolicited and whether some class claims are barred by the statute of limitations. (*Id.* at 25-27).

Call detail records contain essentially the same information as fax transmission logs and thus will provide the evidentiary answer to AHP's arguments. In short, call detail records will demonstrate what phone numbers were called by AHP's fax server and how long the call lasted; this will help Plaintiff to establish for the Court which faxes were successfully sent. Plaintiff respectfully submits it should be provided the opportunity to

pursue these records via subpoena to MetTel.[2] The prejudice resulting in a denial of Plaintiff's Motion would far outweigh any prejudice incurred by AHP from reopening discovery for the limited purpose of allowing Plaintiff to serve a subpoena on MetTel requesting the call detail records relating to AHP during the month of June 2013.

## Conclusion

WHEREFORE, for the foregoing reasons, Plaintiff requests that the Court reopen discovery and allow Plaintiff to issue a subpoena on MetTel for the limited purpose of obtaining call detail records relating to Defendant during the month of June 2013 and for any further relief the Court deems just and proper.

By: s/ Ryan M. Kelly

Ryan M. Kelly, 6257931IL
Brian J. Wanca, 3126474IL
Anderson + Wanca
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
Facsimile: (847) 368-1501
E-mail: rkelly@andersonwanca.com
bwanca@andersonwanca.com

Max G. Margulis
MARGULIS LAW GROUP
28 Old Belle Monte Road
Chesterfield, MO 63017
Phone: 636-536-7022 - Residential
Email: MaxMargulis@MargulisLaw.com

*Attorneys for Plaintiff*

---

[2] If Plaintiff obtains the call detail records from MetTel for the faxing at issue, Plaintiff anticipates requesting leave to retain an expert to review the call detail records and provide an expert report regarding which faxes at issue were successfully sent.

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

/s/ Ryan M. Kelly

# EXHIBIT O

**1822-CC11500**

Electronically Filed - City of St. Louis - October 25, 2018 - 02:28 PM

STATE OF MISSOURI       )
                              )
CITY OF ST. LOUIS       )

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

| | |
|---|---|
| CAREER COUNSELING, INC. d/b/a SNELLING STAFFING SERVICES, individually and on behalf of all others similarly-situated, | Cause No. _____ <br><br> Division |
|       Plaintiff, | |
| v. | |
| AMSTERDAM PRINTING & LITHO, INC. <br>    Serve:  1725 Roe Crest Drive <br>         North Mankato, MN  56003 | HOLD SERVICE |
| and | |
| TAYLOR CORPORATION <br>    Serve:  1725 Roe Crest Drive <br>         North Mankato, MN  56003 | HOLD SERVICE |
|       Defendants. | |

## PETITION FOR BREACH OF TELEPHONE CONSUMER PROTECTION ACT

Plaintiff, CAREER COUNSELING, INC. d/b/a SNELLING STAFFING SERVICES, ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, AMSTERDAM PRINTING & LITHO, INC. and TAYLOR CORPORATION ("Defendants"):

Electronically Filed - City of St. Louis - October 25, 2018 - 02:28 PM

## PRELIMINARY STATEMENT

1. This case challenges Defendants' practice of sending facsimiles without proper notice as required pursuant to the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. The TCPA prohibits a person or entity from faxing or having an agent fax advertisements without sufficient notice to allow that person to opt-out of receiving future facsimiles. ("faxes").  The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3. On behalf of itself and all others similarly situated, Plaintiff bring this case as a class action asserting claims against Defendants under the TCPA.

4.  Plaintiff seek an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

5. This court has personal jurisdiction over Defendants because Defendants have transacted business and committed tortious acts related to the matters complained of herein within this state and otherwise have sufficient minimum contacts with the State of Missouri and this Court has subject matter jurisdiction.

6. This court has personal jurisdiction because some of the acts complained of arose here and some of the class members reside in or have their principal place of business in Missouri and Defendants do business in Missouri.

## PARTIES

7. Plaintiff, CAREER COUNSELING, INC. is a foreign corporation that does business as Snelling Staffing Services.

Electronically Filed - City of St. Louis - October 25, 2018 - 02:28 PM

8. On information and belief, Defendants, AMSTERDAM PRINTING & LITHO, INC. and TAYLOR CORPORATION, are Minnesota corporations with their principal place of business in North Mankato, Minnesota.

9. On information and belief, Amsterdam Printing & Litho, Inc. is an affiliate of Taylor Corporation that markets and sells promotion products to businesses.

## FACTS

10. Between June, 2015 and December, 2015, Defendants transmitted by telephone facsimile machine twenty-two (22) unsolicited faxes to Plaintiff. True and correct copies of the facsimiles are attached hereto as Exhibit A.

11. On information and belief, Defendants received some or all of the revenues from the sale of the products, goods and services advertised on Exhibit A, and Defendants profited and benefited from the sale of the products, goods and services advertised on Exhibit A.

12. Plaintiff have not invited or given permission to Defendants to send the faxes.

13. The facsimiles are material advertising the commercial availability or quality of any property, goods, or services.

14. The transmission of the advertisements by facsimile to Plaintiff and the other class members did not contain a proper notice that states that the recipient may make a request to the sender of the facsimiles not to send any future facsimiles to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph 47 C.F.R. 64.1200 (a)(3)(v) of this section is unlawful.

Electronically Filed - City of St. Louis - October 25, 2018 - 02:28 PM

15. The transmission of the advertisements via fax to Plaintiff did not contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. 64.1200(a)(3).

16. On information and belief, Defendants sent advertisements via facsimile to Plaintiff and more than 39 other recipients without the appropriate notice requirements discussed above.

17. Defendants knew or should have known that: (a) the facsimiles were advertisements; and (b) Defendants did not display a proper opt out notice on the advertisements sent via facsimile.

**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

18. In accordance with Missouri Rule Mo. S. Ct. Rule 52.08 Plaintiff bring this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons or entities who were successfully sent one or more faxes on or about the dates set forth stating: (1) "Time to Reorder and Save Big!!," sent June 22, 2015; (2) "The Independence Day Sale," sent on June 29, 2015; (3) "Is it Reorder Time," sent July 6, 2015; (4) "Just a Reminder," sent July 13, 2015; (5) "Great news, you have reached Star Status," sent July 20, 2015; (6) "Running Low," sent July 27, 2015; (7) "Time to Reorder and Save Big," sent August 3, 2015; (8) "Are Your Supplies Running Low," sent August 10, 2015; (9) "Just A Reminder," sent August 24, 2015; (10) "Running Low," sent September 8, 2015; (11) "Time to Reorder and Save Big!!," sent September 14, 2015; (12) "Are Your Supplies Running Low," sent September 21, 2015; (13) Time to Reorder and Save Big!!," sent October 19, 2015; (14) "Is it Reorder Time," sent November 9, 2015; (15) "Just A Reminder," sent November 16, 2015; (16) "Enjoy a Cornucopia of Savings this Thanksgiving," sent November 23, 2015; (17) "A Jump Start to the Holidays," sent November 30, 2015; (18) "Happy Holidays, You receive 20% off your entire order!," sent December 7, 2015; (19) "Happy Holidays, It's Time to Reorder and Save 20% off your next order!," sent December 14, 2015; (20) "Wall Calendar Blow Out," sent December 17, 2015; and (21) "Time is Running Out! Over Stock Wall Calendars," sent December 23, 2015.

Electronically Filed - City of St. Louis - October 25, 2018 - 02:28 PM

Excluded from the Class are Defendants, any parent, subsidiary, affiliate or controlled persons of Defendants, as well as the officers, directors, agents, servants or employees of Defendants and the immediate family members of such persons, and members of the Missouri judiciary.

19. A class action is warranted because:

    (a)    On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

    (b)    There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

    (i)    Whether Defendants sent unsolicited fax advertisements;

    (ii)    Whether Defendants' facsimiles advertised the commercial availability or quality of property, goods, or services;

    (iii)    The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent the faxes;

    (iv)    Whether Defendants violated the provisions of 47 USC § 227;

    (v)    Whether Plaintiff and the other class members are entitled to statutory damages;

    (vi)    Whether the Court should award trebled damages; and

    (vii)    Whether Defendants' advertisements displayed a proper opt out notice as required by 47 C.F.R. 64.1200.

20. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the absent class members.

Electronically Filed - City of St. Louis - October 25, 2018 - 02:28 PM

21. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

22. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227(b)(1).

23. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

24. The TCPA provides:

> 3.    Private right of action.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> > (A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> >
> > (B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> >
> > (C)    Both such actions.

25. The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

26. Defendants violated the 47 U.S.C. § 227 et seq. by sending advertising faxes to Plaintiff and the other members of the class without displaying a proper opt out notice as required by 47 C.F.R. 64.1200.

Electronically Filed - City of St. Louis - October 25, 2018 - 02:28 PM

27. The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other class members even if its actions were only negligent.

28. Defendants knew or should have known that the facsimile advertisements Defendants sent did not display the proper opt out notice as required by 47 C.F.R. 64.1200.

WHEREFORE, Plaintiff, CAREER COUNSELING, INC. d/b/a SNELLING STAFFING SERVICES, individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, AMSTERDAM PRINTING & LITHO, INC. and TAYLOR CORPORATION, jointly and severally, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representatives of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award $500.00 in damages for each violation of the TCPA;

C.     That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

D.     That the Court award costs and such further relief as the Court may deem just and proper, inclusive of all damages and fees.

CAREER COUNSELING, INC., individually and as the representative of a class of similarly-situated persons

By: /s/ Max G. Margulis
Max G. Margulis, #24325
**MARGULIS LAW GROUP**
28 Old Belle Monte Rd.
Chesterfield, MO  63017
Telephone:  636-536-7022 – Residential
Facsimile:  636-536-6652 – Residential
MaxMargulis@MargulisLaw.com

Electronically Filed - City of St. Louis - October 25, 2018 - 02:28 PM

OF COUNSEL:

Brian J. Wanca
**ANDERSON + WANCA**
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: 847-368-1500
Facsimile: 847-368-1501
bwanca@andersonwanca.com

Electronically Filed - City of St. Louis - October 25, 2018 - 02:28 PM

# EXHIBIT A

Electronically Filed - City of St. Louis - October 25, 2018 - 02:28 PM

47267 07.15



# Running Low?

## Save *20%* today on your next reorder purchase!

**It's Easy!** Just check the box next to the items that you would like to reorder and fax it back to us.

**Or try something new!** If you see a new item that you would like instead, just write the item number in the space provided. Your *20% savings* will be applied automatically to your order!

| Item # | Quantity | Product Description | Regular Price | w/ 20% OFF | Total |
|--------|----------|---------------------|---------------|------------|-------|
| ○ 44076 | 300 | FESTIVAL PEN | $1.05 | $0.84 | $252.00 |
| ○ | | | | | |
| ○ | | | | | |
| ○ _____ | | *Something New! Visit AmsterdamPrinting.com and Save 20%!* | | | |

Please complete form, or call 1-800-633-6231. Additional charges may apply. Shipping and handling are extra. NYS residents add sales tax. Allow 5% for over/under run. To include your logo add 635 art charge. Please send clean, clear, black and white, camera-ready artwork. Terms: Net 10 days to rated firms. Offer cannot be used in conjunction with any other offer and cannot be applied to existing orders. Discounts do not apply to Everyday Deal or Clearance items. Clearance items are while supplies last. Offers and pricing subject to change without notice.

### Imprint Information

Or print up to 5 lines  ○ Check for no imprint required:

1. _____
2. _____
3. _____
4. _____
5. _____

Logo Position: _____

### Payment Information

○ Bill me (pending credit approval) | ○ Check enclosed | ○ Credit card:

MasterCard    VISA    DISCOVER NETWORK    AMERICAN EXPRESS

Card #: _____

Exp. Date: _____  P.O. #: _____

SIGNATURE: _____
(Your order must be signed)

### Customer Information

Ship to: *Please, no P.O. Boxes for Ship To address*

VIRGINIA MCCUEN
SNELLING PERSONNEL SERVICES
114 HAYGOOD AVE
LEXINGTON SC 29072-2630

**You must include or enter your Coupon Code when ordering to receive your special deal.**

| Coupon Code: | Customer # |
|--------------|------------|
| BZ075 | 00538892 |

☐ At Amsterdam we are always looking for ways to offer you great deals. However, if you do not want future special offers to come to you via fax, please check this box and return it to us.



166 Wallins Corners Road • Amsterdam, NY 12010

Telephone: 1-800-833-6231
Fax: 1-518-843-5204
*amsterdamprinting.com/reorder*

47287 08.15

Electronically Filed - City of St. Louis - October 25, 2018 - 02:28 PM

# *Time to Reorder* and *Save BIG!!*

## Save *20%* today on your next reorder purchase!

***It's Easy!*** Just check the box next to the items that you would like to reorder and fax it back to us.

Or try something new! If you see a new item that you would like instead, just write the item number in the space provided. Your *20% savings* will be applied automatically to your order!

| Item # | Quantity | Product Description | Regular Price | w/ 20% OFF | Total |
|---|---|---|---|---|---|
| ○ 44076 | 300 | FESTIVAL PEN | $1.05 | $0.84 | $252.00 |
| ○ | | | | | |
| ○ | | | | | |
| ○ | | | | | |

***Something New! Visit AmsterdamPrinting.com and Save 20%!***

Please complete form, or call 1-800-833-6231. Additional charges may apply. Shipping and handling are extra. NYS residents add sales tax. Allow 5% for over/under run. To include your logo add 635 art charge. Please send clean, clear, black and white, camera-ready artwork. Terms: Net 10 days to rated firms. Offer cannot be used in conjunction with any other offer and cannot be applied to existing orders. Discounts do not apply to Everyday Deal or Clearance items. Clearance items are while supplies last. Offers and pricing subject to change without notice.

### Imprint Information

Or print up to 5 lines   ○ Check for no imprint required:

1. _____
2. _____
3. _____
4. _____
5. _____

Logo Position: _____

### Payment Information

○ Bill me (pending credit approval) | ○ Check enclosed | ○ Credit card:

MasterCard   VISA   DISCOVER NETWORK   AMERICAN EXPRESS

Card #: _____

Exp. Date: _____   P.O. #: _____

SIGNATURE: _____
*(Your order must be signed)*

### Customer Information

Ship to: *Please, no P.O. Boxes for Ship To address*

VIRGINIA MCCUEN
SNELLING PERSONNEL SERVICES
114 HAYGOOD AVE
LEXINGTON SC 29072-2680

You must include or enter your Coupon Code when ordering to receive your special deal.

**Coupon Code:** BZ032

**Customer #** 00538892

☐ At Amsterdam we are always looking for ways to offer you great deals. However, if you do not want future special offers to come to you via fax, please check this box and return it to us.



# Amsterdam®
166 Wallins Corners Road • Amsterdam, NY 12010

Telephone: 1-800-833-6231
Fax: 1-518-843-5204
*amsterdamprinting.com/reorder*

Electronically Filed - City of St. Louis - October 25, 2018 - 02:28 PM

# *Great news,*
## you have reached **\*Star Status\*!**

To help you celebrate, we are extending a **20%** discount on your order of $250 or more.

You can also shop our **Online Clearance Center** for deeply discounted items.

So what are you waiting for? Happy Shopping!

**P.S.** Order today to secure your **Savings.** To be instantly recognized as a **Star Status Customer,** please refer to your Coupon Code, BZ077.

You have achieved
# STAR STATUS

**Good for your next purchase of ANY Amsterdam product!**

# 20% OFF

47259 07.15

| Item # | Quantity | Product Description | Regular Price | w/ 20% OFF | Total |
|--------|----------|---------------------|---------------|------------|-------|
| ○ 44076 | 300 | FESTIVAL PEN | $1.05 | $0.84 | $252.00 |
| ○ | | | | | |
| ○ | | | | | |
| | | | | | |
| ○ _____ | _____ | _____ | _____ | _____ | _____ |

*Something New! Visit AmsterdamPrinting.com and Save 20%!*

Please complete form, or call 1-800-833-6231. Additional charges may apply. Shipping and handling are extra. NYS residents add sales tax. Allow 5% for over/under run. To include your logo add 635 art charge. Please send clean, clear, black and white, camera-ready artwork. Terms: Net 10 days to rated firms. Offer cannot be used in conjunction with any other offer and cannot be applied to existing orders. Discounts do not apply to Everyday Deal or Clearance items. Clearance items are while supplies last. Offers and pricing subject to change without notice.

### Imprint Information

Or print up to 5 lines  ○ Check for no imprint required:

1. _____
2. _____
3. _____
4. _____
5. _____

Logo Position: _____

### Payment Information

○ Bill me (pending credit approval) | ○ Check enclosed | ○ Credit card:

MasterCard   VISA   DISCOVER NETWORK   AMERICAN EXPRESS

Card #: _____

Exp. Date: _____   P.O. #: _____

SIGNATURE: _____
(Your order must be signed)

### Customer Information

Ship to: *Please, no P.O. Boxes for Ship To address*

VIRGINIA MCCUEN
SNELLING PERSONNEL SERVICES
114 HAYGOOD AVE
LEXINGTON SC 29072-2630

**You must include or enter your Coupon Code when ordering to receive your special deal.**

| Coupon Code: | Customer # |
|--------------|------------|
| BZ077 | 00538892 |

☐ At Amsterdam we are always looking for ways to offer you great deals. However, if you do not want future special offers to come to you via fax, please check this box and return it to us.



**Amsterdam** ®
166 Wallins Corners Road • Amsterdam, NY 12010

Telephone: 1-800-833-6231
Fax: 1-518-843-5204
*amsterdamprinting.com/reorder*

Electronically Filed - City of St. Louis - October 25, 2018 - 02:28 PM

47243 07.15



# *Just A Reminder*

### Reorder and SAVE *20%* towards your next reorder purchase!

***It's Easy!*** Just check the box next to the items that you would like to reorder and fax it back to us.

Or try something new! If you see a new item that you would like instead, just write the item number in the space provided. Your ***20% savings*** will be applied automatically to your order!

| Item # | Quantity | Product Description | Regular Price | w/ 20% OFF | Total |
|--------|----------|---------------------|---------------|------------|-------|
| ○44076 | 300 | FESTIVAL PEN | $1.19 | $0.95 | $285.00 |
| ○ | | | | | |
| ○ | | | | | |

*Something New! Visit AmsterdamPrinting.com and Save 20%!*

○ _____

Please complete form, or call 1-800-833-6231. Additional charges may apply. Shipping and handling are extra. NYS residents add sales tax. Allow 5% for over/under run. To include your logo add 635 art charge. Please send clean, clear, black and white, camera-ready artwork. Term: Net 10 days to rated firms. Offer cannot be used in conjunction with any other offer and cannot be applied to existing orders. Discounts do not apply to Everyday Deal or Clearance items. Clearance items are while supplies last. Offers and pricing subject to change without notice.

## Imprint Information

Or print up to 5 lines  ○ Check for no imprint required:

1. _____
2. _____
3. _____
4. _____
5. _____

Logo Position: _____

## Payment Information

○ Bill me (pending credit approval) | ○ Check enclosed | ○ Credit card:

○ MasterCard  ○ VISA  ○ DISCOVER NETWORK  ○ AMERICAN EXPRESS

Card #: _____

Exp. Date: _____  P.O. #: _____

SIGNATURE: _____
(Your order must be signed)

## Customer Information

Ship to: *Please, no P.O. Boxes for Ship To address*

VIRGINIA MCCUEN
SNELLING PERSONNEL SERVICES
114 HAYGOOD AVE
LEXINGTON SC 29072-2680

You must include or enter your Coupon Code
when ordering to receive your special deal.

**Coupon Code:**          **Customer #**

BZ080                    00538892

☐ At Amsterdam we are always looking for ways to offer you great deals. However, if you do not want future special offers to come to you via fax, please check this box and return it to us.



**Amsterdam**®
166 Wallins Corners Road • Amsterdam, NY 12010

Telephone: 1-800-833-6231
Fax: 1-518-843-5204
*amsterdamprinting.com/reorder*

47225 07.15

# *Is it Reorder Time?*

## Reorder and SAVE *20%* towards your next reorder purchase!

***It's Easy!*** Just check the box next to the items that you would like to reorder and fax it back to us.

**Or try something new!** If you see a new item that you would like instead, just write the item number in the space provided. Your *20% savings* will be applied automatically to your order!

| Item # | Quantity | Product Description | Regular Price | w/ 20% OFF | Total |
|---|---|---|---|---|---|
| ○ 44076 | 300 | FESTIVAL PEN | $1.05 | $0.84 | $252.00 |
| ○ | | | | | |
| ○ | | | | | |
| ○ _____ | _____ | _____ | _____ | _____ | _____ |

***Something New! Visit AmsterdamPrinting.com and Save 20%!***

Please complete form, or call 1-800-833-8231. Additional charges may apply. Shipping and handling are extra. NYS residents add sales tax. Allow 5% for over/under run. To include your logo add 635 art charge. Please send clean, clear, black and white, camera-ready artwork. Term: Net 10 days to rated firms. Offer cannot be used in conjunction with any other offer and cannot be applied to existing orders. Discounts do not apply to Everyday Deal or Clearance items. Clearance items are while supplies last. Offers and pricing subject to change without notice.

### Imprint Information

Or print up to 5 lines  ○ Check for no imprint required:

1. _____
2. _____
3. _____
4. _____
5. _____

Logo Position: _____

### Payment Information

○ Bill me (pending credit approval) | ○ Check enclosed | ○ Credit card:

MasterCard  **VISA**  DISCOVER NETWORK  ○ AMERICAN EXPRESS

Card #: _____

Exp. Date: _____  P.O. #: _____

SIGNATURE: _____
(Your order must be signed)

### Customer Information

Ship to: *Please, no P.O. Boxes for Ship To address*

VIRGINIA MCCUEN
SNELLING PERSONNEL SERVICES
114 HAYGOOD AVE
LEXINGTON SC 29072-2630

**You must include or enter your Coupon Code** when ordering to receive your special deal.

**Coupon Code:**  BY996

**Customer #:**  00538892

□ At Amsterdam we are always looking for ways to offer you great deals. However, if you do not want future special offers to come to you via fax, please check this box and return it to us.



**Amsterdam®**
166 Wallins Corners Road • Amsterdam, NY 12010

Telephone: 1-800-833-6231
Fax: 1-518-843-5204
*amsterdamprinting.com/reorder*

Electronically Filed - City of St. Louis - October 25, 2018 - 02:28 PM

Electronically Filed - City of St. Louis - October 25, 2018 - 02:28 PM

*Enjoy Special Savings on Our*

# Independence day
# SALE

## Amsterdam® will give you a 20% Discount on your order!

**It's Easy!** Just check the box next to the items that you would like to reorder and fax it back to us.

Or try something new! If you see a new item that you would like instead, just write the item number in the space provided. Your **20% savings** will be applied automatically to your order!

| Item # | Quantity | Product Description | Regular Price | w/ 20% OFF | Total |
|--------|----------|--------------------|--------------|-----------|-------|
| ○ 44076 | 300 | FESTIVAL PEN | $1.05 | $0.84 | $252.00 |
| ○ | | | | | |
| ○ | | | | | |
| ○ | | | | | |

*Something New! Visit AmsterdamPrinting.com and Save 20%!*

Please complete form, or call 1-800-833-6231. Additional charges may apply. Shipping and handling are extra. NYS residents add sales tax. Allow 5% for over/under run. To include your logo add $35 art charge. Please send clean, clear, black and white, camera-ready artwork. Term: Net 10 days to rated firms. Offer cannot be used in conjunction with any other offer and cannot be applied to existing orders. Discounts do not apply to Everyday Deal or Clearance items. Clearance items are while supplies last. Offers and pricing subject to change without notice.

### Imprint Information

Or print up to 5 lines    ○ Check for no imprint required:

1. _____
2. _____
3. _____
4. _____
5. _____

Logo Position: _____

### Payment Information

○ Bill me (pending credit approval) | ○ Check enclosed | ○ Credit card:

MasterCard   VISA   DISCOVER NETWORK   AMERICAN EXPRESS

Card #: _____

Exp. Date: _____ P.O. #: _____

SIGNATURE: _____
(Your order must be signed)

### Customer Information

Ship to: *Please, no P.O. Boxes for Ship To address*

VIRGINIA MCCUEN
SNELLING PERSONNEL SERVICES
114 HAYGOOD AVE
LEXINGTON SC 29072-2680

You must include or enter your Coupon Code
when ordering to receive your special deal.

| Coupon Code: | Customer # |
|--------------|-----------|
| BX985 | 00538892 |

☐ At Amsterdam we are always looking for ways to offer you great deals. However, if you do not want future special offers to come to you via fax, please check this box and return it to us.

## Amsterdam®
168 Wallins Corners Road • Amsterdam, NY 12010

Telephone: 1-800-833-6231
Fax: 1-518-843-5204
*amsterdamprinting.com/reorder*

47202 05.15

# Are Your Supplies Running Low?

# *Time to Reorder* and ***Save BIG!!***

## Save *20%* today on your next reorder purchase!

***It's Easy!*** Just check the box next to the items that you would like to reorder and fax it back to us.

**Or try something new!** If you see a new item that you would like instead, just write the item number in the space provided. Your *20% savings* will be applied automatically to your order!

| Item # | Quantity | Product Description | Regular Price | w/ 20% OFF | Total |
|--------|----------|---------------------|---------------|------------|-------|
| ○ 44076 | 300 | FESTIVAL PEN | $1.05 | $0.84 | $252.00 |
| ○ | | | | | |
| ○ | | | | | |
| ○ _____ | | | | | |

***Something New! Visit AmsterdamPrinting.com and Save 20%!***

Please complete form, or call 1-800-833-6231. Additional charges may apply. Shipping and handling are extra. NY6 residents add sales tax. Allow 5% for over/under run. To include your logo add $35 art charge. Please send clean, clear, black and white, camera-ready artwork. Term: Net 10 days to rated firms. Offer cannot be used in conjunction with any other offer and cannot be applied to existing orders. Discounts do not apply to Everyday Deal or Clearance items. Clearance items are while supplies last. Offers and pricing subject to change without notice.

## Imprint Information

Or print up to 5 lines  ○ Check for no imprint required:

1. _____
2. _____
3. _____
4. _____
5. _____

Logo Position: _____

## Payment Information

○ Bill me (pending credit approval) | ○ Check enclosed | ○ Credit card:

MasterCard  VISA  DISCOVER NETWORK  AMERICAN EXPRESS

Card #: _____

Exp. Date: _____  P.O. #: _____

SIGNATURE: _____
(Your order must be signed)

## Customer Information

Ship to: *Please, no P.O. Boxes for Ship To address*

VIRGINIA MCCUEN
SNELLING PERSONNEL SERVICES
114 HAYGOOD AVE
LEXINGTON SC 29072-2630

**You must include or enter your Coupon Code when ordering to receive your special deal.**

| Coupon Code: | Customer # |
|--------------|------------|
| BX984 | 00538892 |

☐ At Amsterdam we are always looking for ways to offer you great deals. However, if you do not want future special offers to come to you via fax, please check this box and return it to us.



Amsterdam®
166 Wallins Corners Road • Amsterdam, NY 12010

Telephone: 1-800-833-6231
Fax: 1-518-843-5204
***amsterdamprinting.com/reorder***

3:16-cv-03013-JMC    Date Filed 04/15/21    Entry Number 206-3    Page 36 of 80
08-10-2015 8:50          518-843-5204                                              📄 1/1

Electronically Filed - City of St. Louis - October 25, 2018 - 02:28 PM

47303 08.15

# Are Your Supplies Running Low?

# *Time to Reorder* and *Save BIG!!*

## Save *20%* today on your next reorder purchase!

***It's Easy!*** Just check the box next to the items that you would like to reorder and fax it back to us.

Or try something new! If you see a new item that you would like instead, just write the item number in the space provided. Your **20% savings** will be applied automatically to your order!

| Item # | Quantity | Product Description | Regular Price | w/ 20% OFF | Total |
|--------|----------|---------------------|---------------|------------|-------|
| ○ 44076 | 300 | FESTIVAL PEN | $1.05 | $0.84 | $252.00 |
| ○ | | | | | |
| ○ | | | | | |
| ○ _____ | | | | | |

### *Something New! Visit AmsterdamPrinting.com and Save 20%!*

Please complete form, or call 1-800-833-6231. Additional charges may apply. Shipping and handling are extra. NYS residents add sales tax. Allow 5% for over/under run. To include your logo add $35 art charge. Please send clean, clear, black and white, camera-ready artwork. Terms Net 10 days to rated firms. Offer cannot be used in conjunction with any other offer and cannot be applied to existing orders. Discounts do not apply to Everyday Deal or Clearance items. Clearance items are while supplies last. Offers and pricing subject to change without notice.

### Imprint Information
Or print up to 5 lines  ○ Check for no imprint required:

1. _____
2. _____
3. _____
4. _____
5. _____

Logo Position: _____

### Payment Information
○ Bill me (pending credit approval) | ○ Check enclosed | ○ Credit card:

MasterCard  VISA  DISCOVER NETWORK  ○ AMERICAN EXPRESS

Card #: _____

Exp. Date: _____  P.O. #: _____

SIGNATURE: _____
(Your order must be signed)

### Customer Information
Ship to: *Please, no P.O. Boxes for Ship To address*

VIRGINIA MCCUEN
SNELLING PERSONNEL SERVICES
114 HAYGOOD AVE
LEXINGTON SC 29072-2630

### You must include or enter your Coupon Code when ordering to receive your special deal.

**Coupon Code:**            **Customer #**

BZ034                       00538892

☐ At Amsterdam we are always looking for ways to offer you great deals. However, if you do not want future special offers to come to you via fax, please check this box and return it to us.



**Amsterdam®**
166 Wallins Corners Road • Amsterdam, NY 12010

Telephone: 1-800-833-6231
Fax: 1-518-843-5204
***amsterdamprinting.com/reorder***

Electronically Filed - City of St. Louis - October 25, 2018 - 02:28 PM

47395 09.15

# Are Your Supplies Running LOW?

# *Time to Reorder* and ***Save BIG!!***

## Save *20%* today on your next reorder purchase!

***It's Easy!*** Just check the box next to the items that you would like to reorder and fax it back to us.

Or try something new! If you see a new item that you would like instead, just write the item number in the space provided. Your ***20% savings*** will be applied automatically to your order!

| Item # | Quantity | Product Description | Regular Price | w/ 20% OFF | Total |
|--------|----------|---------------------|---------------|------------|-------|
| ○ 44076 | 300 | FESTIVAL PEN | $1.05 | $0.84 | $252.00 |
| ○ | | | | | |
| ○ | | | | | |
| ○ _____ | | | | | |

***Something New! Visit AmsterdamPrinting.com and Save 20%!***

Please complete form, or call 1-800-833-6231. Additional charges may apply. Shipping and handling are extra. NYS residents add sales tax. Allow 5% for over/under run. To include your logo add 635 art charge. Please send clean, clear, black and white, camera-ready artwork. Term: Net 10 days to rated firms. Offer cannot be used in conjunction with any other offer and cannot be applied to existing orders. Discounts do not apply to Everyday Deal or Clearance Items. Clearance Items are while supplies last. Offers and pricing subject to change without notice.

## Imprint Information

Or print up to 5 lines   ○ Check for no imprint required:

1. _____
2. _____
3. _____
4. _____
5. _____

Logo Position: _____

## Payment Information

○ Bill me (pending credit approval) | ○ Check enclosed | ○ Credit card:

○ MasterCard   ○ VISA   ○ DISCOVER NETWORK   ○ AMERICAN EXPRESS

Card #: _____

Exp. Date: _____ P.O. #: _____

SIGNATURE: _____
(Your order must be signed)

## Customer Information

Ship to: *Please, no P.O. Boxes for Ship To address*

VIRGINIA MCCUEN
SNELLING PERSONNEL SERVICES
114 HAYGOOD AVE
LEXINGTON SC 29072-2680

You must include or enter your Coupon Code when ordering to receive your special deal.

| Coupon Code | Customer # |
|-------------|-----------|
| CB792 | 00538892 |

☐ At Amsterdam we are always looking for ways to offer you great deals. However, if you do not want future special offers to come to you via fax, please check this box and return it to us.



**Amsterdam**®
166 Wallins Corners Road • Amsterdam, NY 12010

Telephone: 1-800-833-6231
Fax: 1-518-843-5204
*amsterdamprinting.com/reorder*

Electronically Filed - City of St. Louis - October 25, 2018 - 02:28 PM

47384 09.15



# Time to Reorder and Save BIG!!

## Save 20% today on your next reorder purchase!

***It's Easy!*** Just check the box next to the items that you would like to reorder and fax it back to us.

**Or try something new!** If you see a new item that you would like instead, just write the item number in the space provided. Your **20% savings** will be applied automatically to your order!

| Item # | Quantity | Product Description | Regular Price | w/ 20% OFF | Total |
|--------|----------|--------------------|--------------|-----------|-------|
| ◯ 44076 | 300 | FESTIVAL PEN | $1.05 | $0.84 | $252.00 |
| ◯ | | | | | |
| ◯ | | | | | |
| ◯ _____ | | | | | |

***Something New! Visit AmsterdamPrinting.com and Save 20%!***

Please complete form, or call 1-800-833-6231. Additional charges may apply. Shipping and handling are extra. NYS residents add sales tax. Allow 5% for over/under run. To include your logo add $35 art charge. Please send clean, clear, black and white, camera-ready artwork. Terms Net 10 days to rated firms. Offer cannot be used in conjunction with any other offer and cannot be applied to existing orders. Discounts do not apply to Everyday Deal or Clearance items. Clearance items are while supplies last. Offers and pricing subject to change without notice.

### Imprint Information
Or print up to 5 lines  ◯ Check for no imprint required:

1. _____
2. _____
3. _____
4. _____
5. _____

Logo Position: _____

### Payment Information
◯ Bill me (pending credit approval) | ◯ Check enclosed | ◯ Credit card:

MasterCard ◯  VISA ◯  DISCOVER NETWORK ◯  AMERICAN EXPRESS ◯

Card #: _____

Exp. Date: _____  P.O. #: _____

SIGNATURE: _____
(Your order must be signed)

### Customer Information
Ship to: Please, no P.O. Boxes for Ship To address

VIRGINIA MCCUEN
SNELLING PERSONNEL SERVICES
114 HAYGOOD AVE
LEXINGTON SC 29072-2680

**You must include or enter your Coupon Code when ordering to receive your special deal.**

**Coupon Code:** CB787

**Customer #** 00538892

☐ At Amsterdam we are always looking for ways to offer you great deals. However, if you do not want future special offers to come to you via fax, please check this box and return it to us.



166 Wallins Corners Road • Amsterdam, NY 12010

Telephone: 1-800-833-6231
Fax: 1-518-843-5204
***amsterdamprinting.com/reorder***

Electronically Filed - City of St. Louis - October 25, 2018 - 02:28 PM

47359 09.15



# *Running Low?*

## Save *20%* today on your next reorder purchase!

***It's Easy!*** Just check the box next to the items that you would like to reorder and fax it back to us.

**Or try something new!** If you see a new item that you would like instead, just write the item number in the space provided. Your *20% savings* will be applied automatically to your order!

| Item # | Quantity | Product Description | Regular Price | w/ 20% OFF | Total |
|--------|----------|---------------------|---------------|------------|-------|
| ○ 44076 | 300 | FESTIVAL PEN | $1.05 | $0.84 | $252.00 |
| ○ | | | | | |
| ○ | | | | | |
| ○ _____ | | | | | |

### *Something New! Visit AmsterdamPrinting.com and Save 20%!*

Please complete form, or call 1-800-833-6231. Additional charges may apply. Shipping and handling are extra. NYS residents add sales tax. Allow 5% for over/under run. To include your logo add $35 art charge. Please send clean, clear, black and white, camera-ready artwork. Term: Net 10 days to rated firms. Offer cannot be used in conjunction with any other offer and cannot be applied to existing orders. Discounts do not apply to Everyday Deal or Clearance items. Clearance items are while supplies last. Offers and pricing subject to change without notice.

**Imprint Information**

Or print up to 5 lines   ○ Check for no imprint required:

1. _____
2. _____
3. _____
4. _____
5. _____

Logo Position: _____

**Payment Information**

○ Bill me (pending credit approval) | ○ Check enclosed | ○ Credit card:

○ MasterCard   ○ VISA   ○ DISCOVER NETWORK   ○ AMERICAN EXPRESS

Card #: _____

Exp. Date: _____   P.O. #: _____

SIGNATURE: _____
(Your order must be signed)

**Customer Information**

Ship to: *Please, no P.O. Boxes for Ship To address*

VIRGINIA MCCUEN
SNELLING PERSONNEL SERVICES
114 HAYGOOD AVE
LEXINGTON SC 29072-2630

### You must include or enter your Coupon Code when ordering to receive your special deal.

| Coupon Code: | Customer # |
|--------------|------------|
| CB782 | 00538892 |

☐ At Amsterdam we are always looking for ways to offer you great deals. However, if you do not want future special offers to come to you via fax, please check this box and return it to us.



168 Wallins Corners Road • Amsterdam, NY 12010

Telephone: 1-800-833-6231
Fax: 1-518-843-5204
*amsterdamprinting.com/reorder*

09-03-2015 8:32   518-843-5204

47341 08.15

Electronically Filed - City of St. Louis - October 25, 2018 - 02:28 PM



# *NOW is the time to reorder! Or, try something new!*

## *Amsterdam® will give you a 20% Discount on your order!*

**It's Easy!** Just check the box next to the items that you would like to reorder and fax it back to us.

Or try something new! If you see a new item that you would like instead, just write the item number in the space provided. Your **20% savings** will be applied automatically to your order!

| Item # | Quantity | Product Description | Regular Price | w/ 20% OFF | Total |
|--------|----------|---------------------|---------------|------------|-------|
| ○ 44076 | 300 | FESTIVAL PEN | $1.05 | $0.84 | $252.00 |
| ○ | | | | | |
| ○ | | | | | |
| ○ _____ | | | | | |

*Something New! Visit AmsterdamPrinting.com and Save 20%!*

Please complete form, or call 1-800-833-6231. Additional charges may apply. Shipping and handling are extra. NYS residents add sales tax. Allow 5% for over/under run. To include your logo add $35 art charge. Please send clean, clear, black and white, camera-ready artwork. Terms: Net 10 days to rated firms. Offer cannot be used in conjunction with any other offer and cannot be applied to existing orders. Discounts do not apply to Everyday Deal or Clearance items. Clearance items are while supplies last. Offers and pricing subject to change without notice.

### Imprint Information

Or print up to 5 lines   ○ Check for no imprint required:

1. _____
2. _____
3. _____
4. _____
5. _____

Logo Position: _____

### Payment Information

○ Bill me (pending credit approval) | ○ Check enclosed | ○ Credit card:

○ MasterCard   ○ VISA   ○ DISCOVER NETWORK   ○ AMERICAN EXPRESS

Card #: _____

Exp. Date: _____ P.O. #: _____

SIGNATURE: _____
(Your order must be signed)

### Customer Information

Ship to: Please, no P.O. Boxes for Ship To address

VIRGINIA MCCUEN
SNELLING PERSONNEL SERVICES
114 HAYGOOD AVE
LEXINGTON SC 29072-2680

### You must include or enter your Coupon Code when ordering to receive your special deal.

| Coupon Code: | Customer # |
|--------------|------------|
| BZ042 | 00538892 |

☐ At Amsterdam we are always looking for ways to offer you great deals. However, if you do not want future special offers to come to you via fax, please check this box and return it to us.



166 Wallins Corners Road • Amsterdam, NY 12010

Telephone: 1-800-833-6231
Fax: 1-518-843-5204
*amsterdamprinting.com/reorder*

Electronically Filed - City of St. Louis - October 25, 2018 - 02:28 PM

47328 08.15



# *Just A Reminder*

## Reorder and SAVE *20%* towards your next reorder purchase!

**It's Easy!** Just check the box next to the items that you would like to reorder and fax it back to us.

**Or try something new!** If you see a new item that you would like instead, just write the item number in the space provided. Your *20% savings* will be applied automatically to your order!

| Item # | Quantity | Product Description | Regular Price | w/ 20% OFF | Total |
|--------|----------|---------------------|---------------|------------|-------|
| ○44076 | 300 | FESTIVAL PEN | $1.05 | $0.84 | $252.00 |
| ○ | | | | | |
| ○ | | | | | |
| ○ _____ | | | | | |

### *Something New! Visit AmsterdamPrinting.com and Save 20%!*

Please complete form, or call 1-800-833-8231. Additional charges may apply. Shipping and handling are extra. NYS residents add sales tax. Allow 5% for over/under run. To include your logo add 635 art charge. Please send clean, clear, black and white, camera-ready artwork. Terms: Net 10 days to rated firms. Offer cannot be used in conjunction with any other offer and cannot be applied to existing orders. Discounts do not apply to Everyday Deal or Clearance items. Clearance items are while supplies last. Offers and pricing subject to change without notice.

**Imprint Information**
Or print up to 5 lines  ○ Check for no imprint required:

1. _____
2. _____
3. _____
4. _____
5. _____
Logo Position: _____

**Payment Information**
○ Bill me (pending credit approval) | ○ Check enclosed | ○ Credit card:

○ MasterCard  ○ VISA  ○ DISCOVER NETWORK  ○ AMERICAN EXPRESS

Card #: _____
Exp. Date: _____ P.O. #: _____
SIGNATURE: _____
(Your order must be signed)

**Customer Information**
Ship to: *Please, no P.O. Boxes for Ship To address*
VIRGINIA MCCUEN
SNELLING PERSONNEL SERVICES
114 HAYGOOD AVE
LEXINGTON SC 29072-2680

### You must include or enter your Coupon Code when ordering to receive your special deal.

**Coupon Code:**    **Customer #**
BZ040    00538892

☐ At Amsterdam we are always looking for ways to offer you great deals. However, if you do not want future special offers to come to you via fax, please check this box and return it to us.



**Amsterdam** ®
166 Wallins Corners Road • Amsterdam, NY 12010

Telephone: 1-800-833-6231
Fax: 1-518-843-5204
*amsterdamprinting.com/reorder*

Electronically Filed - City of St. Louis - October 25, 2018 - 02:28 PM

47449 10.15



# Time to Reorder and Save BIG!!

## Save *20%* today on your next reorder purchase!

*It's Easy!* Just check the box next to the items that you would like to reorder and fax it back to us.

Or try something new! If you see a new item that you would like instead, just write the item number in the space provided. Your *20% savings* will be applied automatically to your order!

| Item # | Quantity | Product Description | Regular Price | w/ 20% OFF | Total |
|---|---|---|---|---|---|
| ○ 44076 | 300 | FESTIVAL PEN | $1.05 | $0.84 | $252.00 |
| ○ | | | | | |
| ○ | | | | | |

*Something New! Visit AmsterdamPrinting.com and Save 20%!*

○ _____

Please complete form, or call 1-800-833-6231. Additional charges may apply. Shipping and handling are extra. NYS residents add sales tax. Allow 5% for over/under run. To include your logo add $35 art charges. Please send clean, clear, black and white, camera-ready artwork. Term: Net 10 days to rated firms. Offer cannot be used in conjunction with any other offer and cannot be applied to existing orders. Discounts do not apply to Everyday Deal or Clearance items. Clearance items are while supplies last. Offers and pricing subject to change without notice.

### Imprint Information

Or print up to 5 lines   ○ Check for no imprint required:

1. _____
2. _____
3. _____
4. _____
5. _____

Logo Position: _____

### Payment Information

○ Bill me (pending credit approval) | ○ Check enclosed | ○ Credit card:

MasterCard   VISA   DISCOVER NETWORK   AMERICAN EXPRESS

Card #: _____
Exp. Date: _____ P.O. #: _____
SIGNATURE: _____
(Your order must be signed)

### Customer Information

Ship to: *Please, no P.O. Boxes for Ship To address*

VIRGINIA MCCUEN
SNELLING PERSONNEL SERVICES
114 HAYGOOD AVE
LEXINGTON SC 29072-2680

You must include or enter your Coupon Code when ordering to receive your special deal.

Coupon Code: **CC498**

Customer #: **00588892**

☐ At Amsterdam we are always looking for ways to offer you great deals. However, if you do not want future special offers to come to you via fax, please check this box and return it to us.



Telephone: 1-800-833-6231
Fax: 1-518-843-5204
*amsterdamprinting.com/reorder*

166 Wallins Corners Road • Amsterdam, NY 12010

Electronically Filed - City of St. Louis - October 25, 2018 - 02:28 PM

47494 11.15



# Is it Reorder Time?

## Reorder and SAVE *20%* towards your next reorder purchase!

*It's Easy!* Just check the box next to the items that you would like to reorder and fax it back to us.

Or try something new! If you see a new item that you would like instead, just write the item number in the space provided. Your *20% savings* will be applied automatically to your order!

| Item # | Quantity | Product Description | Regular Price | w/ 20% OFF | Total |
|---|---|---|---|---|---|
| ○ 44076 | 300 | FESTIVAL PEN | $1.05 | $0.84 | $252.00 |
| ○ | | | | | |
| ○ | | | | | |

*Something New! Visit AmsterdamPrinting.com and Save 20%!*

| ○ _____ | _____ | _____ | _____ | _____ | _____ |

Please complete form, or call 1-800-833-6231. Additional charges may apply. Shipping and handling are extra. NYS residents add sales tax. Allow 5% for over/under run. To include your logo add 635 art charge. Please send clean, clear, black and white, camera-ready artwork. Term: Net 10 days to rated firms. Offer cannot be used in conjunction with any other offer and cannot be applied to existing orders. Discounts do not apply to Everyday Deal or Clearance items. Clearance items are while supplies last. Offers and pricing subject to change without notice.

## Imprint Information

Or print up to 5 lines   ○ Check for no imprint required:

1. _____
2. _____
3. _____
4. _____
5. _____

Logo Position: _____

## Payment Information

○ Bill me (pending credit approval) | ○ Check enclosed | ○ Credit card:

MasterCard   VISA   DISCOVER NETWORK   AMERICAN EXPRESS

Card #: _____

Exp. Date: _____  P.O. #: _____

SIGNATURE: _____
(Your order must be signed)

## Customer Information

Ship to: *Please, no P.O. Boxes for Ship To address*

VIRGINIA MCCUEN
SNELLING PERSONNEL SERVICES
114 HAYGOOD AVE
LEXINGTON SC 29072-2680

You must include or enter your Coupon Code when ordering to receive your special deal.

| Coupon Code: | Customer # |
|---|---|
| CC559 | 00538892 |

☐ At Amsterdam we are always looking for ways to offer you great deals. However, if you do not want future special offers to come to you via fax, please check this box and return it to us.



**Amsterdam** ®
166 Wallins Corners Road • Amsterdam, NY 12010

Telephone: 1-800-833-6231
Fax: 1-518-843-5204
*amsterdamprinting.com/reorder*

Electronically Filed - City of St. Louis - October 25, 2018 - 02:28 PM

47507 11.15



# Just A Reminder

Reorder and SAVE *20%* towards your next reorder purchase!

*It's Easy!* Just check the box next to the items that you would like to reorder and fax it back to us.

Or try something new! If you see a new item that you would like instead, just write the item number in the space provided. Your *20% savings* will be applied automatically to your order!

| Item # | Quantity | Product Description | Regular Price | w/ 20% OFF | Total |
|--------|----------|---------------------|---------------|------------|-------|
| ○ 44076 | 300 | FESTIVAL PEN | $1.05 | $0.84 | $252.00 |
| ○ | | | | | |
| ○ | | | | | |

*Something New! Visit AmsterdamPrinting.com and Save 20%!*

| ○ _____ | _____ | _____ | _____ | _____ | _____ |

Please complete form, or call 1-800-833-6231. Additional charges may apply. Shipping and handling are extra. NYS residents add sales tax. Allow 5% for over/under run. To include your logo add $35 art charge. Please send clean, clear, black and white, camera-ready artwork. Term: Net 10 days to rated firms. Offer cannot be used in conjunction with any other offer and cannot be applied to existing orders. Discounts do not apply to Everyday Deal or Clearance items. Clearance items are while supplies last. Offers and pricing subject to change without notice.

### Imprint Information

Or print up to 5 lines   ○ Check for no imprint required:

1. _____
2. _____
3. _____
4. _____
5. _____

Logo Position: _____

### Payment Information

○ Bill me (pending credit approval) | ○ Check enclosed | ○ Credit card:

MasterCard   VISA   DISCOVER NETWORX   AMERICAN EXPRESS

Card #: _____

Exp. Date: _____ P.O. #: _____

SIGNATURE: _____
(Your order must be signed)

### Customer Information

Ship to: *Please, no P.O. Boxes for Ship To address*

VIRGINIA MCCUEN
SNELLING PERSONNEL SERVICES
114 HAYGOOD AVE
LEXINGTON SC 29072-2680

**You must include or enter your Coupon Code when ordering to receive your special deal.**

**Coupon Code:**
CC562

**Customer #**
00538892

☐ At Amsterdam we are always looking for ways to offer you great deals. However, if you do not want future special offers to come to you via fax, please check this box and return it to us.



**Amsterdam**®
168 Wallins Corners Road • Amsterdam, NY 12010

Telephone: 1-800-833-6231
Fax: 1-518-843-5204
*amsterdamprinting.com/reorder*

Electronically Filed - City of St. Louis - October 25, 2018 - 02:28 PM

47514 11.15

# Enjoy a Cornucopia of Savings this



# Thanksgiving

## and Save **20%** on your Re-Order

*It's Easy!* Just check the box next to the items that you would like to reorder and fax it back to us.

Or try something new! If you see a new item that you would like instead, just write the item number in the space provided. Your **20% savings** will be applied automatically to your order!

| Item # | Quantity | Product Description | Regular Price | w/ 20% OFF | Total |
|--------|----------|--------------------|--------------|-----------|-------|
| ○ 44076 | 300 | FESTIVAL PEN | $1.05 | $0.84 | $252.00 |
| ○ | | | | | |
| ○ | | | | | |

*Something New! Visit AmsterdamPrinting.com and Save 20%!*

| ○ | | | | | |

Please complete form, or call 1-800-833-6231. Additional charges may apply. Shipping and handling are extra. NYS residents add sales tax. Allow 5% for over/under run. To include your logo add 635 art charges. Please send clean, clear, black and white, camera-ready artwork. Term: Net 10 days to rated firms. Offer cannot be used in conjunction with any other offer and cannot be applied to existing orders. Discounts do not apply to Everyday Deal or Clearance items. Clearance items are while supplies last. Offers and pricing subject to change without notice.

## Imprint Information

Or print up to 5 lines   ○ Check for no imprint required:

1. _____
2. _____
3. _____
4. _____
5. _____

Logo Position: _____

## Payment Information

○ Bill me (pending credit approval)  |  ○ Check enclosed  |  ○ Credit card:

MasterCard   VISA   DISCOVER NETWORK   AMERICAN EXPRESS

Card #: _____

Exp. Date: _____   P.O. #: _____

SIGNATURE: _____
(Your order must be signed)

## Customer Information

Ship to: *Please, no P.O. Boxes for Ship To address*

VIRGINIA MCCUEN
SNELLING PERSONNEL SERVICES
114 HAYGOOD AVE
LEXINGTON SC 29072-2630

**You must include or enter your Coupon Code when ordering to receive your special deal.**

| Coupon Code: | Customer # |
|--------------|-----------|
| CC570 | 00538892 |

☐ At Amsterdam we are always looking for ways to offer you great deals. However, if you do not want future special offers to come to you via fax, please check this box and return it to us.



166 Wallins Corners Road • Amsterdam, NY 12010

Telephone: 1-800-833-6231
Fax: 1-518-843-5204
*amsterdamprinting.com/reorder*

Electronically Filed - City of St. Louis - October 25, 2018 - 02:28 PM

# Amsterdam®
Your Trusted Leader In Promotional Products

47523  11.15

# A JUMP START TO THE HOLIDAYS

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

You receive **20%**  **off** your entire order!

## It's **EASY!**

Just check the box next to the items that you would like to reorder and fax it back to us.

**Or try something new!** If you see a new item that you would like instead, just write the item number in the space provided. Your **20% savings** will be applied automatically to your order!

| Item # | Quantity | Product Description | Regular Price | w/ 20% off | Total |
|--------|----------|---------------------|---------------|------------|-------|
| ○ 44076 | 300 | FESTIVAL PEN | $1.05 | $0.84 | $252.00 |
| ○ | | | | | |
| ○ | | | | | |

| SOMETHING NEW!  ----  Visit AmsterdamPrinting.com and Save 20%! |
|---|
| ○ |

Please complete form, or call 1-800-833-6231. Additional charges may apply. Shipping and handling are extra. NY & WA state residents add sales tax. Allow 5% for over/under run. To include your logo add $35 art charge. Please send clean, clear, black and white, camera-ready artwork. Term: Net 10 days to rated firms. Offer cannot be used in conjunction with any other offer and cannot be applied to existing orders. Discounts do not apply to Everyday Deal or Clearance items. Clearance items are while supplies last. Offers and pricing subject to change without notice.

○ At Amsterdam we are always looking for ways to offer you great deals. However, if you do not want future special offers to come to you via fax, please check this box and return it to us.

## IMPRINT INFORMATION

Or print up to 5 lines   ○ Check for no imprint required:

1. _____
2. _____
3. _____
4. _____
5. _____

Logo Position: _____

## PAYMENT INFORMATION

○ Bill me (pending credit approval) | ○ Check enclosed | ○ Credit card:

MasterCard   VISA   DISCOVER NETWORK   AMERICAN EXPRESS

Card #: _____
Exp. Date: _____  P.O. #: _____
SIGNATURE: _____
(Your order must be signed)

## CUSTOMER INFORMATION

Ship to: Please, no P.O. Boxes for Ship To address
VIRGINIA MCCUEN
SNELLING PERSONNEL SERVICES
114 HAYGOOD AVE
LEXINGTON SC 29072-2630

## COUPON CODE

You must include or enter your Coupon Code when ordering to receive your discount.

| Customer # | Coupon Code: |
|------------|--------------|
| CC573 | 00538892 |

CALL **800.833.6231**   FAX **518.843.5204**   SHOP **AmsterdamPrinting.com/Reorder**

Electronically Filed - City of St. Louis - October 25, 2018 - 02:28 PM

# Amsterdam®
Your Trusted Leader In Promotional Products

47531  12.7



# HAPPY HOLIDAYS!

## You receive 20% off your entire order!

### It's EASY!

Just check the box next to the items that you would like to reorder and fax it back to us.

**Or try something new!** If you see a new item that you would like instead, just write the item number in the space provided. Your **20% savings** will be applied automatically to your order!

| Item # | Quantity | Product Description | Regular Price | w/ 20% off | Total |
|--------|----------|---------------------|---------------|-----------|-------|
| ○ 44076 | 300 | FESTIVAL PEN | $1.05 | $0.84 | $252.00 |
| ○ | | | | | |
| ○ | | | | | |
| **SOMETHING NEW! ---- Visit AmsterdamPrinting.com and Save 20%!** | | | | | |
| ○ | | | | | |

Please complete form, or call 1-800-833-8231. Additional charges may apply. Shipping and handling are extra. NY & WA state residents add sales tax. Allow 5% for over/under run. To include your logo add $35 art charge. Please send clean, clear, black and white, camera-ready artwork. Term: Net 10 days to rated firms. Offer cannot be used in conjunction with any other offer and cannot be applied to existing orders. Discounts do not apply to Everyday Deal or Clearance items. Clearance items are while supplies last. Offers and pricing subject to change without notice.

○ At Amsterdam we are always looking for ways to offer you great deals. However, if you do not want future special offers to come to you via fax, please check this box and return it to us.

### IMPRINT INFORMATION

Or print up to 5 lines    ○ Check for no imprint required:

1. _____
2. _____
3. _____
4. _____
5. _____

Logo Position: _____

### CUSTOMER INFORMATION

Ship to: Please, no P.O. Boxes for Ship To address
VIRGINIA MCCUEN
SNELLING PERSONNEL SERVICES
114 HAYGOOD AVE
LEXINGTON SC 29072-2680

### PAYMENT INFORMATION

○ Bill me (pending credit approval) | ○ Check enclosed | ○ Credit card:

MasterCard   ○ VISA   ○ DISCOVER NETWORK   ○ AMERICAN EXPRESS

Card #: _____

Exp. Date: _____  P.O. #: _____

SIGNATURE: _____
(Your order must be signed)

### COUPON CODE

You must include or enter your Coupon Code when ordering to receive your discount.

| Customer # | Coupon Code: |
|------------|--------------|
| CC904 | 00538892 |

CALL **800.833.6231**    FAX **518.843.5204**    SHOP **AmsterdamPrinting.com/Reorder**

Electronically Filed - City of St. Louis - October 25, 2018 - 02:28 PM

# Amsterdam®
Your Trusted Leader in Promotional Products

47537  12.14

# HAPPY HOLIDAYS!

It's TIME to REORDER
and SAVE **20%** off your next order!

## It's **EASY!**

Just check the box next to the items that you would like to reorder and fax it back to us.

**Or try something new!** If you see a new item that you would like instead, just write the item number in the space provided. Your **20% savings** will be applied automatically to your order!

| Item # | Quantity | Product Description | Regular Price | w/ 20% off | Total |
|--------|----------|--------------------|---------------|-----------|-------|
| 44076 | 300 | FESTIVAL PEN | $1.05 | $0.84 | $252.00 |
| ○ | | | | | |
| ○ | | | | | |
| | | **SOMETHING NEW!  ----  Visit AmsterdamPrinting.com and Save 20%!** | | | |
| ○ | | | | | |

Please complete form, or call 1-800-833-6231. Additional charges may apply. Shipping and handling are extra. NY & WA state residents add sales tax. Allow 5% for over/under run. To include your logo add $35 art charge. Please send clean, clear, black and white, camera-ready artwork. Term: Net 10 days to rated firms. Offer cannot be used in conjunction with any other offer and cannot be applied to existing orders. Discounts do not apply to Everyday Deal or Clearance items. Clearance items are while supplies last. Offers and pricing subject to change without notice.

○ At Amsterdam we are always looking for ways to offer you great deals. However, if you do not want future special offers to come to you via fax, please check this box and return it to us.

## IMPRINT INFORMATION

Or print up to 5 lines   ○ Check for no imprint required:

1. _____
2. _____
3. _____
4. _____
5. _____

Logo Position: _____

## PAYMENT INFORMATION

○ Bill me (pending credit approval) | ○ Check enclosed | ○ Credit card:



Card #: _____
Exp. Date: _____  P.O. #: _____
SIGNATURE: _____
*(Your order must be signed)*

## CUSTOMER INFORMATION

Ship to: *Please, no P.O. Boxes for Ship To address*
VIRGINIA MCCUEN
SNELLING PERSONNEL SERVICES
114 HAYGOOD AVE
LEXINGTON SC 29072-2630

**Customer #**
CC907

## COUPON CODE

You must include or enter your Coupon Code when ordering to receive your discount.

**Coupon Code:**
00538892

**CALL** 800.833.6231    **FAX** 518.843.5204    **SHOP** AmsterdamPrinting.com/Reorder

Electronically Filed - City of St. Louis - October 25, 2018 - 02:28 PM

# Amsterdam®
Your Trusted Leader In Promotional Products

48789  12.15

# WALL CALENDAR
# BLOW OUT

*While Supplies Last*

## ORDER TODAY @ AmsterdamPrinting.com/latebird

| Item # | Quantity | Product Description |
|--------|----------|---------------------|
| ○ 44910 | | Feline Friends Stitched |
| ○ 36541 | | Muscle Car Stitched |
| ○ 33181 | | Murphy's Law Stitched |
| ○ 35399 | | Scenic America Stitched |
| ○ 44639 | | Light House Spiraled |
| ○ 33368 | | Scenic America Spiraled |
| ○ 44638 | | Woodland Retreats Spiraled |
| ○ 44601 | | Luxe Gallery American Splendor Stapled |
| ○ 44606 | | Luxe Gallery Inspirations Spiral |
| ○ 45122 | | American Heartland Wall Spiral |
| ○ 44312 | | Luxe Gold America Spiral |

**AS LOW AS 79¢**

**PLUS FREE SETUP!**

| Qty. | Offer |
|------|-------|
| 50 | $1.19 |
| 100 | $0.99 |
| 250 | $0.99 |
| 500 | $0.99 |
| 750 | $0.89 |
| 1,000 | $0.79 |
| 2,500 | $0.79 |

Please complete form, or call 1-800-833-6231. Additional charges may apply. Shipping and handling are extra. NY & WA state residents add sales tax. Allow 5% for over/under run. To include your logo add $35 art charge. Please send clean, clear, black and white, camera-ready artwork. Term: Net 10 days to rated firms. Offer cannot be used in conjunction with any other offer and cannot be applied to existing orders. Discounts do not apply to Everyday Deal or Clearance items. Clearance items are while supplies last. Offers and pricing subject to change without notice.

○ At Amsterdam we are always looking for ways to offer you great deals. However, if you do not want future special offers to come to you via fax, please check this box and return it to us.

## IMPRINT INFORMATION

○ Please provide up to 5 lines of imprint:    ○ Check for no imprint required:

1. _____
2. _____
3. _____
4. _____
5. _____

Logo Position: _____

## PAYMENT INFORMATION

○ Bill me (pending credit approval) | ○ Check enclosed | ○ Credit card:

○ MasterCard  ○ VISA  ○ DISCOVER NETWORK  ○ AMERICAN EXPRESS

Card #: _____
Exp. Date: _____  P.O. #: _____
SIGNATURE: _____
(Your order must be signed)

## CUSTOMER INFORMATION

Ship to: *Please, no P.O. Boxes for Ship To address*
VIRGINIA MCCUEN
SNELLING PERSONNEL SERVICES
114 HAYGOOD AVE
LEXINGTON SC 29072-2630

## COUPON CODE

You must include or enter your Coupon Code when ordering to receive your discount.

| Customer # | Coupon Code: |
|------------|--------------|
| CE460 | 00538892 |

CALL **800.833.6231**    FAX **518.843.5204**    SHOP **AmsterdamPrinting.com/Reorder**

Electronically Filed - City of St. Louis - October 25, 2018 - 02:28 PM



**Your Trusted Leader in Promotional Products**

48790  12.15

# Time is RUNNING Out!



## Wall Calendars

*While Supplies Last*

### ORDER TODAY @ AmsterdamPrinting.com/latebird

| Item # | Quantity | Product Description | | | Qty. | Offer |
|--------|----------|---------------------|---|---|------|-------|
| ○ 44910 | | Feline Friends Stitched | | | 50 | $1.19 |
| ○ 36541 | | Muscle Car Stitched | | | 100 | $0.99 |
| ○ 33181 | | Murphy's Law Stitched | AS LOW AS **79¢** | | 250 | $0.99 |
| ○ 35399 | | Scenic America Stitched | | | | |
| ○ 44639 | | Light House Spiraled | | | 500 | $0.99 |
| ○ 33368 | | Scenic America Spiraled | | | 750 | $0.89 |
| ○ 44638 | | Woodland Retreats Spiraled | PLUS FREE SETUP! | | | |
| ○ 44601 | | Luxe Gallery American Splendor Stapled | | | 1,000 | $0.79 |
| ○ 44606 | | Luxe Gallery Inspirations Spiral | | | | |
| ○ 45122 | | American Heartland Wall Spiral | | | 2,500 | $0.79 |
| ○ 44312 | | Luxe Gold America Spiral | | | | |

Please complete form, or call 1-800-833-6231. Additional charges may apply. Shipping and handling are extra. NY & WA state residents add sales tax. Allow 5% for over/under run. To include your logo add $35 art charge. Please send clean, clear, black and white, camera-ready artwork. Term: Net 10 days to rated firms. Offer cannot be used in conjunction with any other offer and cannot be applied to existing orders. Discounts do not apply to Everyday Deal or Clearance items. Clearance items are while supplies last. Offers and pricing subject to change without notice.

○ At Amsterdam we are always looking for ways to offer you great deals. However, if you do not want future special offers to come to you via fax, please check this box and return it to us.

## IMPRINT INFORMATION

○ Please provide up to 5 lines of imprint:    ○ Check for no imprint required:

1. _____

2. _____

3. _____

4. _____

5. _____

Logo Position: _____

## PAYMENT INFORMATION

○ Bill me (pending credit approval) | ○ Check enclosed | ○ Credit card:

MasterCard   ○ VISA   ○ DISCOVER NETWORK   ○ AMERICAN EXPRESS

Card #: _____

Exp. Date: _____  P.O. #: _____

SIGNATURE: _____
*Your order must be signed*

## CUSTOMER INFORMATION

Ship to: *Please, no P.O. Boxes for Ship To address*
VIRGINIA MCCUEN
SNELLING PERSONNEL SERVICES
114 HAYGOOD AVE
LEXINGTON SC 29072-2630

## COUPON CODE

You must include or enter your Coupon Code when ordering to receive your discount.

| Customer # | Coupon Code: |
|------------|--------------|
| 00538892 | CE460 |

# EXHIBIT P

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

CAREER COUNSELING, INC. d/b/a SNELLING )
STAFFING SERVICES, individually and on behalf )
of all others similarly-situated, )
)
       Plaintiff, )
)
v. )
)
AMSTERDAM PRINTING & LITHO, INC. and )
TAYLOR CORPORATION, )
)
       Defendants. )

Cause No. 1822-CC11500

Division 20

## FINAL APPROVAL ORDER AND JUDGMENT

The matter coming before the Court on the Parties' joint request for final approval of the class action settlement, due notice having been given, the Parties appearing through counsel, and the Court fully advised in the premises, IT IS HEREBY ORDERED:

1.    This Court has jurisdiction over plaintiff, Career Counseling, Inc. ("Plaintiff"), and defendants, Amsterdam Printing & Litho, Inc. and Taylor Corporation ("Defendants"), each of their counsel, the members of the Settlement Class, and the claims asserted in this lawsuit.

2.    Pursuant to Missouri Supreme Court Rule 52.08(e), the Court hereby finally approves the settlement of this action, as embodied in the terms of the Settlement Agreement, as a fair, reasonable, and adequate settlement in the best interests of the Settlement Class (defined below), in light of the factual, legal, practical, and procedural considerations raised by this case. No timely objections were filed. Accordingly, this Final Approval Order and Judgment binds all members of the Class who did not opt out.

1

3.    In its Order Preliminarily Approving Settlement, Certifying Settlement Class, and

Authorizing Notice to the Settlement Class (the "Preliminary Approval Order"), the Court

certified the following Settlement Class:

> All persons or entities who were successfully sent one or more faxes on or about
> the dates set forth stating: (1) "Time to Reorder and Save Big!!," sent June 22,
> 2015; (2) "The Independence Day Sale," sent on June 29, 2015; (3) "Is it
> Reorder Time," sent July 6, 2015; (4) "Just a Reminder," sent July 13, 2015; (5)
> "Great news, you have reached Star Status," sent July 20, 2015; (6) "Running
> Low," sent July 27, 2015; (7) "Time to Reorder and Save Big," sent August 3,
> 2015; (8) "Are Your Supplies Running Low," sent August 10, 2015; (9) "Just A
> Reminder," sent August 24, 2015; (10) "Running Low," sent September 8, 2015;
> (11) "Time to Reorder and Save Big!!," sent September 14, 2015; (12) "Are
> Your Supplies Running Low," sent September 21, 2015; (13) Time to Reorder
> and Save Big!!," sent October 19, 2015; (14) "Is it Reorder Time," sent
> November 9, 2015; (15) "Just A Reminder," sent November 16, 2015; (16)
> "Enjoy a Cornucopia of Savings this Thanksgiving," sent November 23, 2015;
> (17) "A Jump Start to the Holidays," sent November 30, 2015; (18) "Happy
> Holidays, You receive 20% off your entire order!," sent December 7, 2015; (19)
> "Happy Holidays, It's Time to Reorder and Save 20% off your next order!," sent
> December 14, 2015; (20) "Wall Calendar Blow Out," sent December 17, 2015;
> and (21) "Time is Running Out! Over Stock Wall Calendars," sent December 23,
> 2015.
>
> Excluded from the Class are Defendants, any parent, subsidiary, affiliate or
> controlled persons of Defendants, as well as the officers, directors, agents,
> servants or employees of Defendants and the immediate family members of such
> persons, and members of the Missouri judiciary.

As per the class definition the Court hereby excludes from the Settlement Class

Defendants, any parent, subsidiary, affiliate or controlled persons of Defendants, as well as the

officers, directors, agents, servants or employees of Defendants and the immediate family

members of such persons, and members of the Missouri judiciary, since the Parties expressly

agreed to this Settlement Class definition for settlement purposes.

In the Preliminary Approval Order, the Court appointed Plaintiff as the "Class

Representative," and appointed Plaintiff's attorneys Max G. Margulis of Margulis Law Group

and Brian J. Wanca of Anderson + Wanca as "Class Counsel."

4. The Court finds that the Settlement Agreement has been entered into in good faith following arm's-length negotiations.

5. The Court finds that the notice given to Class Members in this action was the best notice practicable under the circumstances and satisfies the requirements of due process and Missouri Supreme Court Rule 52.08(c)(2).

6. Because 11 persons submitted a timely request to be excluded from the Settlement Class and this action, the following persons are so excluded, see Exhibit A.

7. No objections were received and no persons appeared in Court at the fairness hearing to object to the settlement.

8. The Court finds that the settlement is fair, adequate, and reasonable, after due consideration of (a) the uncertainty of the class's success on the merits of the claims; the range of their possible recovery, (b) the complexity, expense and duration of the litigation, (c) the lack of opposition to the settlement, (d) the state of proceedings at which the settlement was achieve, (e) the written submissions, affidavits, and arguments of counsel, and (f) after notice and hearing. This Court also finds that the financial settlement terms fall within the range of settlement terms that are fair, adequate and reasonable. Accordingly, this Settlement Agreement should be and is approved and shall govern all issues regarding the settlement and all rights of the Parties, including the members of the Settlement Class. Each member (including any person or entity claiming by or through him, her, or it, but except for those who excluded themselves from the Class) by timely filing a valid notice with the Clerk of the Court indicating that they are opting out (such persons having been identified above) shall be bound by the Settlement Agreement, including being subject to the release set forth in said Settlement Agreement.

9. Defendants have created a settlement fund (the "Settlement Fund") of up to $9,999,999.00 to pay all claims by Settlement Class members, to pay Class Counsel's fees,

litigation expenses, settlement administration expenses and to pay the Class Representative's incentive award. Unclaimed monies in the Settlement Fund shall revert back to the Defendants.

10.    As the Parties agreed in the Settlement Agreement, each owner of each unique fax number of the Settlement Class who submits a timely and valid Claim Form shall be paid a total of $500.00 per unique fax number. The Claims Administrator shall cause those checks to be mailed after receiving the funds from Defendants. Checks issued to the claiming Settlement Class members will be void 181 days after issuance and the total amount from voided checks shall revert back to Defendants.

11.    Pursuant to the Parties' agreement, the Court approves Class Counsel's attorneys' fees in an amount equal to one third (33 1/3%) of the Settlement Fund ($3,333,333.00), plus reasonable out-of-pocket litigation expenses, notice costs and administrative fees from the Settlement Fund. Accordingly, the Court awards Class Counsel fees in the amount of $3,333,333.00 and expenses, including costs of claims administration in the amount of $73,191.57 ; that judgment is final and the fees are ordered paid to Class Counsel. Some of the law firms have expressed an interest in receiving their share of the fee award in periodic payments, rather than in a lump sum. Class-settlement.com, the Claims Administrator, is permitted to enter into any and all agreements with the attorneys and third parties to provide for such periodic payment of fee awards as requested by the attorneys. In accordance with the Settlement Agreement, Defendants will pay those amounts from the Settlement Fund when this Final Approval Order becomes final as those terms are defined in the Settlement Agreement.

12.    Pursuant to the Parties' agreement, the Court approves a $15,000.00 incentive award to Career Counseling, Inc. for serving as the Class Representative. In accordance with the Settlement Agreement, Defendants will pay that amount from the Settlement Fund when the Final Judgment and Order become final as those terms are defined in the Settlement Agreement.

13.    The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here. The Parties to the Settlement Agreement shall carry out their respective obligations as agreed upon in the Settlement Agreement.

14.    This action, including all claims against Defendants asserted in this lawsuit, or which could have been asserted in this lawsuit, by or on behalf of Plaintiff and all Settlement Class members against Defendants, is hereby dismissed with prejudice and without taxable costs to any Party.

15.    All claims or causes of action of any kind by any Settlement Class member or anyone claiming by or through him, her, or it brought in this Court or any other forum (other than persons who have properly opted out of the Settlement) are barred pursuant to the releases set forth in the Settlement Agreement. All persons and entities are enjoined from instituting, either directly or indirectly, any action against Defendants in this Court or in any other court or forum, asserting any claim that is being settled or released herein.

16.    If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or Final Approval Order and Judgment do not for any reason become effective, or (c) the Settlement Agreement or Final Approval Order and Judgment are reversed, vacated, or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Approval Order and Judgment shall be void and shall be deemed vacated.

17.    The Court retains continuing jurisdiction over this action, Plaintiff and all members of the Settlement Class, and Defendants to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or

enforcement. The Court further retains jurisdiction to enforce this Order.

18.    The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.

BY ORDER OF THE COURT

Dated: *April 1, 2019*

*[signature]*
Honorable Joan L. Moriarty

# EXHIBIT Q

**Remarks of FCC Commissioner Michael O'Rielly**
**Before the ACA International Washington Insights Conference**
**May 16, 2019**

Thank you, Mr. Gonsalves, for that very kind introduction.  I realize that I am appearing at the tail end of your conference, and following such a prominent and knowledgeable panel, no less.  The truth is, I was originally supposed to speak to this distinguished audience yesterday but was summoned to testify before the House of Representatives, where I discussed regulatory issues affecting your industry and the need to protect legitimate business practices, among other topics.  Many thanks to ACA International's staff for working to accommodate the schedule change and to those of you who have stayed to hear me.  Hopefully, I won't disappoint.

Let's be honest: speaking in defense of credit and collection professionals probably isn't the politically savviest or safest move.  As you're well-aware, debt collectors, as you're known more commonly, are not especially popular in today's society, and likely never have been.  Though, to be fair, I can relate; being a federal regulator isn't the most endearing role either.  But being well-liked cannot be the basis for one's career choice, or otherwise we'd all be candy makers or florists.  After all, who doesn't love their local confectioner?

When I think of the credit collection process, I am reminded of a quote by Earl Wilson, a former major league baseball pitcher from the 1960s, who turned into quite the quotable individual before passing in 2005.  Think of Yogi Berra without all the World Series Championships.  Mr. Wilson once quipped, "If you think nobody cares if you're alive, try missing a couple of car payments."  That joke works with mortgages or student loans too, by the way.  It also reveals that being "popular" isn't always a blessing; you rarely become more sought after than when you owe something to others.

What exactly is debt?  Some may view it as a societal ill, or as part of the darker side of American capitalism.  But, if you really think about it, debt is the result of someone believing in and taking a chance on another person's dreams—albeit for a profit, which is completely legitimate in our market-based society.  Indeed, the extension of credit, and in turn the assumption of debt, is what enables many individuals to realize their vision for a corporation, a small business, a future career, a family farm, a first home, or a better mode of transportation.  And, debt collection is simply the process of following through on a promise, so there's money available to make the next loan for someone else's dream.

Just think what would happen without the work of ACA International's members.  As you know well, without debt collection, the cost of lending would soar, as any defaults would be absorbed by future borrowers.  Your actions keep interest rates lower than they would be otherwise.  Consistent with governing statutes, your industry does everything it can to ensure that borrowers meet their obligations.  And, you work extra hard to prevent defaults through payment plans and deferments, since those instances are the costliest for lenders, borrowers, and society at-large.  If only the world knew how much effort you devote to keeping people in their homes, current on other loan payments, and out of bankruptcy.

So, I am here to join with your organization as your members continue to face untenable legal risk and uncertainty in your efforts to reach out to borrowers.  The last time I spoke before ACA, the DC Circuit had not yet ruled on *ACA International v. FCC*, your organization and others' seminal challenge to the FCC's 2015 Omnibus TCPA Order.  Like many of you, I applauded that court's role in setting aside the previous FCC's unreasonably expansive and uncertain definition of what constitutes an "Automatic

Telephone Dialing System," or ATDS, under the TCPA, and the deeply flawed one-call safe harbor in the reassigned numbers context.

*The Landscape Post-ACA International v. FCC*

Unfortunately, despite your organization's substantial and justified win in that case, the "fog of uncertainty," as the DC Circuit put it, remains thicker than ever. It remains up to this FCC to respond to that court's set-asides, re-define ATDS in a clear and rational manner, and complete the adoption of a non-arbitrary reassigned numbers database with a sufficiently workable safe harbor. Despite the DC Circuit's decision to refrain from invalidating the 2015 standards on revocation of consent, I strongly believe that it is incumbent on our agency to adopt clear rules of the road in that area as well. And, as you know from my previous comments and dissent to the 2015 Order, these issues hardly represent an exhaustive list of warranted TCPA regulatory reforms.

The longer we wait to take these necessary actions, the greater the harms that are inflicted on both organizations and consumers. You know better than anyone that the past FCC's unclear and expansive TCPA rules have created a crippling litigation threat for businesses in virtually all industries; indeed, there was a 46 percent increase in TCPA lawsuits in the period immediately following the 2015 Omnibus Order, as compared with the period immediately preceding it, according to the U.S. Chamber Institute for Legal Reform.[1]

Unfortunately, the DC Circuit victory did not stem that tide, as a patchwork of interpretations by both federal circuit and district courts flowed in response, including those that illogically found the FCC's 2003 and 2008 orders defining an ATDS to be controlling post-*ACA*. And, that just pales in comparison to the medley of courts that have chosen to ignore the DC Circuit and instead follow the 9th Circuit's extremely misguided and breathtakingly expansive definition of ATDS as a device that stores numbers to be called, irrespective of whether they have been generated by a random or sequential number generator. (Statutory text? What statutory text?) Now, with the Fourth Circuit's recent decision to declare the government-backed debt exemption facially unconstitutional and sever it from the statute, practically no calls—not even those to collect debts owed to or guaranteed by taxpayers—are beyond the claws of unscrupulous plaintiffs' lawyers. What a mess.

*Finishing the Pending Rulemaking*

Now, more than ever, it's crucial that we get the rulemaking done, and ensure that honest businesses can call their customers without being threatened by bankruptcy. The cottage industry of TCPA litigants isn't picky in terms of whom it targets; everyone from mom and pop home security companies, to the Humane Society, has fallen victim. And, it's not consumers who ultimately reap the proceeds of judgments and settlements, but attorneys; the average recovery for TCPA class members is a few measly dollars, whereas the average recovery for a plaintiff's lawyer is well over $2 million.[2]

The consequences of a failure to act are dire for consumers as well. I've had countless businesses come into my office to tell me that it's now too risky to call their customers and provide them with critical and

---

[1] *TCPA Litigation Sprawl*, U.S. Chamber Institute for Legal Reform (August 2017), https://www.instituteforlegalreform.com/uploads/sites/1/TCPA_Paper_Final.pdf.
[2] Adonis Hoffman, *Sorry, Wrong Number, Now Pay Up*, Wall Street Journal (June 15, 2015), https://www.wsj.com/articles/sorry-wrong-number-now-pay-up-1434409610.

time-sensitive information.  These are not entities randomly soliciting strangers and creating a nuisance, or even telemarketing—as if that's a terrible thing—but providing data security breach notifications, prescription refill reminders, bill due date notices, school closure alerts, and notices of flight schedule changes.  Others have told me that they are only making landline calls, excluding texts and calls altogether to wireless-only consumers, an increasing segment of the population.  That chilling effect causes disparate harm to the latter segment of consumers, who are more likely to be younger and lower-income.

To be clear, the Commission is not sitting on its hands unaware of the TCPA debates brewing in the courts and affected boardrooms.  But, we are a busy agency.  Under this Chairman, we have been extremely focused on moving an aggressive, deregulatory, pro-consumer agenda that reflects current market realities.  Failure to address TCPA is not a failure of leadership, nor can the blame be placed on Chairman Pai.  Instead, the onus is on you and others to raise awareness of the need for corrective actions to a much, much greater extent.  While I am already convinced of the need to act and can help somewhat, it's your job to convince my colleagues and agency staff to do so.  May I humbly suggest that the advocacy of one lone industry will not be enough to truly move the needle.  It will take extensive cooperation and collaboration with everyone else caught in the TCPA spider web, screaming the same message at the same fever pitch.

*Terminology and Priorities Matter*

Repeat after me: "robocall" is not a bad word.  There are good and legal robocalls, and there are scam and illegal robocalls, and it's the latter that are wreaking havoc on the nation's communications networks.  Let's face it: information is often better and more accurately conveyed by dialing automatically from a list or through pre-recorded messages rather than through a live operator.  Moreover, the use of automated technology generally translates into lower costs, freeing up resources for more efficient uses, including lower prices.  Regulators and lawmakers need to stop vilifying automated calls and be clear and precise about the problem and the actors we are addressing: in other words, the scammers, neighborhood spoofers, overseas criminals, and phone number harvesters, some of whom are not even necessarily engaged in robocalling.  An overly-expansive definition of ATDS does absolutely nothing to deter or prevent these criminals.  If anything, it ignores and distracts from the true menace confronting our nation.

However, for those who profit from predatory lawsuits, there's an obvious benefit in using the same robocall terminology to describe all automatic dialers and capturing legitimate US businesses in gotcha regulation purportedly targeting scammers.  It's so much easier to sue the good guys than the bad guys.  But, by interpreting TCPA language so expansively, we don't make a dent in the real problem, and may even make it worse.  In fact, according to so-called comedian John Oliver's own statistics, in the aftermath of the 2015 FCC Omnibus Order expanding TCPA liability, illegal robocalls exploded.[3]  Yet, due to our own policy failure, lawyers and courts were too busy chasing after legitimate companies and driving them out of business.

I would also be remiss if I didn't address a certain misleading narrative being peddled by certain groups purporting to represent consumer interests: that the vast majority of robocalls in the US are perpetrated

---

[3] Eric Troutman, *Fact Checking John Oliver's Robocall Bit: It Was Hilarious but Was It Accurate?*, National Law Review (March 13, 2019), https://www.natlawreview.com/article/fact-checking-john-oliver-s-robocall-bit-it-was-hilarious-was-it-accurate.

by US corporations, and that 17 of the top 20 robocallers are debt collectors.[4]  That statistic, however, is based on data that does not distinguish legitimate wanted calls from unwanted scam calls, and instead lumps together *all* calls that are automatically dialed.  In other words, a legitimate fraud alert is treated the same as an IRS scam call.  While I'm not casting aspersions on the veracity of this data point, it does not convey useful information from a regulatory point of view and relying on it to advocate a policy outcome is extremely misleading.

In fact, a deeper dive reveals that debt collection calls, which are already highly regulated outside of the TCPA, actually represent just 2 percent of unwanted calls.[5]  And, it makes a lot of sense that this number would be so low: consumers generally don't want to miss out on debt collection notices.  They want to receive information that would help them prevent delinquency and default, having their utilities cut, or their credit scores plummet.  But many businesses have stopped making these crucial calls because the risk is too great.

This needs to change.  We need to restore reasonableness and certainty, while focusing squarely on the criminals and scam artists plaguing our nation's communications systems.  Make no mistake:  some of these illegal actors are extremely sophisticated, and prescriptive rules won't suffice on their own.  We need to be one step ahead of scammers themselves, and that generally requires very innovative technology.  Thanks to market forces, cutting-edge companies have developed their own software-based solutions, involving advanced algorithms, machine learning, artificial intelligence, and consumer feedback.  We should applaud these efforts, as well as initiatives by carriers to implement call authentication and verification, along with call blocking and filtering services, usually free of charge, to their customers.  Incidentally, Chairman Pai circulated an item yesterday item to give carriers more flexibility and liability protection in blocking unlawful calls.  While I have not yet had a chance to read the draft in depth, supporting carriers in their efforts is certainly a good start.

At the same time, we need to be vigilant and realistic, because scammers will continually find ways to circumvent these technology-driven protections.  Further, it is crucial that we achieve accuracy and prevent false positives: there must be mechanisms to swiftly correct errors and prevent the mis-labelling and blocking of legitimate, legal robocalls.

*Resolving the Many Pending TCPA Petitions*

We must focus on real solutions, not maintaining overbroad regulations for political expediency.  Moreover, we have an obligation to resolve many of the worthy TCPA petitions that are currently pending, stuck in what seems like perpetual legal limbo.  If implementing the DC Circuit's directives in *ACA International* takes much longer, the Commission should at least act swiftly to provide some relief in these discrete instances.

Several of these common-sense requests relate to the issue of prior express consent.  For example, one petitioner seeks a declaratory ruling to exempt from TCPA liability purely informational and governance-related calls by credit union co-ops to their own members' wireless phones.  Another seeks a declaration that motor vehicle safety-related recall notices fall under the TCPA's emergency exception and are thus

---

[4] *Abusive Robocalls and How We Can Stop Them:  Hearing before the U.S. Senate Committee on Commerce, Science & Transportation*, 115th Cong. 4 (2018) (written testimony of Margot Saunders, Senior Counsel, National Consumer Law Center).

[5] *Robocall Radar Spam Trends: 2018 Report,* Hiya, https://hiya.com/robocall-radar (last visited May 6, 2019).

exempt from the prior express consent requirement. Given the importance of such notices for health and safety purposes, interpreting the TCPA to deter such calls would seem very foolish indeed.

On the telemarketing front, multiple petitions seek clarification on what constitutes an advertisement under the TCPA. The Commission's vague purpose-based standard has led to certain courts finding that any profit motive whatsoever, no matter how attenuated to the actual content of a communication, constitutes telemarketing, and thus requires a higher threshold of consent. Given the hodgepodge of judicial opinions on this issue, it's obvious that courts need more guidance.

There are also several pending petitions relating to the Commission's junk fax rules. For example, one petitioner seeks a declaratory ruling that faxes sent as email over the Internet do not constitute faxes received on a "telephone facsimile machine," based on the plain meaning of the TCPA's statutory language. Blurring the distinction between fax and email to capture what is effectively the latter within TCPA would seem to have very far-reaching consequences, contrary to the original drafters' intent.

Other petitions deal with the definition of ATDS. For example, one asks for clarification on the status of "peer-to-peer" messaging under the TCPA, even though that platform involves individualized text messages. It's a sad truth that case law has interpreted ATDS so broadly and unpredictably that practically all modern dialing and texting technologies face the threat of legal sanction, even those that take absolutely no part in random or sequential number generation.

It's a similar story with respect to courts' reading of the phrase, "artificial or prerecorded voice to deliver a message." One class action lawsuit currently threatening to drive one home security company out of business involves the question of whether soundboard technology, which involves live operators sending individualized messages on a one-to-one basis, constitutes the use of an artificial or prerecorded voice message. How the district court interprets that statutory phrase, and the pace at which we act on the relevant petition, will literally determine whether that company survives or goes out of business.

That's not to say all the TCPA petitions pending are worthy of our approval. For example, two petitions for reconsideration urge the Commission to reverse its *Broadnet Declaratory Ruling*, which held that federal agencies and contractors acting on their behalf are not persons subject to the TCPA. According to the Commerce Secretary's recent letter to the Commission on this issue, granting a reversal would create massive burdens for federal agencies and taxpayers and would not be justified. I certainly agree, and if it were up to me, I would extend the Broadnet ruling to apply to state and local governments as well.

*     *     *

You get the point. I won't keep droning on at length, but this is an issue I care deeply about and want to see fixed. While eliminating *illegal* robocalls is a critical priority, we must remain mindful not to catch legitimate organizations, like yours, in the crosshairs. The stakes are too great for businesses, consumers, and the rule of law. I urge you to continue to speak out on this important issue, and I'll continue to do my part in restoring certainty and integrity to our TCPA rules. Thank you for listening and I welcome your questions.

# EXHIBIT R

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7825 | **DATE** | 6/13/2013 |
| **CASE TITLE** | Hungarian Kosher Foods, Inc. vs. Supermarket Equipment Sales, LLC, et al | | |

**DOCKET ENTRY TEXT**

Defendants' motion for sanctions [74] is granted and the case is dismissed with prejudice. The clerk is directed to terminate the case. Defendants may submit a fee petition by 7/2/2013.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Hungarian Kosher Foods, Inc. ("Hungarian Kosher") brought a putative class action alleging receipt of an unsolicited fax advertisement against Supermarket Equipment Sales LLC; TB Auctions, Inc.; and various individual defendants (collectively, "Defendants"); in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and state law. Defendants' original counsel died, and they were unrepresented for much of 2012. In February 2013, Defendants retained new counsel. Hungarian Kosher's counsel took months to provide the new defense counsel with its Rule 26(a) disclosures. At two status hearings in March 2013, defense counsel alerted the court to Hungarian Kosher's failure to provide Defendants with basic discovery or to respond to a settlement offer. At a status hearing held on April 2, 2013, the court ordered Hungarian Kosher to appear for a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) by May 17, 2013. The court's order indicated that discovery would close on June 3, 2013, and that Hungarian Kosher's amended motion for class certification was due June 1, 2013.

Defendants contend that, following the court's order, Hungarian Kosher failed to appear for its properly noticed deposition on two occasions, each time without providing any advance notice to defense counsel. In Defendants' motion for sanctions, defense counsel also details his numerous unsuccessful attempts to confer and coordinate with Hungarian Kosher's counsel about discovery matters by phone and email.

Defendants now ask the court to sanction Hungarian Kosher by dismissing this action. When a party designated under Rule 30(b)(6) fails to appear for a deposition, or when a party fails to comply with a discovery order, the court may impose any sanctions listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(d)(1)(A)(I), (d)(3). Rule 37(b)(2)(A)(v) allows the court to dismiss the action. In order to dismiss a case as a sanction for discovery misconduct "the court must find that the party against whom sanctions are imposed displayed willfulness, bad faith or fault." *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001); *Patterson by Patterson v. Coca-Cola Bottling Co. Cairo-Sikeston, Inc.*, 852 F.2d 280, 285 (7th Cir. 1988) ("Despite the harshness of the sanctions . . . , federal [appellate] courts have consistently affirmed [dismissals] in the absence of a good excuse for the dilatory conduct."). A "district court is not required to fire a warning shot" before dismissing a case as a sanction for a pattern of delay. *Hal Commodity Cycles Mgmt. v. Kirsh*, 825 F.2d 1136, 1139 (7th Cir. 1987).

Hungarian Kosher's response concedes that Hungarian Kosher failed to appear at the two noticed depositions

## STATEMENT

and that its failure to appear was improper. Hungarian Kosher's counsel represents that work on this case is divided between two firms, which apparently are not communicating with one another (even as to the preparation of the response to this motion). The attorney filing the response states that he was unaware that the depositions had been scheduled and missed until the motion for sanctions was filed, and that he cannot explain why Hungarian Kosher failed to appear at the depositions, because the other firm is in charge of discovery matters.

Rather than offering any justification for its failure to comply with the court's order, Hungarian Kosher's response argues that dismissal is a harsh sanction and is inappropriate here for several reasons. First, Hungarian Kosher contends that Defendants' counsel never followed up after noticing the depositions to confirm that the date and time was agreeable. And since the filing of the motion for sanctions, Defendants have declined to accept dates suggested by Hungarian Kosher because they prefer to wait until this motion is resolved. Finally, Hungarian Kosher argues that sanctions would be unjust because Defendants have not shown that they were harmed beyond the cost of paying court reporters to attend the deposition, and that the delay caused by Hungarian Kosher's conduct was minor.

The court concludes that Hungarian Kosher's conduct in failing to comply with its basic discovery responsibilities is egregious and unexplained. These actions display "willfulness, bad faith, or fault." *In re Golant*, 239 F.3d at 936. Moreover, since the filing of the motion for sanctions, Hungarian Kosher has missed yet another deadline set by this court: it has failed to file the motion for class certification due June 1, 2013. Hungarian Kosher has not requested an extension of the discovery cut-off or of the date to file the class certification motion. The court therefore dismisses the case with prejudice pursuant to Rule 37(b)(2)(A)(v).

Defendants also ask the court to award them fees and costs. Rule 37(b)(2)(C) provides that, when a party prevails on a motion for sanctions, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Hungarian Kosher does not respond to the demand for fees and costs, and the court agrees that they are necessary in this case. Defendants may submit a fee petition detailing the costs and fees incurred as a result of their attempts to schedule the deposition, preparation for the deposition, attendance at the deposition, and hiring of court reporters, as well as the costs incurred by bringing this motion. The court will order the firm responsible for conducting discovery on behalf of Hungarian Kosher, Anderson & Wanca, to pay Defendants' reasonable fees and costs.

# EXHIBIT S



**YES ✔ NO**

**EXHIBITS**

**CASE NO.** 2021 CH 748

**DATE:** 2/16/2021

**CASE TYPE:** Injunction

**PAGE COUNT:** 12

**CASE NOTE**

_____

_____

_____

Hearing Date: 6/17/2021 10:00 AM - 10:00 AM
Courtroom Number: 2601
Location: District 1 Court
        Cook County, IL

FILED
2/16/2021 2:40 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

FILED DATE: 2/16/2021 2:40 PM    2021CH00748

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| BOCK LAW FIRM, LLC d/b/a Bock Hatch & Oppenheim, LLC and DAVID M. OPPENHEIM, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2021CH00748 |
| v. | ) ) | JURY TRIAL DEMANDED |
| ROSS M. GOOD and BRIAN J. WANCA, J.D., P.C. d/b/a Anderson + Wanca Attorneys at Law, | ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiffs Bock Law Firm, LLC d/b/a Bock Hatch & Oppenheim, LLC ("BLF") and David M. Oppenheim ("Oppenheim"), for their Complaint against Defendants Ross M. Good ("Good") and Brian J. Wanca, J.D., P.C. d/b/a Anderson + Wanca Attorneys at Law ("A+W"), state as follows:

### INTRODUCTION

1.     Plaintiffs and Defendants are competing class action lawyers and law firms. In this case, Plaintiffs seek relief from Defendants' surreptitious and unlawful recording of at least one (and perhaps others) private and confidential telephone conference. In recording that conference, with its participants geographically dispersed in Illinois, Florida, and California, Defendants violated the laws of all three states. Illinois, Florida, and California are "two-party consent" states, each with its own statute expressly forbidding the recording of private telephone conversation without the consent of all parties and providing civil remedies and criminal penalties for violation. In response to Defendants' wrongful conduct, Plaintiffs seek injunctive relief, damages, and their reasonable attorneys' fees and costs.

FILED DATE: 2/16/2021 2:40 PM    2021CH00748

**THE PARTIES**

2.      Plaintiff BLF is an Illinois limited liability company and law firm with an office in Chicago, Illinois.

3.      Plaintiff Oppenheim is a resident of the state of Illinois and an attorney licensed to practice law in the state of Illinois. Oppenheim is an attorney employed by BLF.

4.      Defendant A+W is an Illinois professional corporation and law firm with an office in Rolling Meadows, Illinois.

5.      Defendant Good is a resident of Cook County, Illinois and an attorney licensed to practice law in the state of Illinois. At all relevant times, Good was employed as an attorney by A+W and operated as an agent of A+W.

**VENUE**

6.      Venue is proper in Cook County under Section 2-101 of the Illinois Code of Civil Procedure because Defendants reside in Cook County or because a portion of the transaction out of which the Complaint arises occurred in Cook County.

**FACTS COMMON TO ALL COUNTS**

7.      BLF's law practice concentrates on litigating class actions in Illinois and elsewhere throughout the United States on behalf of consumers, employees, and small businesses. During its existence, BLF has obtained class certification and been appointed as class counsel in dozens of cases.

8.      A+W likewise focuses its law practice on the litigation of class actions.

9.      BLF and A+W are competitors, representing or seeking to represent classes in various lawsuits, subject to court appointment and approval.

10.     Both firms regularly pursue class actions alleging violations of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

2

FILED DATE: 2/16/2021 2:40 PM    2021CH00748

11.     In or about September 2017, A+W filed a TCPA class action against Smith Medical Partners, LLC and H. D. Smith, LLC (collectively, "Smith") on behalf of Dr. Steven Arkin and a proposed class of others in the United States District Court for the Middle District of Florida, styled *Arkin v. Smith*, 8:17-cv-02233-CEH-AEP ("*Arkin I*").

12.     A+W and Smith agreed to the terms of a proposed class settlement in that matter in or about August 2018. As part of their settlement, A+W agreed to dismiss *Arkin I* (which was pending in Florida federal court) without prejudice and refile the case in Illinois state court to seek settlement approval under Illinois law. Thereafter, A+W dismissed *Arkin I* and filed a new class action complaint in the Circuit Court of Lake County, Illinois, styled *Arkin v. Smith*, No. 18-CH-984 ("*Arkin II*").

13.     On January 25, 2019, the *Arkin II* court granted preliminary approval of the proposed class settlement, scheduled a final approval hearing, and required that the parties notify the absent class members about the proposed settlement, their opportunity to submit claims, to object to the settlement, or to request exclusion from the case.

14.     On March 25, 2019, BLF filed an objection on behalf of class members who received notice that their claims would be released if the *Arkin II* settlement were approved.

15.     On or about April 3, 2019, Defendant Good initiated a telephone conference between himself and attorneys from BLF concerning their objection to the *Arkin II* settlement.

16.     Defendant Good's stated purpose for this call was to discuss the "logistics" of deposing the individual objectors BLF represented in *Arkin II* and to discuss a possible mediation of their objection (the "April 3 Telephone Call").

17.     Defendant Good provided the BLF attorneys with a dial-in phone number and access code through RingCentral for their use in participating in the April 3 Telephone Call.

FILED DATE: 2/16/2021 2:40 PM    2021CH00748

18.     The participants in the April 3 Telephone Call were Defendant Good, Plaintiff Oppenheim, BLF attorney Jonathan Piper, and then-BLF attorney Daniel Cohen.

19.     During the April 3 Telephone Call, Defendant Good said he was in California attending to one of A+W's other class action lawsuits.

20.     Plaintiff Oppenheim and Cohen used Oppenheim's cellular phone as a speakerphone in a private conference room in Miami, Florida, where they were participating in the mediation of another BLF class action lawsuit. BLF attorney Molly Stemper was in the room with Oppenheim and Cohen for some or all of the call but did not participate in it. BLF's managing attorney, Phillip A. Bock, came into the conference room during the April 3 Telephone Call and could hear the parties speaking but did not participate in the call. No other person was in the room and no person outside the room could hear the conversation.

21.     Piper was in his office at BLF's offices in Chicago, Illinois during the April 3 Telephone Call.

22.     Plaintiffs understood and considered the April 3 Telephone Call to be a private conversation between A+W and BLF.

23.     On April 23, 2019, Arkin (by A+W) and Smith filed a joint motion to reschedule the final approval hearing so A+W and Smith could discuss potential changes to the proposed settlement, in response to BLF's objection.

24.     On or about May 13, 2019, Smith canceled the proposed settlement in *Arkin II*.

25.     On July 15, 2019, A+W voluntarily dismissed *Arkin II*, and the court file was closed.

26.     On or about July 21, 2020, Plaintiffs learned for the first time that Defendant Good had recorded the April 3 Telephone Call.

FILED DATE: 2/16/2021 2:40 PM    2021CH00748

27.     Plaintiffs also learned that Defendant Good provided his recording to a court reporting service, which prepared a transcript of the surreptitiously recorded phone call.

28.     On information and belief, Defendant Good used A+W's RingCentral account to record the conversation and A+W paid for the preparation of the transcript.

29.     On information and belief, Defendant A+W, by its sole owner and principal Brian Wanca, had knowledge of and authorized Defendant Good, in connection with his employment with A+W, to record the April 3 Telephone Call and to have a transcription service prepare a transcript of the phone conversation.

30.     In addition, Defendants have sought to use their mischaracterization of information taken from the April 3 Telephone Call and transcript in various proceedings in Illinois and Florida.

31.     No participant in the call said anything untoward or improper, but at no time did Defendant Good or A+W request the consent of any of the participants, including Plaintiffs, to record the April 3 Telephone Call (or otherwise inform them that the conversation was being recorded).

32.     Plaintiffs were appalled at Defendants' illegal conduct, having never encountered any opposing counsel who secretly recorded their telephone conversation or had it transcribed.

33.     BLF attorneys have had one or more calls with Defendant Good since the April 3 Telephone Call and are without knowledge whether Defendant Good also recorded those calls without consent of the other participants.

34.     As specifically alleged below, Illinois, Florida, and California are two-party consent states, meaning that nobody may record a private telephone conversation without the consent of each participant in the conversation.

35.     Plaintiffs seek various relief to rectify the harm caused by Defendants' unlawful recording and to prevent these illegal actions from reoccurring, including an order requiring Defendants to identify and surrender all recordings, transcripts of recordings, and correspondence containing any content of any recorded conversations and enjoining Defendants from future violations of state eavesdropping statutes.

## COUNT I
## (Violation of the Illinois Eavesdropping Act)

36.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 34 as if restated fully herein.

37.     Section 14-2(a)(2) of the Illinois Eavesdropping Act (the "Illinois Act") provides, in relevant part, that wrongful eavesdropping occurs when a person knowingly and intentionally "[u]ses an eavesdropping device, in a surreptitious manner, for the purpose of overhearing, transmitting, or recording all or any part of any private conversation to which he or she is a party unless he or she does so with the consent of all other parties to the private conversation." 720 ILCS 5/14-2(a)(2).

38.     The April 3 Telephone Call constituted a private conversation as defined by the Illinois Act. It was an oral communication between the parties, and Plaintiffs "intended the communication to be of a private nature under circumstances reasonably justifying that expectation." 720 ILCS 5/14-1(d).

39.     On information and belief, Defendant Good used A+W's RingCentral account or other electronic device to record the April 3 Telephone Call.

40.     Defendant Good did not obtain the consent of the other parties to record their April 3 Telephone Call.

FILED DATE: 2/16/2021 2:40 PM   2021CH00748

FILED DATE: 2/16/2021 2:40 PM    2021CH00748

41.     On information and belief, Defendant A+W, by its sole owner and principal Brian Wanca, had knowledge of and authorized Defendant Good, in connection with his employment with A+W, to record the April 3 Telephone Call and to have a transcription service prepare a written transcript of the phone call.

42.     In addition, Defendants have sought to use their mischaracterization of information taken from the April 3 Telephone Call and transcript in various proceedings in Illinois and Florida.

43.     Plaintiffs have been damaged as a result of Defendants' violation of the Illinois Act.

44.     Section 14-6 of the Illinois Act provides Plaintiffs with civil remedies, including the right to an injunction, arising from Defendants' violation of the Illinois Act. 720 ILCS 5/14-6.

45.     Defendants' violation of the Illinois Act was done knowingly and intentionally with a deliberate intention to harm Plaintiffs or with reckless disregard for Plaintiffs' rights.

**WHEREFORE**, Plaintiffs Bock Law Firm, LLC and David M. Oppenheim respectfully request that the Court enter judgment in their favor and against Defendants Ross M. Good and Brian J. Wanca, J.D., P.C. as follows:

a.     Finding that Defendants violated 720 ILCS 5/14-2(a)(2);

b.     Enjoining Defendants, and any person or entity acting in concert with them, from further violation of the Illinois Eavesdropping Act in connection with their communications with Plaintiffs or any person or entity acting on their behalf;

c.     Requiring Defendants to identify and turn over to Plaintiffs any and all recordings (including copies, transcripts, notes, and communications) of the April 3 Telephone Call and any other telephone call in which any of the Plaintiffs was a party;

d.     Awarding damages in an amount to be determined at trial;

e.     Awarding punitive damages in an amount to be determined at trial; and

FILED DATE: 2/16/2021 2:40 PM    2021CH00748

     f.     Awarding Plaintiffs their reasonable costs and any further and other relief the Court deems appropriate.

**COUNT II**
**(Violation of California Penal Code Section 632, et seq.)**

46.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 34 as if restated fully herein.

47.     Under the California Invasion of Privacy Act (the "California Act"), it is illegal for "[a] person who, intentionally and without the consent of all parties to a confidential communication, uses an electronic amplifying or recording device to eavesdrop upon or record the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio." Cal. Penal Code § 632(a).

48.     Section 632(c) of the California Act provides that a "'confidential communication' means any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes a communication made in a public gathering or in any legislative, judicial, executive, or administrative proceeding open to the public, or in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded." Cal. Penal Code § 632(c).

49.     Pursuant to Section 637.2 of the California Act, a person who has been injured as a result of violation of Section 632(a) may bring a civil action against the person who committed the violation. Cal. Penal Code § 637.2.

50.     The April 3 Telephone Call constituted a confidential conversation as defined by the California Act.

FILED DATE: 2/16/2021 2:40 PM    2021CH00748

51.    Defendant Good violated Section 632(a) by using the RingCentral recording feature or other electronic device to record the April 3 Telephone Call without the consent of any of the other parties to that conversation.

52.    During the April 3 Telephone Call, Defendant Good said he was in California on A+W business.

53.    At all relevant times, Defendant Good was acting in the course and scope of his employment with A+W.

54.    On information and belief, Defendant A+W, by its sole owner and principal Brian Wanca, had knowledge of and authorized Defendant Good, in connection with his employment with A+W, to record the April 3 Telephone Call and to have a transcription service prepare a transcript of the phone call.

55.    In addition, Defendants have sought to use their mischaracterization of information taken from the April 3 Telephone Call and transcript in various proceedings in Illinois and Florida.

**WHEREFORE**, Plaintiffs Bock Law Firm, LLC and David M. Oppenheim respectfully request that the Court enter judgment in their favor and against Defendants Ross M. Good and Brian J. Wanca, J.D., P.C. as follows:

a.    Finding that Defendants violated California Penal Code Section 632;

b.    Enjoining Defendants, and any person or entity acting in concert with them, from further violating California Penal Code Section 632 in connection with their communications with Plaintiffs or any person or entity acting on their behalf;

c.    Requiring Defendants to identify and turn over to Plaintiffs any and all recordings (including copies, transcripts, notes, and communications) of the April 3 Telephone Call and any other telephone call in which any of the Plaintiffs was a party;

FILED DATE: 2/16/2021 2:40 PM    2021CH00748

    d.      Awarding damages in an amount to be determined at trial; and

    e.      Awarding Plaintiffs their reasonable costs and any further and other relief the Court deems appropriate.

## COUNT III
### (Violation of Florida St. § 934.03, et seq.)

56.    Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 34 as if restated fully herein.

57.    Under Florida law, it is a crime to record a "wire, oral, or electronic communication" unless all parties to the communication consent. Fla. Stat. § 934.03.

58.    Florida law further prohibits the use or disclosure of a recorded oral communication if the individual using or disclosing the recording knew or had reason to know that the recording was unlawful. Fla. Stat. § 934.03(1)(c)-(d).

59.    An "oral communication" is "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation and does not mean any public oral communication uttered at a public meeting or any electronic communication." Fla. Stat. § 934.02(2).

60.    Section 934.10 provides civil remedies for any person whose oral communication was unlawfully recorded. Fla. Stat. § 934.10.

61.    At the time of the April 3 Telephone Call, Plaintiff Oppenheim was in Florida on BLF business.

62.    The April 3 Telephone Call constituted an "oral communication" under Section 934.02(2).

FILED DATE: 2/16/2021 2:40 PM    2021CH00748

63.     Defendant Good violated Section 934.03(a) by using the RingCentral recording feature or other electronic device to record the April 3 Telephone Call without the consent of any of the other parties to that conversation.

64.     At all relevant times, Defendant Good was acting in the course and scope of his employment with A+W.

65.     On information and belief, Defendant A+W, by its sole owner and principal Brian Wanca, had knowledge of and authorized Defendant Good, in connection with his employment with A+W, to record the April 3 Telephone Call and to have a transcription service prepare a transcript of the phone call.

66.     In addition, Defendants have sought to use their mischaracterization of information taken from the April 3 Telephone Call and transcript in various proceedings in Illinois and Florida.

67.     Defendants' violation of Section 943.03 was done knowingly and intentionally with a deliberate intention to harm Plaintiffs or with reckless disregard for Plaintiffs' rights.

**WHEREFORE**, Plaintiffs Bock Law Firm, LLC and David M. Oppenheim respectfully request that the Court enter judgment in their favor and against Defendants Ross M. Good and Brian J. Wanca, J.D., P.C. as follows:

a.     Finding that Defendants violated Florida Statute § 934.03;

b.     Enjoining Defendants, and any person or entity acting in concert with them, from further violating Florida Statute § 934.03 in connection with their communications with Plaintiffs or any person or entity acting on their behalf;

c.     Requiring Defendants to identify and turn over to Plaintiffs any and all recordings (including copies, transcripts, notes, and communications) of the April 3 Telephone Call and any other telephone call in which any of the Plaintiffs was a party;

FILED DATE: 2/16/2021 2:40 PM   2021CH00748

    d.      Awarding damages in an amount to be determined at trial;

    e.      Awarding punitive damages in an amount to be determined by trial; and

    f.      Awarding plaintiffs their reasonable attorney fees and costs, as provided for by Florida Statute § 934.10(1)(d), and any further and other relief the Court deems appropriate.

## JURY DEMAND

Pursuant to section 2-1105 of the Illinois Code of Civil Procedure, Plaintiffs hereby assert their right to request a trial by jury on all issues so triable.

Dated: February 16, 2021               Respectfully submitted,

                           **BOCK LAW FIRM, LLC AND**
                           **DAVID M. OPPENHEIM**

                           By: /s/ Robert A. Chapman
                                      One of their Attorneys

Robert A. Chapman
Shannon T. Knight
**CHAPMAN SPINGOLA, LLP**
190 South LaSalle Street, Suite 3850
Chicago, Illinois 60603
(312) 606-8752 (Telephone)
(312) 630-9233 (Facsimile)
rchapman@chapmanspingola.com
sknight@chapmanspingola.com
wdickmann@chapmanspingola.com
Firm ID No. 29411

*Counsel for Plaintiffs*