## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| CAREER COUNSELING, INC. d/b/a SNELLING STAFFING SERVICES, individually and as the representative of a class of similarly-situated persons, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 3:16-cv-03013-JMC |
| AMERIFACTORS FINANCIAL GROUP, LLC, and JOHN DOES 1–5, | § § § § | |
| Defendants. | § | |

## DECLARATION OF LISA LIKELY

1.      My name is Lisa Likely.  I am a Director for AT&T Corp. and its affiliates (collectively, "AT&T").  I have been employed by AT&T since June 20, 1994.

2.      I am over 18 years of age and am fully competent in all respects to make this Declaration.  I have personal knowledge of the facts stated herein, or they are known to me in my capacity as Director for AT&T, and each of them is true and correct.

3.      AT&T provides telecommunications services to consumers throughout the country.

4.      Plaintiff Career Counseling, Inc. ("Plaintiff") served a subpoena on AT&T dated September 16, 2020, with a response date of October 7, 2020

("Plaintiff's Subpoena"). A true and correct copy of Plaintiff's Subpoena is attached hereto as <u>Exhibit A</u>.

5.     Plaintiff's Subpoena included a hyperlink to a password-protected zipped folder containing a .csv list of 12,874 telephone numbers purportedly belonging to AT&T subscribers.

6.     Plaintiff's Subpoena commanded AT&T to produce documents, electronically stored information, or objects relating to two "Topics": (1) "For each telephone number on the list for the date listed, identify whether or not you provided online fax service to the subscriber of that telephone number;" and (2) "For each telephone number on the attached list for the date listed, provide the name and address of the subscriber."

7.     Although Plaintiff's Subpoena did not provide the relevant date for the Topics, the hyperlinked .csv list indicates that the relevant date was June 28, 2016.

8.     Defendant AmeriFactors Financial Group, LLC ("Defendant") served a subpoena for a corporate representative deposition on AT&T ("Defendant's Subpoena"). A true and correct copy of Defendant's Subpoena is attached hereto as <u>Exhibit B</u>.

9.     On April 30, 2021, AT&T received notice that the Court in this matter had issued an Order authorizing third-party subpoena respondents to disclose information requested by the topics of Plaintiff's Subpoena.

10.     On May 13, 2021, counsel for AT&T conferred with counsel for Plaintiff and Defendant regarding their respective subpoenas.

11.     Plaintiff's counsel agreed to accept a declaration identifying the telephone numbers among the 12,874 numbers in the .csv list that subscribed to AT&T's online fax service, known as AT&T Online Fax or eFax.  Plaintiff's counsel also agreed that AT&T would not produce any information in response to Topic 2 at this time.

12.     Defendant's counsel agreed to accept a declaration in lieu of the noticed deposition.

13.     With respect to Topic 1, AT&T provided online fax service to 37 of the 12,874 telephone numbers in the .csv list hyperlinked in Plaintiff's Subpoena.  A list of the numbers to which AT&T provided online fax service is attached hereto as Exhibit C.

14.     AT&T does not have a mechanism to determine if any of the subscribers whose telephone numbers are among the 12,874 numbers procured online fax service from a third party and/or was using a stand-alone fax machine or any other technology to receive faxes.

15.     Further, AT&T can only identify if a telephone number was assigned to an AT&T account.  AT&T cannot confirm whether a subscriber received or sent a fax or used a fax machine or online fax service to receive or send faxes electronically.

16.     With respect to Topic 2, Plaintiff's Subpoena is seeking historical subscriber information that is nearly five years old concerning 12,874 individuals. Responding to Topic 2 would require significant research and expense on AT&T's

part and create an undue burden in identifying the subscribers associated with each telephone number, preparing and transmitting correspondence notifying the subscribers of Plaintiff's Subpoena seeking their identity, and giving the subscribers the opportunity to object to disclosure of their identifying information. This process will take approximately 60 hours in total. Additionally, some of the information sought is also protected by state privacy laws, which prohibit AT&T from providing the information without written consent from the subscriber and/or a court order.

17.     Given the volume of other subpoenas to which AT&T is currently responding, which receive priority because they relate to law enforcement and other emergency efforts, this would constitute an undue burden and the expense would approach a cost of $4,200.

UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DECLARATION AND THAT THE FACTS STATED IN IT ARE TRUE TO THE BEST OF MY KNOWLEDGE.

Executed on this 11ᵗʰ day of June, 2021 in Palm Beach Cnty Florida.

Lisa Likely



SHARON DALY
Notary Public - State of Florida
Commission # HH 030728
My Comm. Expires Aug 17, 2024
Bonded through National Notary Assn.

# Exhibit A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of South Carolina

| | | |
|---|---|---|
| CAREER COUNSELING, INC. | ) | |
| *Plaintiff* | ) | Civil Action No.   3:16-cv-3013-JMC |
| v. | ) | |
| AMERIFACTORS FINANCIAL GROUP, LLC | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      AT&T Subpoena Compliance Center 208 S. Akard St., 10th Floor M Dallas TX 75202-4206

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE ATTACHED RIDER TO SUBPOENA.

| Place: McGowan, Hood & Felder, LLC c/o John Felder | Date and Time: |
|---|---|
| 1517 Hampton Street | |
| Columbia, SC 29201 | 10/07/2020 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/16/2020

*CLERK OF COURT*

                                                  OR

_____                    /s/ John G. Felder Jr.
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     PLAINTIFF
                    CAREER COUNSELING, INC.                     , who issues or requests this subpoena, are:

John G. Felder, McGowan, Hood & Felder, LLC, 1517 Hampton Street, Columbia, SC 29201; Phone: 803-779-0100

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**CAREER COUNSELING, INC. d/b/a SNELLING STAFFING SERVICES v. AMERIFACTORS**
**FINANCIAL GROUP, LLC**
**USDC – DISTRICT OF SOUTH CAROLINA – Case No. 3:16-cv-03013-JMC**

### RIDER TO SUBPOENA

**DEFINITIONS:**

1. "Online fax service" refers to "'a cloud-based service consisting of a fax server or similar device that is used to send or receive documents, images and/or electronic files in digital format over telecommunications facilities' that allows users to 'access "faxes" the same way that they do email: by logging into a server over the Internet or by receiving a pdf attachment [as] an email.'"

2. "You" refers to subpoena respondent.

**TOPICS:**

1. For each telephone number on the list for the date listed, identify whether or not you provided online fax service to the subscriber of that telephone number.

2. For each telephone number on the attached list for the date listed, provide the name and address of the subscriber.

**INSTRUCTIONS:**

Please use the following link to securely access the list of telephone numbers:  https://▮▮▮▮▮▮▮
Download the zipped .csv folder and double-click to open the folder. Select the file to open it, and when prompted, enter the following password *(case-sensitive)*: wenfinmis

Responsive data should be emailed in native format (.xlsx, .xls, or .csv is preferable) if possible to 16cv03013@andersonwanca.com.

To be emailed a copy of the list of telephone numbers, send your request to rgood@andersonwanca.com Be sure to reference Amerifactors Subpoena in your message, and list your organization's name, your name, the address to which the subpoena was sent, and your position within the organization.

Questions should be directed to Ross Good at rgood@andersonwanca.com or 847-350-9861.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:16-cv-3013-JMC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

   ❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

   ❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit B

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of South Carolina

| | |
|---|---|
| CAREER COUNSELING, INC. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   3:16-cv-3013-JMC |
| AMERIFACTORS FINANCIAL GROUP, LLC | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:       AT&T Subpoena Compliance Center 208 S. Akard St., 10th Floor M Dallas TX 75202-4206

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: Subscribers' use of phone lines for the phone numbers identified in the subpoena served on you by Plaintiff in this action; Your response, if any, to Plaintiff's subpoena served on you in this action.

| Place:  Veritext, 600 North Pearl Street, Suite 2230, Dallas, TX 72501 or Remote over Zoom | Date and Time: 05/10/2021 9:00 am |
|---|---|

The deposition will be recorded by this method:    Stenographic and audio/visual means

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Any documents relevant to the testimony requested

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/28/2021

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Whitney Smith |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   DEFENDANT
AMERIFACTORS FINANCIAL GROUP, LLC
, who issues or requests this subpoena, are:

Whitney Smith, Kelley Drye & Warren LLP, One Jefferson Road, 2d Floor, Parsippany, NJ 07054; Phone (973) 503-5900

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  3:16-cv-3013-JMC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit C

PhoneNumber

